RICHARD M. WILLIAMS (SBN 68032)
GREGORY M. GENTILE (SBN 142424)
J. MARK THACKER (SBN 157182)
ROPERS, MAJESKI, KOHN & BENTLEY
80 North First Street
San Jose, CA 95113
Telephone: (408) 287-6262
Facsimile: (408) 918-4501

Attorneys for Defendant
GLOBAL EQUITY LENDING INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES A. ARREGUIN, for herself and other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL EQUITY LENDING, INC., a Georgia Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendant. | CASE NO. C 07 6026 MHP<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE, F.R.C.P., RULE 12(b)(3); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SANDRA CROTEAU**<br><br>Date: March 3, 2008<br>Time: 2:00 p.m.<br>Courtroom: 15, 18th Floor<br>Judge: Hon. Marilyn Hall Patel<br><br>Complaint filed: November 29, 2007 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 3, 2008, at the hour of 2:00 p.m., in Courtroom 15 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, the Honorable Marilyn Hall Patel, presiding, defendant GLOBAL EQUITY LENDING, INC., ("GLOBAL") will move to dismiss the Complaint herein on the grounds that Plaintiff has filed this action in violation of the forum-selection clause in the Agreement which governs the relationship between Plaintiff and Defendant GLOBAL. The forum-selection clause provides that venue "shall" be in Cobb County or Gwinnett County Superior Court in Georgia. These contract clauses are valid and enforceable.

RC1/5056722.1/DB
NOTICE OF MOTION TO DISMISS FOR IMPROPER
VENUE

CASE NO. C 07 6026 MHP

Said motion will be based on the attached Memorandum of Points and Authorities in Support of Motion to Dismiss, the Declaration of Sandra Croteau, and such other papers and pleadings as may be on file in this action.

Dated: January 17, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
J. MARK THACKER
Attorneys for Defendant
GLOBAL EQUITY LENDING INC.

| | |
|---|---|
| 1 | RICHARD M. WILLIAMS (SBN 68032) |
|   | GREGORY M. GENTILE (SBN 142424) |
| 2 | J. MARK THACKER (SBN 157182) |
|   | ROPERS, MAJESKI, KOHN & BENTLEY |
| 3 | 80 North First Street |
|   | San Jose, CA 95113 |
| 4 | Telephone: (408) 287-6262 |
|   | Facsimile: (408) 918-4501 |
| 5 | |
| 6 | Attorneys for Defendant |
|   | GLOBAL EQUITY LENDING INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES A. ARREGUIN, for herself and other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL EQUITY LENDING, INC., a Georgia Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendant. | CASE NO. C 07 6026 MHP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, F.R.C.P., RULE 12(b)(3)**<br><br>Date: March 3, 2008<br>Time: 2:00 p.m.<br>Courtroom: 15, 18th Floor<br>Judge: Hon. Marilyn Hall Patel<br><br>Complaint filed: November 29, 2007 |

## I

## INTRODUCTION

Plaintiff has filed an action in this Court seeking to enforce her rights, and those of a proposed class, arising from their employment relationship with defendant GLOBAL EQUITY LENDING, INC. (hereinafter referred to as "GLOBAL"). Plaintiff's relationship with GLOBAL is governed by an agreement ("Agreement") which includes a forum-selection provision. In essence, the Agreement provides that venue **shall** be in Cobb County or Gwinnett County Superior Court, Georgia. This provision is valid and enforceable, and therefore, GLOBAL moves

pursuant to Federal Rule of Civil Procedure, Rule 12(b)(3) to dismiss this action.[1]

II

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's complaint alleges that she was employed by GLOBAL from approximately July, 2002 to June 10, 2007. [Complaint, ¶ 7.] Plaintiff further alleges that GLOBAL is in the business of providing loans to the general public. [*Id.*] Additionally, Plaintiff alleges that she was employed by GLOBAL during the relevant time frame as a Senior Associate, Regional Marketing Director and Senior Marketing Director. [Complaint, ¶3.]

According to the complaint, Plaintiff's proposed class includes "any outside sales agent of Defendant GLOBAL in the State of California within the four years preceding the filing of this Complaint who were paid on a commission-only basis and incurred mileage in the course and scope of employment by using their personal automobiles and were not reimbursed for the actual automobile expenses, up to and including the time that the action is certified as a class action." [Complaint, ¶ 10.]

A copy of the Agreement is attached as Exhibit "A" to the Declaration of Sandra Croteau, submitted in support of this motion. [Declaration of Sandra Croteau, ¶¶ 10-21, 24-26, Exhibit "A".] The Agreement includes a forum-selection clause designating proper venue for an action such as this to be in Cobb County or Gwinnett County Superior Court, Georgia. [Declaration of Sandra Croteau, ¶ 15, Exhibit "A", ¶ 11.]

Plaintiff's complaint seeks damages and injunctive relief claiming that Defendant GLOBAL had a duty and was obligated to reimburse Plaintiff and the proposed class members, for the actual expenses incurred in their use of personal automobiles in the course and scope of their employment with GLOBAL. Defendant GLOBAL denies these allegations and asserts that its duties and obligations to its employees such as Plaintiff and the proposed class members are governed by the terms and provisions of the Agreement.

---

[1] Alternatively, and in order to avoid any potential argument by Plaintiffs that Defendant has waived its rights with respect to arbitration, Defendant is also moving this Court by separate motion to enforce the arbitration provision also included in the agreement at issue in this action.

RC1/5056693.1/DB
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
- 2 -
CASE NO. C 07 6026 MHP

## III

## LEGAL ARGUMENT

### A. IN DIVERSITY CASES, THE INTERPRETATION AND ENFORCEMENT OF FORUM-SELECTION CLAUSES ARE GOVERNED BY FEDERAL LAW.

Jurisdiction in this matter is based on diversity. [Complaint, ¶ 1.] Therefore, federal law governs the interpretation and enforcement of the forum-selection clauses contained in the Agreement. [*Manetti-Farrow, Inc. v. Gucci America, Inc.* (9th Cir. 1988) 858 F. 2nd 509, 513; *Jones v. Weibrecht* (2nd Cir. 1990) 901 F. 2nd 17, 19.]

### B. A MOTION TO DISMISS UNDER F.R.C.P. RULE 12 (b)(3) IS THE PROPER METHOD TO SEEK JUDICIAL ENFORCEMENT OF A FORUM-SELECTION CLAUSE.

In the Ninth Circuit, a motion to dismiss for improper venue pursuant to F.R.C.P. Rule 12(b)(3) is the appropriate means to seek judicial enforcement of a forum-selection clause. [*Argueta v. Banco Mexicano S.A.* (9th Cir. 1996) 87 F. 3rd 320, 324.]

### C. PLAINTIFF'S CLAIMS ARE SUBJECT TO THE FORUM-SELECTION CLAUSE.

The forum-selection clause provides that the "enforcement of this agreement shall be governed by the laws of Georgia and venue shall be in Cobb County or Gwinnett County Superior Court; State of California.

Such provisions are broadly interpreted. For example, in *Olinick v. BMG Entertainment* (2006) 138 Cal.App.4th 1286, 1296-1301, the plaintiff's age discrimination and wrongful termination claims were held to be subject to a similarly-worded provision.[2] The *Olinick* court rejected the plaintiff's arguments that the provision did not apply to his age discrimination and wrongful termination claims since such claims were not contractual disputes. The *Olinick* court held that the provision "encompasses all causes of action arising from or related to [the] [A]greement, regardless of how they are characterized, including tortuous breaches of duty

---

[2] The provision at issue in *Olinick* stated as follows: "This agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York, without regard to conflicts of laws. The parties agree to the exclusive jurisdiction and venue of the Supreme Court of the State of New York for New York County and/or the United States District Court for the Southern District of New York for the resolution of all disputes arising under this Agreement." [*Id.* at 1291.]

RC1/5056693.1/DB
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS — 3 — CASE NO. C 07 6026 MHP

emanating from the agreement or the legal relationships it creates." [*Id.* at 1299, (quoting *Nedlloyd Lines B.V. v. Superior Court* (1992) 3 Cal.4th 459, 470).] The court further reasoned that the provisions applied to the plaintiff's claims since the legal relationship between the parties emanated from the agreement. [*Id.*]

Similarly, in our case, the legal relationship between Plaintiff and GLOBAL emanated from the Agreement. As a direct consequence of that relationship, Plaintiff claims that she is entitled to compensation for expenses she incurred in the course and scope of her alleged employment with GLOBAL. During the course of this litigation, GLOBAL will contend that the duties and obligations at issue are governed by the terms and provisions of the Agreement. Therefore, Plaintiff's claims are subject to the forum-selection clause.

### D. FORUM-SELECTION CLAUSES ARE PRESUMED VALID, AND THEIR ENFORCEMENT IS FAVORED.

Under federal law, forum-selection clauses are presumed to be valid. Moreover, such clauses will be enforced by courts unless to do so clearly would be "unreasonable and unjust, or the clause was invalid for such reasons as fraud or overreaching." [*M/S Bremen v. Zapata Off-Shore Co.* (1972) 407 U.S. 1, 15; *Manetti-Farrow, Inc. v. Gucci America, Inc. supra*, 858 F. 2nd at 512.]

The fact that a form contract with a forum-selection clause is presented by a party with superior bargaining power on a "take-it-or-leave-it" basis does not defeat the presumption of validity and will not render the forum-selection clause unenforceable. [*Carnival Cruise Lines, Inc. v. Shute* (1991) 499 U.S. 585, 593-594; *Batchelder v. Kawamoto* (9th Circuit, 1998) 147 F. 3rd 915, 919.]

Even a claim of "serious inconvenience" is not sufficient to overcome the presumption of validity in general. In order for an opposing party to prevail and avoid the enforcement of a valid forum-selection clause, she must meet a "heavy burden of proof" to establish that litigating in the designated forum is so "gravely difficult" and inconvenient that the opposing party for all practical purposes will be deprived of her day in court. [*M/S Bremen v. Zapata Off-Shore Company, supra*, 407 U.S. at 18; *Carnival Cruise Lines, Inc. v. Shute, supra*, 499 U.S. at 594;

1  *Murphy v. Schneider National, Inc.* (9th Circuit 2004) 362 F. 3rd 1133, 1141.] The alleged
2  financial difficulty of litigating in the designated forum, such as travel expenses, is not sufficient
3  grounds to avoid a forum-selection clause. [*P&S Business Machines, Inc. v. Canon USA, Inc.*
4  (11th Circuit 2003) 33 F. 3rd 804, 807; *Bonny v. Society of Lloyd's* (7th Circuit 1993) 3 F. 3rd 156,
5  160, F.N. 11; *Carron v. Holland America Line-Westours, Inc.* (E.D. N.Y. 1999) 51 F. Supp. 2nd
6  322, 326.] For example, the prospect of missing school or work, or the fact that enforcement of a
7  forum-selection clause results in a plaintiff having to litigate in a court located entirely on
8  opposite coasts is not sufficient. As the court in *Carron v. Holland America Line-Westours, Inc.*,
9  *supra*, 51 F. Supp. 2nd at 326, noted:

> While the Court sympathizes with the plight of the plaintiffs facing the prospect of traveling to Washington State from New York, the travel inconvenience to the plaintiffs is not sufficient to prevent transfer to the Western District of Washington. In addition, the possibility that school or work may be missed, and that the plaintiff may have to pay substantial fees for witnesses to travel from New York to Washington State does not demonstrate that the plaintiffs would be deprived of their ability to vigorously prosecute their claims so that they will be deprived of their day in Court. The Court notes the familiar reality of living in this era that coast-to-coast traveling has become common-place in today's high tech, modernized, global world. As we move into the 21st Century, a litigant residing in New York can now litigate thousands of miles away from home. We are now a mobile community both for pleasure and business. In short, modern travel has made the World smaller and travel to the State of Washington to litigate a viable cause of action is not unprecedented or overly burdensome.
>
> Moreover, the flexibility present in the modern Federal Courts will undoubtedly insure that alternatives are available so that the plaintiffs are not prevented from fully and fairly pursuing their claims.

### E. COBB COUNTY OR GWINNETT COUNTY SUPERIOR COURT, GEORGIA, ARE THE EXCLUSIVE FORUMS FOR THIS ACTION.

The applicable agreement provides that "venue shall be in Cobb County or Gwinnett County Superior Court; State of Georgia." [Declaration of Sandra Croteau, ¶ 11, Exhibit "A".] Based on this language, the Superior Courts of either Cobb County or Gwinnett County, Georgia, are the exclusive forums for this action. [*Docksider, Ltd. v. See Technology, Ltd.* (9th Circuit 1989) 875 F. 2nd 762, 764 (interpreting the contract provision "venue of any action

brought hereunder shall be deemed to be in Gloucester County, Virginia" as providing for that forum as the exclusive forum).]

### F. THE FORUM-SELECTION CLAUSES IN THIS CASE ARE VALID AND SHOULD BE ENFORCED.

As noted above, there is a well-established presumption of validity for the forum-selection clauses at issue in this case. There is no evidence of fraud or over-reaching with respect to the execution of these contracts. Additionally, there is no support for a potential claim by Plaintiff of "serious inconvenience."

As discussed above, the potential added expenses and inconvenience which may result from requiring Plaintiff to litigate her claims in the designated courts of Georgia are not sufficient to invalidate the forum-selection clause. [*Carron v. Holland America Line-Westours, Inc., supra*, 51 F. Supp. 2d at 326.]

Moreover, the fact that this case involves employment agreements does not effect and enforceability of the forum-selection clauses. In *Spradlin v. Lear Siegler Management Services Company, Inc.* (9th Cir. 1990) 926 F. 2d 865, the plaintiff entered into an employment contract with his employer that provided that the proper forum for disputes was Saudi Arabia [*Id.* at 866.] As the *Spradlin* court said, "[t]here is nothing in the case law, however, to suggest that a different analysis applies to forum-selection clauses in employment contracts than generally applies to commercial contracts." [*Id.* at 867.] [*See also, Flake v. Medline Industries, Inc.* (E.D. Cal. 1995) 882 F. Supp. 947, 950 (enforcing the forum-selection clause in an employment contract providing that Illinois was the proper forum notwithstanding plaintiff's argument that his discrimination claim was likely barred by his failure to comply with Illinois' requirement that a six-month notice of intended suit be filed. (". . . plaintiff cannot avoid the forum he had contracted to accept simply by failing to adhere to its procedural requirements."); *Hopkinson v. Lotus Development Corporation* (N.D. Cal. 1995) 1995 WL 381888.]

Therefore, the forum-selection clauses at issue in this case are valid and enforceable. Consequently, GLOBAL's motion to dismiss should be granted.

### G. THE RESULT IS THE SAME EVEN IF CALIFORNIA OR GEORGIA LAW IS APPLIED.

Both California and Georgia apply the same standard as federal law for the enforcement of forum-selection clauses.

Under California law, a forum-selection provision will be enforced unless it is unfair or unreasonable. As the court held in *Olinick v. BMG Entertainment* (2006) 138 Cal.App.4th 1286, 1294:

> *[I]f there is a mandatory forum-selection clause, the test is simply whether application of the clause is unfair or unreasonable,* and the clause is usually given effect. [Quoting, *Berg v. MTC Electronics Technologies Co.* (1998) 61 Cal.App.4th 349, 358-359, **emphasis added**.]

Moreover, there is no "public policy" grounds in California to preclude the enforcement of a forum-selection provision such as that in our case. Relying on the *Spradlin, Flake,* and *Hopkinson* decisions discussed above, the *Olinick* court held that enforcement of a forum-selection provision in an employment agreement that required the plaintiff to litigate his age discrimination claim in New York rather than California did not violate California public policy. [*Olinick v. BMG Entertainment, supra*, 138 Cal.App.4th at 1301-1303.] Moreover, Georgia had enacted statutes that protect employees and regulate the employer-employee relationship. [*See,* Official Code of Georgia, Title 34, Chapters 4 and 7.]

Finally, if Georgia law is applied with respect to the interpretation and enforcement of the forum-selection clause, the result would be the same as federal and California law. Georgia courts hold that forum-selection clauses are "*prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." [*Brinson v. Martin* (1996) 220 GA. APP. 638, 639 (469 S.E. 2nd 537, 538-539).]

## IV

## CONCLUSION

Plaintiff has filed this action in violation of the forum-selection clause in the Agreement which governs the relationship between Plaintiff and Defendant GLOBAL. The forum-selection clause provides that venue "shall" be in Cobb County or Gwinnett County Superior Court in

1  Georgia. These contract clauses are valid and enforceable. Therefore, Defendant GLOBAL
2  respectfully requests this Court grant its motion to dismiss this action in its entirety.

4  Dated: January 17, 2008                    ROPERS, MAJESKI, KOHN & BENTLEY

        By: /s/ J. Mark Thacker
        J. MARK THACKER
        Attorneys for Defendant
        GLOBAL EQUITY LENDING INC.