1  RICHARD M. WILLIAMS (SBN 68032)
   GREGORY M. GENTILE (SBN 142424)
2  J. MARK THACKER (SBN 157182)
   ROPERS, MAJESKI, KOHN & BENTLEY
3  80 North First Street
   San Jose, CA  95113
4  Telephone:    (408) 287-6262
   Facsimile:    (408) 918-4501

Attorneys for Defendant
GLOBAL EQUITY LENDING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES A. ARREGUIN, for herself and other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL EQUITY LENDING, INC., a Georgia Corporation and DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO. C-07-6026-MHP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GLOBAL EQUITY LENDING, INC.'S MOTION FOR LEAVE TO FILE A MOTION TO DISMISS**<br><br>[CIVIL LOCAL RULE 7-11; JUDGE PATEL'S STANDING ORDER NO. 4]<br><br>Courtroom: 15, 18th Floor<br>Judge:    Hon. Marilyn Hall Patel<br><br>Complaint filed: November 29, 2007 |

I.

**INTRODUCTION**

In response to Plaintiff's Complaint, defendant GLOBAL EQUITY LENDING, INC. (hereinafter referred to as "GLOBAL") filed a Motion to Dismiss for improper venue based on a forum-selection clause, and alternatively, a Motion to Compel Arbitration. Unfortunately, defendant GLOBAL filed the Motion to Dismiss without first obtaining the leave of court pursuant to this Court's Standing Order No. 4.

Because the parties have contractually agreed to forum other than this Court, GLOBAL's motion to dismiss must be decided first. Only if this Court denies that motion and does not enforce the forum-selection clause would it be appropriate for it to rule on GLOBAL's motion to

1  compel arbitration. Therefore, pursuant to Local Rule 7-11, GLOBAL submits this Motion for
2  Leave to file its Motion to Dismiss and have the motion heard concurrently with its Motion to
3  Compel Arbitration, or alternatively, to have both the Motion to Dismiss and Motion to Compel
4  heard concurrently on a date following the initial Case Management Conference now set for
5  March 10, 2008.

## II.

## PROCEDURAL BACKGROUND

### A.  Plaintiff's Complaint

Plaintiff's Complaint alleges that she was employed by GLOBAL from approximately July 2002 to June 10, 2007. [Complaint, ¶7.] Based on her alleged employment relationship with GLOBAL, she seeks damages and injunctive relief claiming that GLOBAL had a duty and was obligated to reimburse plaintiff for the actual expenses incurred and her use of a personal automobile in the course and scope of her employment.

### B.  Defendant GLOBAL'S Motion To Dismiss

Although not alleged in Plaintiff's Complaint, her relationship with GLOBAL was governed during the relevant time frame by an Agreement which included a forum-selection clause and an arbitration clause. A copy of the Agreement is attached as Exhibit "A" to the Declaration of Sandra Croteau, submitted in support of both the Motion to Dismiss and Motion to Compel Arbitration. The forum-selection clause in the Agreement provides that venue **shall** be in Cobb County or Gwinnett County Superior Court, Georgia.

Since this action was filed in an improper venue pursuant to the terms of the Agreement, GLOBAL filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(3), which is the appropriate means to seek judicial enforcement of a forum-selection clause in the Ninth Circuit. [*Argueta v. Banco Mexicano S.A.* (9th Cir. 1996) 87 Fed. 3d 320, 324.]

This motion was initially set for hearing on March 3, 2008, concurrently with GLOBAL'S Motion to Compel Arbitration. However, the Court notified GLOBAL's counsel shortly after the filing of the Motion to Dismiss that leave of court was required to have the Motion to Dismiss heard pursuant to this Court's Standing Order No. 4.

RC1/5058888.1/BS
POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR LEAVE TO FILE A MOTION TO DISMISS
- 2 -
CASE NO. C-07-6026-MHP

**C.     Defendant's Motion To Compel Arbitration**

The Agreement also contained a provision pursuant to which the parties agreed to submit to arbitration all claims "arising out of or relating to" the Agreement. Therefore, in order to avoid any potential argument of waiver, GLOBAL also brought a Motion to Compel Arbitration in the alternative to its Motion to Dismiss for improper venue.

### III.

### LEGAL ARGUMENT

### LEAVE SHOULD BE GRANTED FOR DEFENDANT TO HAVE ITS MOTION TO DISMISS FILED AND HEARD CONCURRENTLY WITH ITS MOTION TO COMPEL ARBITRATION

As discussed above, GLOBAL's Motion to Dismiss is based on the existence of a forum-selection clause in the Agreement between Plaintiff and GLOBAL. Under federal law, forum-selection clauses are presumed to be valid and, as a general rule, will be enforced by courts. [*M/S Bremen v. Zapata Off-Shore Co.* (1972) 407 U.S. 1, 15; *Manetti-Farrow, Inc. v. Gucci America, Inc. supra,* 858 F. 2nd at 512.]

Since the parties to the Agreement have contractually designated either Cobb County or Gwinnett County Superior Court in Georgia as the proper forum for any litigation concerning the Agreement, GLOBAL's Motion to Dismiss should be decided in advance of any ruling on GLOBAL's Motion to Compel Arbitration. If the Court determines that the forum-selection clause should be enforced, it would then be inappropriate for this Court to determine whether the arbitration provision of the Agreement should be enforced. In that event, GLOBAL's Motion to Compel Arbitration would be rendered moot, since the entire action must be dismissed and re-filed in the proper venue before any further matters concerning the enforcement of the Agreement could be decided.

On the other hand, if this Court determines that the forum-selection clause should not be enforced, only then would it be appropriate for this Court to determine whether the arbitration provision should be enforced. Therefore, in order to conserve judicial and party resources, and recognizing that the issue of the validity and enforceability of the forum-selection clause is a

1  preliminary issue which must be decided before this Court can appropriately address GLOBAL's
2  Motion to Compel Arbitration, GLOBAL's Motion to Dismiss should be heard concurrently and
3  decided in advance of GLOBAL's Motion to Compel Arbitration.

4      Consequently, GLOBAL respectfully requests that this Court grant leave for the filing of
5  GLOBAL's Motion to Dismiss, and further order that the motion be heard on March 3, 2008,
6  concurrently with GLOBAL's Motion to Compel Arbitration. However, if this Court prefers that
7  GLOBAL's Motion to Dismiss not be heard in advance of the initial Case Management
8  Conference, consistent with its Standing Order No. 4, GLOBAL respectfully requests that this
9  Court nevertheless grant leave for the filing of the Motion to Dismiss and further order that both
10 the Motion to Dismiss and Motion to Compel Arbitration be heard at a date subsequent to the
11 initial Case Management Conference.

## IV.

## CONCLUSION

14     Based on the foregoing, defendant GLOBAL respectfully requests that this Court grant
15 leave for the filing of GLOBAL's Motion to Dismiss, and further order that the Motion to
16 Dismiss and Motion to Compel Arbitration be heard concurrently on March 3, 2008, or
17 alternatively, a later date at the convenience of the court.

18 Dated: January 25, 2008            ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
J. MARK THACKER
Attorneys for Defendant
GLOBAL EQUITY LENDING, INC.

RC1/5058888.1/BS
POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR LEAVE TO FILE A MOTION TO DISMISS

- 4 -

CASE NO. C-07-6026-MHP