Herbert Hafif, Bar No. 27311
Greg K. Hafif, Bar No. 149515
Michael D. Dawson, Bar No. 150385
**LAW OFFICES OF HERBERT HAFIF, APC**
269 West Bonita Avenue
Claremont, California 91711-4784
(909) 624-1671; Fax (909) 625-7772

Steven L. Miller, Bar No. 106023
16133 Ventura Blvd., Suite 1200
Encino, California 91436
(818) 986-8900; Fax (818) 990-7900

Scott A. Miller, Bar No. 230322
**LAW OFFICES OF SCOTT A. MILLER, APC**
16133 Ventura Blvd., Suite 1200
Encino, California 91436
(818) 788-8081; Fax (818) 788-8080

Attorneys for Plaintiff
DOLORES A. ARREGUIN, for
herself and other members
of the general public similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES A. ARREGUIN, for herself and other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GLOBAL EQUITY LENDING, INC., a Georgia Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NO. C 07-06026 MHP<br>[Filed: November 29, 2007]<br><br>*[Assigned for all Purposes to: Honorable Judge Marilyn H. Patel]*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, F.R.C.P. RULE 12(b)(3)**<br><br>Date :   March 3, 2008<br>Time :   2:00 p.m.<br>Place :   Courtroom 15 |

- 1 -

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced on recycled paper.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR
IMPROPER VENUE, F.R.C.P. RULE 12(b)(3)

Plaintiff, Dolores A. Arreguin, on behalf of herself and all others similarly situated, hereby files her opposition to Defendant, Global Equity Lending, Inc.'s, Motion to Dismiss for Improper Venue.

## I.
## INTRODUCTION

The Court should deny Global's Motion to Dismiss for Improper Venue because:

- The Agreement that is the foundation of Global's motion was not executed by Plaintiff and is not binding;
- Plaintiff's tort claims are not related to and do not depend on the interpretation of the Agreement;
- It would be unreasonable and unjust to require Plaintiff to litigate her case in the State of Georgia because she does not have the financial ability to do so.

## II.
## RELEVANT FACTS

Plaintiff, Dolores Arreguin, began her employment with Defendant, Global Equity Lending, Inc. ("Global"), on July 29, 2002. [Complaint at ¶7; Arreguin Decl. at ¶1] Her official start date of July 29, 2002, was confirmed in a letter from World Lending Group, who is believed to be the parent company of Global. [Ex. "1" to Arreguin Decl.] The Mortgage Loan Originator Agreement ("Agreement") dated April 2, 2002, and attached as Exhibit "A" to the Declaration of Sandra Croteau, was not executed by Plaintiff as Global contends. [Arreguin Decl. at ¶3] In fact, it would be impossible for Plaintiff to execute this document on April 2, 2002, because she was not employed by Global at the time. Global's claim that Plaintiff executed the Agreement on April 2, 2002, is false.

Plaintiff worked for Defendant as a Senior Marketing Director. Her duties included originating loans for Global. [Complaint at ¶3] Part of Plaintiff's duties

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced on recycled paper.

- 2 -

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, F.R.C.P. RULE 12(b)(3)

required her to drive her personal automobile to customers' and potential customers' residences and places of business. [Complaint at ¶3] Plaintiff resides in Sacramento, California. Plaintiff worked out of her home office except for when she was required to meet customers and potential customers. [Arrequin Decl. at ¶2] Over 95% of her loan business was conducted in the State of California. [Exhibit "B" to Croteau Decl.]

 Plaintiff has filed this action on behalf of herself and all other similarly situated Global loan agents who were denied automobile expenses. Plaintiff estimates that the putative class consists of over 20,000 past and present Global loan agents. [Arrequin Decl. at ¶5]

 Plaintiff's date of birth is July 6, 1948. She has a high school diploma and has completed some college level courses. Plaintiff is currently unemployed and is collecting unemployment benefits of $512 bi-monthly. Her unemployment benefits will terminate on March 31, 2008. Plaintiff also receives $1,488 per month from a pension. [Arrequin Decl. at ¶4] Plaintiff does not have the financial resources to litigate this matter in the State of Georgia. If required to do so, she will be forced to abandon her claims. [Arrequin Decl. at ¶4]

## III.

## ARGUMENT

**A. STANDARDS APPLICABLE TO ENFORCEABILITY OF FORUM SELECTION CLAUSE.**

 A motion to enforce a forum selection clause is treated as a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). *Kukje Hwajae Ins. Co., Ltd. v. M/V Hyundai Liberty,* 294 F.3d 1171, 1174 (9th Cir.2002), *vacated on other grounds,* 543 U.S. 985, 125 S.Ct. 494, 160 L.Ed.2d 368 (2004). Consequently, the pleadings need not be accepted as true, and facts outside the pleadings properly may be considered. *Id.* Nonetheless, the trial court must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced on recycled paper

party. *Murphy v. Schneider Nat'l, Inc.* 362 F.3d 1133, 1138 (9th Cir.2004). The enforceability of the forum selection clause is determined according to federal law. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir.1996).

**B.  THE COURT SHOULD DENY DEFENDANT'S MOTION TO DISMISS BECAUSE PLAINTIFF DID NOT SIGN THE AGREEMENT THAT IS THE FOUNDATION OF DEFENDANT'S MOTION.**

Global represents to this Court that Plaintiff executed the Agreement electronically on April 2, 2002. [See Decl. of Sandra Croteau at ¶10.] This representation is not true. Plaintiff has reviewed the Agreement and unequivocally states that she did not receive and execute it as claimed by Global. [Arrequin Decl. at ¶3] Plaintiff was not employed by Global on April 2, 2002, so it would have been impossible for her to execute the Agreement. Plaintiff began her employment with Global on July 29, 2002. [Arrequin Decl. at ¶1] Prior to July 29, 2002, Plaintiff worked as a licensed insurance agent selling insurance for World Financial Group. [Arrequin Decl. at ¶3]

**C.  THE FORUM SELECTION CLAUSE DOES NOT APPLY TO PLAINTIFF'S TORT CLAIMS BECAUSE THE RESOLUTION OF HER CLAIMS DOES NOT DEPEND ON THE INTERPRETATION OF THE CONTRACT THAT CONTAINS THE FORUM SELECTION CLAUSE.**

The Ninth Circuit has stated in *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509 (9th Cir.1988), that "whether a forum selection clause applies to tort claims depends on whether resolution of the claims *relates to* interpretation of the contract." *Id.* at 514 (emphasis added). *Manetti-Farrow* involved an exclusive dealership contract with a forum selection clause designating Florence, Italy, for disputes "regarding interpretation or fulfillment" of the contract. *Id.* at 510. The *Manetti-Farrow* court found that the tort claims in question (conspiracy and tortuous interference with contractual relations) were related to the rights and duties enumerated in the exclusive dealership contract. *Id.* at 514. The court concluded that

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced
on recycled paper

- 4 -

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR
IMPROPER VENUE, F.R.C.P. RULE 12(b)(3)

the claims could not be adjudicated without analyzing whether the parties were in compliance with the contract. *Id.* Therefore, because the tort causes of actions alleged were related to "the central conflict over the interpretation" of the contract, the court found that they were in the scope of the forum selection clause. *Id.*

The forum selection clause at issue provides:

"<u>Governing Law.</u>  **The enforcement of this Agreement** shall be governed by the laws of the State of Georgia and venue shall be Cobb County or Gwinnett County Superior Court; State of Georgia."

(emphasis)

In contrast to *Manetti-Farrow*, Plaintiff's claims are not related to the interpretation or enforcement of the Agreement. Plaintiff's claims are very simple. She was not reimbursed for automobile expenses incurred during the course and scope of her employment as required by Labor Code §2802. She has alleged claims for (1) Violation of the Calif. Labor Code; (2) Violation of Calif. Bus. & Prof. Code §17200, et seq; and, (3) Declaratory relief. There is no claim for breach of contract, and none of Plaintiff's tort claims are in any way dependent on the interpretation of the Agreement. Moreover, Defendant has not taken the position that the resolution of Plaintiff's tort claims is dependent on the Agreement.

As the Court can plainly see from a reading of the Agreement, the reimbursement of automobile expenses is not referenced anywhere in the Agreement. Since the resolution of Plaintiff's claims can be resolved without interpretation of the Agreement, the Court should find that the forum selection clause does not apply to the dispute at hand.

1. **THE CASE LAW ON WHICH GLOBAL RELIES FOR THE PROPOSITION THAT THE AGREEMENT COVERS ALL DISPUTES IS DISTINGUISHABLE.**

Global relies on *Olnick v. BMG Entertainment*, (2006) 138 Cal.App.4th 1286, to support the position that all claims, including tort claims, are covered by the

- 5 -

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced
on recycled paper

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, F.R.C.P. RULE 12(b)(3)

1  Agreement. *Olnick* is distinguishable and supports Plaintiff's position that the
2  Agreement does not apply to Plaintiff's tort claims.
3      The Plaintiff in *Olnick* was a lawyer licensed in both California and New York.
4  After exchanging 10 drafts, Olnick entered into a written employment agreement with
5  his employer in New York. Olnick worked for his employer in California. He was
6  terminated and sued in California for age discrimination. Olnick's employment
7  agreement had provisions that dealt with termination with and without cause. *Id*. at
8  1291. The employment agreement also had a forum selection clause that provides:

> "This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York, without regard to conflicts of laws. The parties agree to the exclusive jurisdiction and venue of the Supreme Court of the State of New York for New York County and/or the United States District Court for the Southern District of New York for the resolution of all disputes arising under this Agreement." (emphasis) *Id*. at 1291.

13     The trial Court and Court of Appeal both held that the forum selection clause
14 was valid. Much of the opinion dealt with the fact that the parties were sophisticated
15 and voluntarily entered into the negotiated agreement. The Court further held:

> Olnick's age discrimination claims are inextricably intertwined with the construction and enforcement of the Agreement, and [defendant] plainly is entitled under the choice-of-law clause to have the Agreement 'governed by and construed and enforced in accordance with the laws of the State of New York, without regard to conflicts of laws.'" *Id*. at 1300.

19     The case at hand is distinguishable from *Olnick* for several reasons. We are not
20 dealing with sophisticated business people who negotiated the agreement at arms
21 length. Plaintiff never executed the Agreement, but assuming she did, it was not done
22 prior to beginning her employment or soon thereafter with the advice of counsel.
23     The language concerning termination with and without cause was an issue in
24 *Olnick*. Thus, the dispute arose under the Agreement bringing the forum selection
25 clause into play. Unlike *Olnick*, there is nothing in the Agreement that concerns auto
26 related expenses, and Plaintiff's tort claims are not intertwined with the Agreement as
27 was the case in *Olnick*.
28     Finally, the forum selection clause in *Olnick* was all encompassing and applied

- 6 -

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced on recycled paper

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, F.R.C.P. RULE 12(b)(3)

to "the resolution of all disputes arising under this Agreement." The forum selection clause at issue only applies to "the enforcement of this Agreement." This is a significant difference. Global drafted the Agreement and forced it upon their employees. If the Agreement was truly meant to apply to all disputes, including tort actions not arising out of the Agreement, Global could have worded the Agreement accordingly. They did not.

### D. THE FORUM SELECTION CLAUSE SHOULD NOT BE ENFORCED BECAUSE IT IS UNREASONABLE AND UNJUST.

The party challenging a forum selection clause bears a "heavy burden of proof" and must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching." *Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907 (1972). Even though *Bremen* created a presumption in favor of enforcing forum selection clauses, *Bremen* recognized three reasons that would make enforcement of a forum selection clause unreasonable: (1) "if the inclusion of the clause in the agreement was the product of fraud or overreaching"; (2) "if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced"; and (3) "if enforcement would contravene a strong public policy of the forum in which suit is brought." *Richards v. Lloyd's of London,* 135 F.3d 1289, 1294 (9th Cir.1998) (citing and quoting *Bremen,* 407 U.S. at 12-13, 15, 18, 92 S.Ct. 1907) (internal quotation marks omitted).

In *Spradlin v. Lear Siegler Mgmt. Servs. Co.,* 926 F.2d 865, 868 (9th Cir.1991), the Court detailed the circumstances of an employment agreement that might, in an appropriate case, be taken into account when determining the enforceability of the forum selection clause including: (1) "any power differentials which may exist between the two parties to the contract," (2) the educational background of the party challenging the clause, (3) the business expertise of the party challenging the clause, and (4) the "financial ability to bear [the] costs and inconvenience" of litigating in the forum selected by the contract. *Id.* at 868-69.

- 7 -

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, F.R.C.P. RULE 12(b)(3)

///

### 1. THE ENFORCEMENT OF THE FORUM SELECTION CLAUSE IS UNREASONABLE BECAUSE IT DEPRIVES PLAINTIFF OF HER DAY IN COURT.

In *Murphy v. Schneider National, Inc.*, 362 F.3d 1133 (9th Cir. 2004), a trucker was injured during the course and scope of his employment. He sued his employer for his injuries in United States District Court for the District of Oregon. The employer, Schneider, moved to dismiss the action for improper venue, asserting that venue was only proper in Wisconsin State court because of a forum selection clause in the Plaintiff's employment contract. The Plaintiff opposed the motion to dismiss on the ground that he could not afford to maintain the action in Wisconsin. He submitted evidence that he and his wife lived on about $2,234 per month in disability payments and have no disposable income. The District Court dismissed the case, but the Ninth Circuit reversed.

> "Although the district court acknowledged that "trial in Wisconsin would cause inconvenience and expense for his witnesses," and that Murphy's "back injury makes traveling difficult," the district court did not accept Murphy's assertion by affidavit that he could not travel. The district court did not discuss Murphy's submission of evidence that Murphy's financial situation would prevent him from litigating in a Wisconsin court and did not accept as true Murphy's assertion by affidavit that his disability even prohibited him from *1143 driving or sitting in a vehicle en route to Wisconsin. Under the standard that we adopt today, the district court erred by not accepting Murphy's testimony as true, given that there was no evidentiary hearing to resolve disputed facts." *Id.* at 1142 -1143.

> "Taking Murphy's allegations as true and resolving all disputed facts in his favor, the combination of Murphy's alleged financial troubles and physical limitations would bar him from litigating his claim in Wisconsin. It does not matter at the Rule 12(b)(3) motion stage that there are contrary facts submitted by the moving party." *Id.*

Like Murphy, Plaintiff has no disposable income. Once her unemployment benefits end, she will be living on a $1,488 monthly pension. She has no resources whatsoever for air travel to and accommodations in the State of Georgia. She will turn 60 years old during the pendency of this litigation, and if she is required to

- 8 -

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced on recycled paper

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, F.R.C.P. RULE 12(b)(3)

litigate this case in Georgia State Court, she will be forced to dismiss her case. Accordingly, the Court should find that the forum selection clause is not enforceable because if it is enforced, Plaintiff will be deprived of her day in court.

## 2. THE FORUM SELECTION CLAUSE IS UNCONSCIONABLE BECAUSE IT SHIELDS GLOBAL FROM LIABILITY.

If the "place and manner" restrictions of a forum selection provision are "unduly oppressive," *see Bolter v. Superior Court,* 87 Cal.App.4th 900, 909-10, 104 Cal.Rptr.2d 888 (2001), or have the effect of shielding the stronger party from liability, *see Comb v. PayPal, Inc.,* 218 F.Supp.2d 1165, 1177 (N.D.Cal.2002), then the forum selection provision is unconscionable. In *Bolter,* the Court of Appeal held that place and manner restrictions were unconscionable where small "Mom and Pop" franchisees located in California were required to travel to Utah to arbitrate their claims against an international carpet-cleaning franchisor. *Id.* The Court of Appeal found a forum selection provision unreasonable and "unduly oppressive" because the remote forum would work severe hardship upon the franchisees and would unfairly benefit the franchisor by effectively precluding the franchisees from asserting any claims against it. *Id.; see also Comb,* 218 F.Supp.2d at 1177 ("Limiting venue to PayPal's backyard appears to be yet one more means by which the arbitration clause serves to shield PayPal from liability instead of providing a neutral forum in which to arbitrate disputes."); *Armendariz,* 24 Cal.4th at 118, 99 Cal.Rptr.2d 745, 6 P.3d 669 (holding that structuring an arbitration provision to effectively preclude the other party from pursuing its claims would be unconscionable, because "[a]rbitration was not intended for this purpose").

Plaintiff does not have the resources to litigate this case in the State of Georgia, 3,000 from her home in Sacramento. Requiring her to do so would shield Global from liability. Accordingly, the forum selection clause should be found to be unconscionable.

## 3. IT WOULD BE UNREASONABLE TO FORCE THE PUTATIVE

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced
on recycled paper.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR
IMPROPER VENUE, F.R.C.P. RULE 12(b)(3)

## CLASS MEMBERS TO LITIGATE THEIR CLAIMS IN GEORGIA.

Plaintiff filed this action on behalf of herself and all other similarly situated class members. The class she seeks to represent consists of all outside sales agents in California that have not been reimbursed for auto-related expenses incurred in the course and scope of her employment. [Complaint at ¶20] Plaintiff is informed and believes that the class consists of more than 20,000 California outside sales agents. [Arrequin Decl. at ¶5] All of the putative class members claims arose in California. It would be unreasonable to require the putative class or a percentage or sampling of these class members to travel to Georgia to litigate their claims.

### E.    CONCLUSION

For all of the reasons stated herein, the Court should deny Global's Motion to Dismiss for Improper Venue.

DATED: February 14, 2008

**LAW OFFICES OF HERBERT HAFIF, APC**

By: _____
Greg K. Hafif
Attorneys for Plaintiff
DOLORES A. ARREGUIN, for
herself and other members
of the general public similarly situated

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, F.R.C.P. RULE 12(b)(3)

# PROOF OF SERVICE
## BY MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 269 W. Bonita Avenue, Claremont, CA 91711.

On **February 15, 2008**, I served the foregoing document described as: **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, F.R.C.P. RULE 12(b)(3)**

[ ]   by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelopes addressed as follows:

[X]   Via Facsimile.

[ ]   Via Overnight Delivery.

**[SEE ATTACHED SERVICE LIST]**

[X]   I deposited each envelope in the mail at Claremont, California.[1] The envelope was mailed with postage thereon fully prepaid.

[X]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Post Office on that same day with postage thereon fully prepaid at Claremont, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   As follows: I am "readily familiar" with the firm's practice for delivering overnight envelopes or packages to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the address as last given by that person on any document filed in the cause and served on the party making service.

[ ]   (State or Federal) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **February 15, 2008**, at Claremont, California.

Gwendolyn Simmons                         /s/ Gwendolyn Simmons
Type or Print Name                              Signature

bag.

Law Offices of
HERBERT HAFIF, APC
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced on recycled paper.

- 1 -

## SERVICE LIST
### ARREGUIN V. GLOBAL EQUITY LENDING
United State District Court Northern District Case No. C07-03026 MHP

| | |
|---|---|
| Richard M. Williams, Bar No. 68032<br>Gregory M. Gentile, Bar No. 142424<br>**ROPERS, MAJESKI, KOHN & BENTELY**<br>80 N. First Street<br>San Jose, CA 95113<br>(408)287-6262 - Telephone<br>(408)918-4501 - Facsimile<br><br>Attorneys for Defendant<br>GLOBAL EQUITY LENDING INC. | (Via facsimile and mail) |
| Scott A. Miller, Bar No. 230322<br>Steven L. Miller, Bar No. 106023<br>**LAW OFFICES OF SCOTT A. MILLER, APC**<br>16133 Ventura Blvd., Suite 1200<br>Encino, California 91436<br>(818) 788-8081 - Telephone<br>(818) 788-8080 - Facsimile<br><br>Co-Counsel for Plaintiff<br>DOLORES A. ARREGUIN, for<br>herself and other members<br>of the general public similarly situated | (Via U.S. mail only) |

Law Offices of
HERBERT HAFIF, APC
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced
on recycled paper

- 2 -