1  Herbert Hafif, Bar No. 27311
Greg K. Hafif, Bar No. 149515
2  Michael D. Dawson, Bar No. 150385
**LAW OFFICES OF HERBERT HAFIF, APC**
3  269 West Bonita Avenue
Claremont, California  91711-4784
4  (909) 624-1671; Fax (909) 625-7772

5  Steven L. Miller, Bar No. 106023
16133 Ventura Blvd., Suite 1200
6  Encino, California 91436
(818) 986-8900; Fax (818) 990-7900
7
Scott A. Miller, Bar No. 230322
8  **LAW OFFICES OF SCOTT A. MILLER, APC**
16133 Ventura Blvd., Suite 1200
9  Encino, California 91436
(818) 788-8081; Fax (818) 788-8080
10
Attorneys for Plaintiff
11  DOLORES A. ARREGUIN, for
herself and other members
12  of the general public similarly situated

13

14                **UNITED STATES DISTRICT COURT**

15              **NORTHERN DISTRICT OF CALIFORNIA**

16

17  DOLORES A. ARREGUIN, for herself       CASE NO. C 07-06026 MHP
and other members of the general public   [Filed: November 29, 2007]
18  similarly situated,
                                          *[Assigned for all Purposes to:*
19                                        *Honorable Judge Marilyn H. Patel]*

20          Plaintiffs,                   **OPPOSITION TO MOTION TO**
                                          **COMPEL ARBITRATION**
21      v.
                                          Date :    March 3, 2008
22  GLOBAL EQUITY LENDING, INC., a        Time :    2:00 p.m.
Georgia Corporation; and DOES 1          Place :    Courtroom 15
23  through 10, Inclusive,

24          Defendants.

25

26

27

28

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper

-1-

**DECLARATION OF PLAINTIFF DOLORES A. ARREGUIN IN SUPPORT OF OPPOSITION
TO MOTION TO DISMISS FOR IMPROPER VENUE**

1  Plaintiff, Dolores A. Arreguin, on behalf of herself and all others similarly

2  situated, hereby files her opposition to Defendant, Global Equity Lending, Inc.'s,

3  Motion to Compel Arbitration.

**I.**

**INTRODUCTION**

The Court should deny Global's Motion to Compel Arbitration because

Plaintiff did not execute the arbitration agreement at issue and assuming that she did

the Agreement is both procedurally and substantively unconscionable.

**II.**

**RELEVANT FACTS**

Plaintiff, Dolores Arreguin, began her employment with Defendant, Global

Equity Lending, Inc. ("Global"), on July 29, 2002. [Complaint at ¶7; Arreguin Decl.

at ¶1]  Her official start date of July 29, 2002, was confirmed in a letter from World

Lending Group, who is believed to be the parent company of Global. [Ex. "1" to

Arreguin Decl.]  The Mortgage Loan Originator Agreement ("Agreement") dated

April 2, 2002, and attached as Exhibit "A" to the Declaration of Sandra Croteau, was

not executed by Plaintiff as Global contends. [Arreguin Decl. at ¶3]  In fact, it would

be impossible for Plaintiff to execute this document on April 2, 2002, because she

was not employed by Global at the time.  Global's claim that Plaintiff executed the

Agreement on April 2, 2002, is false.

Plaintiff worked for Defendant as a Senior Marketing Director.  Her duties

included originating loans for Global. [Complaint at ¶3]  Part of Plaintiff's duties

required her to drive her personal automobile to customers' and potential customers'

residences and places of business.  [Complaint at ¶3]  Plaintiff resides in

Sacramento, California.  Plaintiff worked out of her home office except for when she

was required to meet customers and potential customers. [Arrequin Decl. at ¶2]  Over

95% of her loan business was conducted in the State of California. [Exhibit "B" to

Croteau Decl.]

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced
on recycled paper

**DECLARATION OF PLAINTIFF DOLORES A. ARREGUIN IN SUPPORT OF OPPOSITION
TO MOTION TO DISMISS FOR IMPROPER VENUE**

1    Plaintiff has filed this action on behalf of herself and all other similarly situated

2   Global loan agents who were denied automobile expenses.  Plaintiff estimates that the

3   putative class consists of over 20,000 past and present Global loan agents.   [Arrequin

4   Decl. at ¶5]

5    Plaintiff's date of birth is July 6, 1948.  She has a high school diploma and has

6   completed some college level courses.  Plaintiff is currently unemployed and is

7   collecting unemployment benefits of $512 bi-monthly.  Her unemployment benefits

8   will terminate on March 31, 2008.  Plaintiff also receives $1,488 per month from a

9   pension.  [Arrequin Decl. at ¶4]  Plaintiff does not have the financial resources to

10  litigate this matter in the State of Georgia.  If required to do so, she will be forced to

11  abandon her claims.  [Arrequin Decl. at ¶4]

12                                                **III.**

13                                          **ARGUMENT**

14  **A.    GLOBAL'S MOTION TO COMPEL ARBITRATION SHOULD BE**

15         **DENIED BECAUSE PLAINTIFF DID NOT EXECUTE THE**

16         **EMPLOYMENT AGREEMENT THAT CONTAINS THE**

17         **ARBITRATION CLAUSE.**

18    Global represents to this Court that Plaintiff executed the Agreement

19  electronically on April 2, 2002. [See Decl. of Sandra Croteau at ¶10.]  This

20  representation is not true.  Plaintiff has reviewed the Agreement and unequivocally

21  states that she did not receive and execute it as claimed by Global.  [Arrequin Decl. at

22  ¶3]  Plaintiff was not employed by Global on April 2, 2002, so it would have been

23  impossible for her to execute the Agreement.  Plaintiff began her employment with

24  Global on July 29, 2002.   [Arrequin Decl. at ¶1]  Prior to July 29, 2002, Plaintiff

25  worked as a licensed insurance agent selling insurance for World Financial Group.

26  [Arrequin Decl. at ¶3]

27

28  / / /

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced
on recycled paper.

-3-

**B.    ASSUMING FOR ARGUMENTS SAKE THAT PLAINTIFF DID IN FACT EXECUTE THE EMPLOYMENT AGREEMENT THE COURT SHOULD DENY GLOBAL'S MOTION TO COMPEL ARBITRATION BECAUSE THE ARBITRATION CLAUSE IS BOTH PROCEDURALLY AND SUBSTANTIVELY UNCONSCIONABLE.**

Under the Federal Arbitration Act (FAA), 9 U.S.C. § 2, "[a]rbitration agreements ... are subject to all defenses to enforcement that apply to contracts generally." *Ingle v. Circuit City Stores, Inc.,* 328 F.3d 1165, 1170 (9th Cir.2003). Thus, "[t]o evaluate the validity of an arbitration agreement, federal courts 'should apply ordinary state-law principles that govern the formation of contracts.' " *Id.* (quoting *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)). Such state-law principles come from the law of a particular state-not federal general common law under the FAA. *See First Options,* 514 U.S. at 944, 115 S.Ct. 1920; *Douglas v. U.S. Dist. Court for Cent. Dist. of California,* 495 F.3d 1062, 1067 (9th Cir. 2007).

In California, courts may refuse to enforce an arbitration agreement if it is unconscionable. Cal. Civ.Code § 1670.5. Unconscionability exists when one party lacks meaningful choice in entering a contract or negotiating its terms and the terms are unreasonably favorable to the other party. *Ingle,* 328 F.3d at 1170; *A & M Produce Co. v. FMC Corp.,* 135 Cal.App.3d 473, 486, 186 Cal.Rptr. 114 (1982). Accordingly, a contract to arbitrate is unenforceable under the doctrine of unconscionability when there is "both a procedural and substantive element of unconscionability." *Ferguson v. Countrywide Credit Indus., Inc.,* 298 F.3d 778, 783 (9th Cir.2002); *accord 1106 Armendariz v. Found. Health Psychcare Servs., Inc.,* 24 Cal.4th 83, 114, 99 Cal.Rptr.2d 745, 6 P.3d 669, 690 (2000). But procedural and substantive unconscionability "need not be present in the same degree." *Armendariz,* 99 Cal.Rptr.2d 745, 6 P.3d at 690. "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the

-4-

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced
on recycled paper

**DECLARATION OF PLAINTIFF DOLORES A. ARREGUIN IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE**

1  conclusion that the term is unenforceable, and vice versa." *Id.*; *Circuit City Stores,*

2  *Inc. v. Mantor*, 335 F.3d 1101, 1105 -1106 (9th Cir. 2003)

3      **1.    PROCEDURAL UNCONSCIONABILITY.**

4      To determine whether Global's arbitration agreement with Plaintiff is

5  procedurally unconscionable the Court must evaluate how the parties negotiated the

6  contract and "the circumstances of the parties at that time." *Ingle,* 328 F.3d at 1171

7  (quoting *Kinney v. United Healthcare Servs., Inc.,* 70 Cal.App.4th 1322,

8  1329,(1999)). One factor courts consider to determine whether a contract is

9  procedurally unconscionable is whether the contract is oppressive. *Id.* Courts have

10  defined oppression as springing "from an inequality of bargaining power [that] results

11  in no real negotiation and an absence of meaningful choice." *Stirlen v. Supercuts,*

12  *Inc.,* 51 Cal.App.4th 1519, 1532,(1997) (internal quotation marks and citations

13  omitted); *Circuit City Stores, Inc. v. Mantor* 335 F.3d at 1106. A meaningful

14  opportunity to negotiate or reject the terms of a contract must mean something more

15  than an empty choice. At a minimum, a party must have reasonable notice of his

16  opportunity to negotiate or reject the terms of a contract, *and* he must have an actual,

17  meaningful, and reasonable choice to exercise that discretion.  *Id.* When the weaker

18  party is presented the clause and told to "take it or leave it" without the opportunity

19  for meaningful negotiation, oppression, and therefore procedural unconscionability,

20  are present.  *Szetela v. Discover Bank,* 97 Cal.App.4th 1094, 1100, 118 Cal.Rptr.2d

21  862 (2002); *see also Martinez v. Master Prot. Corp.,* 118 Cal.App.4th 107, 114, 12

22  Cal.Rptr.3d 663 (2004) ("An arbitration agreement that is an essential part of a 'take

23  it or leave it' employment condition, without more, is procedurally

24  unconscionable."); *Nagrampa v. MailCoups, Inc.* 469 F.3d 1257, 1282 (9th Cir. 2006).

25  A contract or clause is procedurally unconscionable if it is a contract of adhesion.

26  *Flores v. Transamerica HomeFirst, Inc.,* 93 Cal.App.4th 846, 853, 113 Cal.Rptr.2d

27  376 (2001). A contract of adhesion, in turn, is a "standardized contract, which,

28  imposed and drafted by the party of superior bargaining strength, relegates to the

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper.

**DECLARATION OF PLAINTIFF DOLORES A. ARREGUIN IN SUPPORT OF OPPOSITION
TO MOTION TO DISMISS FOR IMPROPER VENUE**

subscribing party only the opportunity to adhere to the contract or reject it."

*Armendariz v. Foundation Health Psychcare Serv.,* 24 Cal.4th 83, 113, 99

Cal.Rptr.2d 745, 6 P.3d 669 (2000) (citations and internal quotation omitted);  *Comb*

*v. PayPal, Inc.* 218 F.Supp.2d 1165, 1172 (N.D.Cal.,2002).

As discussed, Plaintiff did not execute the Agreement attached as Exhibit "A"

to the Declaration of Sandra Croteau and was not employed by Global on April 2,

2002.  Thus, a proper analysis of the circumstances of the parties cannot be made.

Nonetheless, the facts as they are presently known support a conclusion that the

Agreement and Arbitration provision are procedurally unconscionable.

Paragraph 25 of the Croteau Declaration provides:

> "Every year GEL mortgage loan originators are required to undergo a compliance review.  As part of the review, **loan originators are required to acknowledge and accept** electronically any revisions made to the Agreement and applicable to the upcoming year." (emphasis)

In other words, this is a standardized form or adhesion contract that is sent to

all loan originators on a take it or leave it basis.  Global has not presented any

evidence that Plaintiff or any of the putative class members had a reasonable

opportunity to negotiate or reject the terms of the Agreement.

Additionally, Global drafted the agreement and was a superior bargaining

position.  This resulted in an oppressive contract of adhesion that should be held to be

invalid.

### i.    THE ARBITRATION CLAUSE IS UNCONSCIONABLE BECAUSE IT SHIELDS GLOBAL FROM LIABILITY.

If the "place and manner" restrictions of a forum selection provision are

"unduly oppressive," *see Bolter v. Superior Court,* 87 Cal.App.4th 900, 909-10, 104

Cal.Rptr.2d 888 (2001), or have the effect of shielding the stronger party from

liability, *see Comb v. PayPal, Inc.,* 218 F.Supp.2d 1165, 1177 (N.D.Cal.2002), then

the forum selection provision is unconscionable.   In *Bolter,* the Court of Appeal held

that place and manner restrictions were unconscionable where small "Mom and Pop"

franchisees located in California were required to travel to Utah to arbitrate their

-6-

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced
on recycled paper.

**DECLARATION OF PLAINTIFF DOLORES A. ARREGUIN IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE**

1  claims against an international carpet-cleaning franchisor. *Id.* The Court of Appeal

2  found a forum selection provision unreasonable and "unduly oppressive" because the

3  remote forum would work severe hardship upon the franchisees and would unfairly

4  benefit the franchisor by effectively precluding the franchisees from asserting any

5  claims against it. *Id.; see also Comb,* 218 F.Supp.2d at 1177 ("Limiting venue to

6  PayPal's backyard appears to be yet one more means by which the arbitration clause

7  serves to shield PayPal from liability instead of providing a neutral forum in which to

8  arbitrate disputes."); *Armendariz,* 24 Cal.4th at 118, 99 Cal.Rptr.2d 745, 6 P.3d 669

9  (holding that structuring an arbitration provision to effectively preclude the other

10  party from pursuing its claims would be unconscionable, because "[a]rbitration was

11  not intended for this purpose").

12       If the arbitration clause is held to be enforceable, Plaintiff and the putative

13  class will be forced to arbitrate this case in "**Norcross, Georgia.**" [See Agreement at

14  ¶7.1]. Norcross Georgia is a podunk town over 3,000 miles away from Sacramento.

15  It has a total area of 4.2 miles and a population of 8,410. No doubt, Global is a big

16  fish in the very small pond of Norcross. Norcross is far from a "neutral forum" and

17  arbitrating this matter there would effectively shield Global from liability for its

18  violation of California law.

19       Further, Plaintiff does not have the resources to litigate this case in the State of

20  Georgia, 3,000 from her home in Sacramento. Plaintiff would be forced to dismiss

21  her lawsuit and be left with no remedies if she is forced to arbitrate in Norcross

22  Georgia. Accordingly, the forum selection clause should be found to be

23  unconscionable.

24  **2.       SUBSTANTIVE UNCONSCIONABILITY.**

25       Substantive unconscionability concerns the " 'terms of the agreement and

26  whether those terms are so one-sided as to shock the conscience.' " *Ingle,* 328 F.3d at

27  1172 (quoting *Kinney,* 70 Cal.App.4th at 1330, 83 Cal.Rptr.2d at 353 (citations

28  omitted)). Under California law, a contract to arbitrate between an employer and an

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced
on recycled paper

-7-

employee ... raises a rebuttable presumption of substantive unconscionability. Unless the employer can demonstrate that the effect of a contract to arbitrate is bilateral-as is required under California law-with respect to a particular employee, courts should presume such contracts substantively unconscionable. *Circuit City Stores, Inc. v. Mantor* 335 F.3d 1101, 1108 (9th Cir. 2003).

### i.  THE TERMS OF THE AGREEMENT ARE SO ONE SIDED THAT THEY SHOCK THE CONSCIENCE.

Plaintiff is a California resident. The mortgage loans she made were almost exclusively to California residents and executed in California. The class she seeks to represent consists of similarly situated California loan agents. Global is licensed to conduct business in California. Plaintiff's claims all involve the violation of California law. It would shock the conscience if Plaintiff and the putative class were now required to travel to Norcross Georgia to arbitrate their claims. The terms of the Agreement are clearly one sided and designed to benefit Global and the expense of Plaintiff.

### ii.  THE REQUIREMENT TO ARBITRATE IS NOT BILATERAL AS REQUIRED BY CALIFORNIA LAW.

The California Supreme Court's recent decision in *Armendariz* supports the conclusion that the arbitration agreement is substantively unconscionable. In *Armendariz,* the California court reversed an order compelling arbitration of a FEHA discrimination claim because the arbitration agreement at issue required arbitration only of employees' claims and excluded damages that would otherwise be available under the FEHA. *Armendariz,* 99 Cal.Rptr.2d 745, 6 P.3d at 694. The agreement in *Armendariz* required employees, as a condition of employment, to submit all claims relating to termination of that employment-including any claim that the termination violated the employee's rights-to binding arbitration. *Id.* at 675. The employer, however, was free to bring suit in court or arbitrate any dispute with its employees. In

-8-

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced
on recycled paper.

**DECLARATION OF PLAINTIFF DOLORES A. ARREGUIN IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE**

analyzing this asymmetrical arrangement, the court concluded that in order for a mandatory arbitration agreement to be valid, some "modicum of bilaterality" is required. *Id.* at 692. Since the employer was not bound to arbitrate its claims and there was no apparent justification for the lack of mutual obligations, the court reasoned that arbitration appeared to be functioning "less as a forum for neutral dispute resolution and more as a means of maximizing employer advantage." *Id.*

The Agreement is not bilateral as required by California law.  Paragraph 7.3 of the Agreement provides in part:

> "Anything herein or elsewhere contained to the contrary notwithstanding, GEL [Global] shall not be required to negotiate, **arbitrate** or litigate as a condition precedent to taking any action under this Agreement." (emphasis)

This provision does not apply to Plaintiff and demonstrates that the Agreement is not bilateral as required by California law.

### 3.    THE ARBITRATION AGREEMENT IS UNCONSCIONABLE BECAUSE IT VIOLATES PUBLIC POLICY.

Plaintiff's Complaint states three claims against Global: (1) Violation of California Labor Code §§226 and 2802, (2) Unfair Competition for violation of Calif. Bus. & Prof Code §17200, et. seq., and Declaratory relief.  Her Complaint was filed on behalf of herself and a putative class of similarly situated California loan agents who have not been reimbursed for auto-related expenses incurred in the course and scope of their employment. [Complaint at ¶20]  Plaintiff is informed and believes that the class consists of more than 20,000 California outside sales agents. [Arrequin Decl. at ¶5.]

The forum selection clause provides that "the enforcement of this Agreement shall be governed by the laws of the State of Georgia . . .."  The arbitration clause provides that the dispute shall be arbitrated in Norcross Georgia.  Thus, if the forum selection clause is held to be valid and enforceable, Plaintiff and the putative class

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper

1  will have waived all of their California State law claims.   This violates public policy

2  as Plaintiff's Bus & Prof. Code §17200 claim is a nonwaivable statutory right, and

3  presumably her Labor Code claims are as well. (See *Nagrampa v. MailCoups, Inc.*

4  469 F.3d 1257, 1289 -1290 (9th Cir. 2006), imposition of the arbitration provision

5  violated California Unfair Competition Law ("UCL"), Cal. Bus. & Prof.Code §§

6  17200-17208 which establish nonwaivable statutory rights.)  Accordingly, Plaintiff

7  cannot be forced to abandon her California claims through the improper imposition of

8  Georgia law to settle this dispute.

9                                          **IV.**

10                                     **CONCLUSION**

11          For all of the reasons stated herein, the Court should deny Global's Motion to

12  Compel Arbitration.

13

14

15  DATED: February 14, 2008          **LAW OFFICES OF HERBERT HAFIF,**
                                      **APC**
16

17

18                                    By:_____

19                                       Greg K. Hafif
                                         Attorneys for Plaintiff
20                                       DOLORES A. ARREGUIN, for
                                         herself and other members
21                                       of the general public similarly situated

22

23

24

25

26

27

28

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper.

- 10 -

DECLARATION OF PLAINTIFF DOLORES A. ARREGUIN IN SUPPORT OF OPPOSITION
TO MOTION TO DISMISS FOR IMPROPER VENUE

PROOF OF SERVICE
**BY MAIL**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 269 W. Bonita Avenue, Claremont, CA 91711.

On **February 15, 2008**, I served the foregoing document described as: **OPPOSITION TO MOTION TO COMPEL ARBITRATION**

[ ]    by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

[X]    by placing  [ ] the original  [X] a true copy thereof enclosed in sealed envelopes addressed as  follows:

[X]    Via Facsimile.

[ ]    Via Overnight Delivery.

**[SEE ATTACHED SERVICE LIST]**

[X]    I deposited each envelope in the mail at Claremont, California.[1]  The envelope was mailed with postage thereon fully prepaid.

[X]    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the United States Post Office on that same day with postage thereon fully prepaid at Claremont, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    As follows:  I am "readily familiar" with the firm's practice for delivering overnight envelopes or packages to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the address as last given by that person on any document filed in the cause and served on the party making service.

[ ]    (State or Federal)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on  **February 15, 2008,** at Claremont, California.

Gwendolyn Simmons
Type or Print Name

*Gwendolyn Simmons*
Signature

Law Offices of
HERBERT HAFIF, APC
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper

- 1 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
ARREGUIN V. GLOBAL EQUITY LENDING
United State District Court Northern District Case No. C07-03026 MHP


Richard M. Williams, Bar No. 68032
Gregory M. Gentile, Bar No. 142424
**ROPERS, MAJESKI, KOHN & BENTELY**
80 N. First Street
San Jose, CA 95113
(408)287-6262 - Telephone
(408)918-4501 - Facsimile

Attorneys for Defendant
GLOBAL EQUITY LENDING INC.

Scott A. Miller, Bar No. 230322
Steven L. Miller, Bar No. 106023
**LAW OFFICES OF SCOTT A. MILLER, APC**
16133 Ventura Blvd., Suite 1200
Encino, California 91436
(818) 788-8081 - Telephone
(818) 788-8080 - Facsimile

Co-Counsel for Plaintiff
DOLORES A. ARREGUIN, for
herself and other members
of the general public similarly situated

Law Offices of
HERBERT HAFIF, APC
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced
on recycled paper.

- 2 -