```
1  RICHARD M. WILLIAMS (SBN 68032)
   GREGORY M. GENTILE (SBN 142424)
2  J. MARK THACKER (SBN 157182)
   ROPERS, MAJESKI, KOHN & BENTLEY
3  80 North First Street
   San Jose, CA 95113
4  Telephone:  (408) 287-6262
   Facsimile:  (408) 918-4501
5
   Attorneys for Defendant
6  GLOBAL EQUITY LENDING, INC.
7
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES A. ARREGUIN, for herself and other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL EQUITY LENDING, INC., a Georgia Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendant. | CASE NO. C 07 6026 MHP<br><br>**DEFENDANT GLOBAL EQUITY LENDING, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE, F.R.C.P. RULE 12(b)(3)**<br><br>Date:        March 17, 2008<br>Time:        2:00 p.m.<br>Courtroom: 15, 18th Floor<br>Judge:       Hon. Marilyn Hall Patel<br><br>Complaint filed:  November 29, 2007 |

I

**INTRODUCTION**

Plaintiff identifies three bases in support of its opposition to Plaintiff's Motion to Dismiss for Improper Venue based on the forum-selection clause in the Agreement which governed the employment relationship between plaintiff and defendant GLOBAL EQUITY LENDING, INC. (hereinafter referred to as "GLOBAL"). However, none of these is either valid or supports the invalidation of the forum-selection clause.

//
//

## II

## PLAINTIFF EXECUTED THE AGREEMENT

As set forth in Ms. Croteau's Supplemental Declaration, Plaintiff electronically executed the Agreement attached as Exhibit "A" to Ms. Croteau's Supplemental Declaration. Moreover, from the commencement of Plaintiff's employment until the end of it, an agreement was in effect with a forum-selection provision and an arbitration provision **identical** to those provisions set forth in both Exhibit "A" to Ms. Croteau's Declaration and her Supplemental Declaration. [Sandra Croteau initial Declaration, ¶ 24: Sandra Croteau Supplemental Declaration, ¶ 8.] The terms of these provisions never changed.

Interestingly, Plaintiff does not deny she signed any contract with her employer, nor does she deny that an arbitration provision or forum-selection provision were in effect during her employment. In fact, Plaintiff admits that an arbitration agreement was in effect during the course of her employment. [Complaint, ¶ 33.] She merely claims that she did not execute the Agreement on **April 2, 2002**, because she was not working for GLOBAL at that time. [Declaration of Plaintiff, ¶ 3.] As Ms. Croteau explains in her Supplemental Declaration, the Agreement was electronically executed when Plaintiff first applied for employment on the GLOBAL/World Lending Group website. [Sandra Croteau Supplemental Declaration, ¶ 3.] The formal effective date of Plaintiff's employment was not until July 29, 2002, after GLOBAL/World Lending Group completed the background check and approved the application. [Sandra Croteau Supplemental Declaration, ¶ 4.] Clearly, Plaintiff executed a series of employment agreements with GLOBAL/World Lending Group, all of which contained an arbitration provision and a forum-selection clause identical to those set forth in Exhibit "A" to Ms. Croteau's initial Declaration and Supplemental Declaration.

## III

## THE FORUM-SELECTION CLAUSE APPLIES TO PLAINTIFF'S CLAIMS IN THIS CASE

Plaintiff's claims are subject to the forum-selection clause. Plaintiff's arguments to the contrary ignore the substance of her claims and the fact that her claims all arise from the legal

RC1/5078492.1/DB
REPLY TO OPPOSITION TO MOTION TO
DISMISS FOR IMPROPER VENUE
- 2 -
CASE NO. C 07 6026 MHP

relationship between Plaintiff and GLOBAL which emanated from the Agreement. Plaintiff does not contest GLOBAL's arguments in its moving papers that as a direct consequence of the employment relationship between Plaintiff and GLOBAL established by the Agreement, Plaintiff is seeking to recover compensation to which she believes she is entitled for expenses she incurred in the course and scope of her employment with GLOBAL. Moreover, Plaintiff does not refute GLOBAL's contention in its moving papers that it will contend that the duties and obligations at issue in this lawsuit are governed by the terms and provisions of the Agreement.

Plaintiff's reliance on *Manetti-Farrow, Inc. v. Gucci America, Inc.* (9th Cir. 1988), 858 F.2d 509, is unavailing. As Plaintiff notes, the *Manetti-Farrow* court held that the plaintiff's tort claims were subject to the forum-selection clause because they were related to the rights and duties which emanated from the exclusive dealership contract. [*Id.* At 514.] Similarly in our case Plaintiff's claims against GLOBAL emanate from the alleged employment relationship between Plaintiff and GLOBAL which was established and created by the Agreement. Plaintiff's argument that "the reimbursement of automobile expenses is not referenced anywhere in the Agreement" misses the point. GLOBAL will contend that the Agreement governs all issues of compensation and financial liability, including the reimbursement of expenses, between Plaintiff and GLOBAL. Accordingly, GLOBAL's defense in this case is based on the enforcement of the Agreement.

As the Court in *Pendleton Enterprises, Inc. v. The Iams Company* (C.D. UT. 1994) 851 F.Supp. 1503, 1505, held:

> Where enforcement of a provision of a distributorship agreement is clearly a defense to a claim, that claim should be considered to fall within the scope of the forum-selection clause that applies to any action to enforce the provision of the agreements. Otherwise, the intent of the clause might be defeated simply by winning a race to court.

Similarly, Plaintiff's effort to distinguish *Olinick v. BMG Entertainment* (2006) 138 Cal.App.4th 1286 are equally unavailing. Although the language at issue in that case, i.e., "the resolution of all disputes arising under this Agreement" may be broader than the language of the clause of the forum-selection clause in our case, i.e., "the enforcement of this Agreement," the

1  comparative breadth of the clauses is not relevant nor it is determinative of whether Plaintiff's
2  claims are subject to the forum-selection clause of the Agreement. As discussed above,
3  Plaintiff's claims for reimbursement of expenses allegedly incurred during the course and scope
4  of her employment with GLOBAL are "inextricably intertwined with the construction and
5  enforcement of the Agreement." [e.g., *Id.* at 1300.]

## IV

## PLAINTIFF HAS FAILED TO MEET HER BURDEN OF PROOF AS TO THE ALLEGED UNREASONABLENESS OF THE FORUM-SELECTION CLAUSE

Plaintiff attempts to rely on *Murphy v. Schneider National, Inc.* (9th Cir. 2004 362 F.3rd 1133) to support her argument that the enforcement of the forum-selection clause in our case would be unreasonable. However, unlike the plaintiff in *Murphy*, Plaintiff has failed to present facts sufficient to meet her burden of proof on this issue. [*See, e.g., Smith, Valentino & Smith, Inc., v. Superior Court* (1976) 17 Cal.3d 491, 496 ("'Mere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that the plaintiff received under the contract consideration for these things.'"]

Plaintiff's Declaration asserts only that it would be a financial burden for her if this Court enforces the forum-selection clause in the Agreement. Such a claim, without more, is entirely insufficient. [*Talatala v. Nippon Yusen Kaisha Corporation* (HA. 1997) 974 F.Supp. 1321, 1326 (citing, *Carnival Cruise Lines, Inc. v. Shute* (1991) 499 U.S. 585).]

Specifically, Plaintiff has identified only two sources of income, but interestingly, fails to state that these are her **only** sources of income. [Declaration of Plaintiff, ¶ 4.] She implies that she is currently unemployed, but does not affirmatively assert this. Moreover, she fails to provide any facts that: (1) explain why she is unemployed; (2) establish she has looked for but cannot find employment; or (3) explain that she cannot reasonably expect to be employed in the near future. Furthermore, she provides no disclosure of her current or future expenses, or any other fact on which this Court could base a determination that litigating in Georgia would be "so gravely difficult and inconvenient that [she] will for all practical purposes be deprived of [her] day in court." [*Bremen v. Zapata-Offshore Company* (1972) 407 U.S. 1, 15.]

RC1/5078492.1/DB
REPLY TO OPPOSITION TO MOTION TO
DISMISS FOR IMPROPER VENUE
- 4 -
CASE NO. C 07 6026 MHP

1    Although the court in *Murphy v. Schneider National, Inc., supra*, held that the court must
2    draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in
3    favor of the non-moving party, this Court is not required to do so if Plaintiff fails to meet her
4    "heavy burden of proof." [See, e.g., *Three Brothers Trucking, Inc. v. Exel Global Logistics, Inc.*
5    (N.D. CA. 2006) 2006 U.S. Dist. LEXIS 33040.]

6    Unlike Plaintiff, the plaintiff in *Murphy v. Schneider National, Inc., supra*, was suing on a
7    personal injury claim, and submitted specific facts to the court establishing the financial inability
8    to litigate in the selected forum, that a disability would prevent him from driving to the state of
9    the selected forum, that his wife could not drive him, and that even with a driver, he could not sit
10   for more than an hour in a car. [*Murphy v. Schneider National, Inc., supra*, 362 F.3rd at 1141-
11   1142.] Unlike the plaintiff in *Murphy*, and as discussed in more detail above, Plaintiff has failed
12   to provide this Court with fundamental facts establishing any financial or physical inability to
13   litigate her claims pursuant to the forum-selection clause of the Agreement.

14   Additionally, Plaintiff's reliance on *Spradlin v. Lear Siegler Management Services*
15   *Company, Inc.*, (9th Cir. 1990) 926 F.2nd 865, is misplaced. Plaintiff conveniently fails to address
16   the *Spradlin* court's ultimate findings in that case. As discussed in detail in defendant's moving
17   papers, the *Spradlin* court refused to set aside a forum-selection clause in an employment
18   agreement that required a California plaintiff to litigate his employment dispute with his former
19   employer in Saudi Arabia.

20                                            V

21              **THE FORUM-SELECTION CLAUSE IS NOT UNCONSIONABLE**

22   The three cases relied on by Plaintiff to support her argument that the forum-selection
23   clause is unconscionable with respect to the "place and manner" provisions, address only
24   arbitration provisions and not a forum-selection clause. They are, therefore, inapplicable.
25   Moreover, each decision is clearly distinguishable.

26   In *Bolter v. Superior Court* (2001) 87 Cal.App.4th 900, the court clearly based its findings
27   of unconsionability on the fact that the defendant franchisor recently changed the provisions of
28   the franchise agreement to require arbitration in Utah, rather than California as the initial

franchise agreements provided. Plaintiffs were franchisees since the early 1980's. They filed their complaint in 1988 asserting that within the previous four years, the defendant franchisor breached the agreements and the covenant of good faith and fair dealing by modifying "the franchise agreements at every opportunity 'to liberalize the obligations of [the defendant]' and 'constrict the rights of the franchisees.'" [Id. at 902-903.] The *Bolter* plaintiffs further alleged that "'at the time [the defendant] commenced the wrongful conduct upon which this action is based, all [plaintiffs] had extant written agreements with [the defendant] providing that jurisdiction would be in, and the governing law would be of, the State of California' but 'some of the more recent agreements provide that the franchisee shall submit to the jurisdiction of the State of Utah in any litigation involving the contract . . . .'" [Id. at 903.] The *Bolter* court based this decision on these circumstances finding that "petitioners were told they must agree to the new franchise terms in order to *continue* running their franchises. Only a person contemplating whether to purchase a franchise for the first time would have been in a position to reject [the respondent's] 'take it or leave it' attitude." [Id. at 907.] The *Bolter* court further noted that "[w]hen petitioner first purchased their . . . franchises in the early 1980's, [the respondent] was headquartered in California, and the franchise agreement did not contain an arbitration provision. Thus, they never anticipated [the respondent] would relocate its headquarters to Utah and mandate that all disputes be litigated there." [Id. at 909.] The *Bolter* court further based its findings on the court that the arbitration provision prohibited class actions and were not entirely mutual since the respondent was entitled to pursue certain claims in court. [Id. at 909, fn. 2.] None of these elements are present in our case.[1] Moreover, the *Bolter* court's rationale is not applicable in our case since, ultimately, the court severed the unconscionable provisions pursuant to California Civil Code section 1670.5 and enforced the remainder of the arbitration provision. [Id. at 910.]

In *Comb v. PayPal, Inc.* (N.D. CA. 2002) 218 F.Supp.2nd 1165, the plaintiffs were consumers asserting claims against PayPal based on its handling of on-line payment funds and its

---

[1] To the extent Plaintiff may argue that new agreements were executed annually, each of these agreements contained forum-selection clauses identical to the clause in the initial Agreement.

RC1/5078492.1/DB
**REPLY TO OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE**                - 6 -                CASE NO. C 07 6026 MHP

failure to respond to customers' complaints. Although the court found the arbitration provision unconscionable in part, it based its decision on the fact that the user agreements at issue in that case prohibited consolidation of claims and the fact that the average transaction through PalPal was $55.00. The court specifically noted that no authority was cited "holding that it is reasonable for individual consumers from throughout the country to travel to one locale to arbitrate claims involving such **minimal sums**" [*Id.* at 1177. Emphasis added.] Unlike the agreement in *Comb*, the Agreement in our case does not prohibit consolidation of claims, nor are the magnitude of potential disputes under the agreement related in any degree to the "minimal sums" at issue in *Comb*.

Finally, *Armendariz v. Foundation Health PsychCare Services, Inc.* (2000) 24 Cal.4th 83, has absolutely no application in our case. In *Armendariz*, the court based its finding of unconsionability on the fact that the arbitration provision was effectively one-sided. The provision only required employees to arbitrate their wrongful term claims, but did not restrict the employer to arbitration for any claim it had against the employees arising from the employee's termination. [*Id.* at 120.] Moreover, the *Armendariz* court found that the "unconscionable one-sidedness of the arbitration agreement is compounded in this case by the fact that it does not permit the full recovery of damages for employees while placing no such restriction on the employer." [*Id.* at 121.] Obviously, these factors are not present in our case, and Plaintiff makes no such claim.

## VI

### THE FORUM-SELECTION CLAUSE IS NOT UNREASONABLE WITH RESPECT TO THE PUTATIVE CLASS

Plaintiff provides no factual or legal support for her claim that it is unreasonable to require class members to litigate their claims in Georgia. For the reasons discussed above and in defendant's moving papers, the forum-selection clause is entirely reasonable, and Plaintiff has failed to meet her burden of proof to prove otherwise with respect to herself or the putative class.

//

//

//

## VII

## CONCLUSION

Based on the foregoing, GLOBAL respectfully requests the Court grant its Motion to Dismiss Plaintiff's complaint based on improper venue. Alternatively, in the event this Court finds the existence of disputed facts essential to its decision, GLOBAL respectfully requests an evidentiary hearing to resolve such disputed facts. [*Murphy v. Schneider National, Inc.* (9th Cir. 2004) 362 F.3rd 1133, 1142-1143.]

Dated: March 3, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
J. MARK THACKER
Attorneys for Defendant
GLOBAL EQUITY LENDING, INC.

RC1/5078492.1/DB
**REPLY TO OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE**     - 8 -     CASE NO. C 07 6026 MHP