HERBERT HAFIF (SBN 27311)
GREG K. HAFIF (SBN 149515)
LAW OFFICES OF HERBERT HAFIF, APC
269 West Bonita Avenue
Claremont, CA 91711-4784
Telephone: (909) 624-1671
Facsimile: (909) 625-7772

STEVEN L. MILLER (SBN 106023)
16133 Ventura Boulevard, Suite 1200
Encino, CA 91436
Telephone: (818) 986-8900
Facsimile: (818) 990-7900

SCOTT A. MILLER (SBN 230322)
LAW OFFICES OF SCOTT A. MILLER, APC
16133 Ventura Boulevard, Suite 1200
Encino, CA 91436
Telephone: (818) 788-8081
Facsimile: (818) 788-8080

Attorneys for Plaintiff
DOLORES A. ARREGUIN

RICHARD M .WILLIAMS (SBN 68032)
GREGORY M. GENTILE (SBN 142424)
J. MARK THACKER (SBN 157182)
ROPERS, MAJESKI, KOHN & BENTLEY
80 North First Street
San Jose, CA 95113
Telephone: (408) 287-6262
Facsimile: (408) 918-4501

Attorneys for Defendant
GLOBAL EQUITY LENDING, INC.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOLORES A. ARREGUIN, for herself and other members of the general public similarly situated,

Plaintiff,

v.

GLOBAL EQUITY LENDING, INC., a Georgia Corporation; and DOES 1 through 10, Inclusive,

Defendant.

CASE NO. C 07 6026 MHP

**JOINT CASE MANAGEMENT STATEMENT**

**Date:** **March 10, 2008**
**Time:** **4:00 p.m.**
**Dept.:** **Courtroom 15, 18th Floor**

Complaint filed: November 29, 2007

Pursuant to this Court's Civil Local Rules ("Civ. L.R.") 16-7 and 16-8, the parties jointly submit this Case Management Statement and Proposed Order. Each party certifies that its lead trial counsel who will try this case met and conferred for the preparation of this Statement as required by Civ. L.R. 16-4.

**The parties make the following representations and recommendations:**

Defendant GLOBAL EQUITY LENDING, INC. ("GLOBAL") has filed a motion to compel arbitration pursuant to contract and a motion to dismiss based on a venue selection clause which GLOBAL EQUITY LENDING, INC. alleges Plaintiff DOLORES ARREGUIN contractually agreed to. Said motions are presently set for hearing March 17, 2008 at 2:00 p.m. in Courtroom 15, 18th Floor, before the Honorable Marilyn Hall Patel.

Plaintiff DOLORES ARREGUIN has filed oppositions to these motions.

To the extent the Court grants the motion to compel arbitration, the Court may have limited jurisdiction over this matter since the Plaintiff's claims will necessarily need to be determined by the arbitrator pursuant to the agreement but any award would need to be confirmed by the Court. To the extent the Court grants the motion to dismiss based on the venue selection clause, the Court will lose jurisdiction over this matter altogether since Plaintiff's claims would necessarily need to be determined in the State of Georgia, Gwinnett County, or Cobb County.

Thus, this Case Management Conference Statement and Conference may be premature in light of the pending motions.

**A. JOINT STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION:**

Plaintiff has filed an action in this Court seeking to enforce her rights, and those of a proposed class, arising from their employment relationship with Defendant GLOBAL EQUITY LENDING, INC. GLOBAL EQUITY LENDING, INC. alleges that Plaintiff's relationship with GLOBAL is governed by an agreement which includes a forum selection provision, and an arbitration clause.

Plaintiff's Complaint alleges that she was employed by GLOBAL from approximately July 2002 to June 10, 2007. She further alleges that GLOBAL is in the business of providing loans to the general public. She further alleges that she was employed by GLOBAL during the

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

relevant timeframe as Senior Associate, Regional Marketing Director, and Senior Marketing Director.

Plaintiff's Complaint includes "any outside sales agent of Defendant Global in the State of California within the four years preceding the filing of this complaint who were paid on a commission-only basis and incurred mileage in the course and scope of employment by using their personal automobiles and were not reimbursed for the actual automobile expenses, up to and including the time that the action is certified as a class action."

Plaintiff alleges that pursuant to California law (Labor Code §2802), she was entitled to recover her automobile expenses.

Plaintiff seeks damages and injunctive relief claiming that GLOBAL had a duty and was obligated to reimburse her and the proposed class members for actually expenses incurred in their use of personal automobiles in the course and scope of their employment with GLOBAL. GLOBAL denies these allegations and asserts that its duties and obligations to its employees, such as Plaintiff and the proposed class members, are governed by the terms and provisions of the Agreement.

**B. PRINCIPAL ISSUES (Emboldened text reflects issues from Plaintiff's perspective).**

1. The principal factual issues that the parties dispute are:

(a) The legal effect of the Agreement that is presently before this Court by way of GLOBAL EQUITY LENDING, INC.'s motion to compel arbitration and motion to dismiss.

**(b) Whether Plaintiff DOLORES ARREGUIN executed and/or otherwise approved of said Agreement.**

(c) **Whether GLOBAL reimbursed its commissioned sales staff for mileage?**

2. The principal legal issues that the parties dispute are:

(a) The legal effect of the Agreement that is presently before this Court by way of GLOBAL EQUITY LENDING, INC.'s motion to compel arbitration and motion to dismiss.

(b) Whether Plaintiff DOLORES ARREGUIN executed and/or otherwise approved of said Agreement.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

(c) Whether GLOBAL is required to compensate its commissioned **sales staff for mileage?**

**(d) Whether GLOBAL was in violation of Labor Code sections 226 and 2802 for not reimbursing is commissioned sales staff for mileage?**

(e) Whether GLOBAL was in violation of Business & Professions **Code section 17200 et seq. for its failure to provide mileage reimbursement to its sales staff?**

**(f) Whether Plaintiff DOLORES ARREGUIN and the putative class is entitled to have her attorney's fees and costs reimbursed under Labor Code section 2699(f)?**

3. The following issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue remain unresolved:

GLOBAL EQUITY LENDING has filed a motion to compel arbitration pursuant to the Agreement approved by DOLORES ARREGUIN and has also filed a motion to change venue pursuant to that Agreement. As of the filing of this Case Management Conference Statement, these issues remain unresolved and are presently pending before the Court by way of two separate motions, scheduled to be heard March 17, 2008.

4. The following parties have not yet been served: N/A

5. Additional parties that a party intends to join are listed below:

| Party | Additional Parties | Deadline |
|---|---|---|
| Defendant | N/A | N/A |
| Plaintiff | **Plaintiff will be adding World Leadership Group, Inc.** | **May 9, 2008** |

6. Any additional claims that a party intends to add are listed below:

| Party | Additional Claims | Deadline |
|---|---|---|
| Defendant | (1) N/A | Unknown |
| Plaintiff | **Failure to pay all wages at the time of discharge (Labor Code Sections 201, 202 and 203); (2) Failure to pay all wages at the times required (Labor Code Sections 204 and/or 204(b); (3) Failure to** | **May 9, 2008** |



Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

**provide proper itemized wage statements (Labor Code section 226(a)); and (4) Negligent Misrepresentation**

## C. ALTERNATIVE DISPUTE RESOLUTION

The parties have been unable to agree on an ADR procedure. The party(ies) listed below believes that the case is appropriate for the ADR procedure indicated:

In light of the present motions before this Court, and the effect that the granting of either one of these motions may have on the future course of this case in the Federal District Court for the Northern District of California, Defendant believes that ADR under the auspices of this Court is premature.

The parties make the following additional suggestions concerning settlement: N/A

The Court hereby orders: ______________________________________________

______________________________________________________________

______________________________________________________________.

## D. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE

Parties consent to a jury or court trial presided over by a magistrate judge: **ARREGUIN and GLOBAL will not consent to jurisdiction by a Magistrate Judge.**

## E. DISCLOSURES

The parties certify that they have made the following disclosures:

1. Persons disclosed pursuant to Civ. L.R. 16-5:

   a. Disclosed by Defendant

      (1) DOLORES ARREGUIN

      (2) Sandy Croteau, and potential Persons Most Knowledgeable as determined by Defendant.

   b. Disclosed by Plaintiff

      (1) DOLORES ARREGUIN

      (2) Sandy Croteau

2. Categories of documents disclosed under Civ. L.R. 16-5 or produced through

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

formal discovery:

a. Categories of documents disclosed by Defendant:

(1) Contracts and/or Agreements between GLOBAL EQUITY LENDING and DOLORES ARREGUIN.

b. Categories of documents disclosed by Plaintiff:

**(1) On-line sign up documents;**

**(2) Compensation plan documents;**

**(3) Labor Commission case;**

**(4) History of compensation plans;**

**(5) Loan Document Summary;**

**(6) Membership agreement – World Leadership Group, Inc.;**

**(7) World Lending Group – employment agreement;**

**(8) 2002 W-2;**

**(9) Appointments chart;**

**(10) DRE Licensing;**

**(11) Loan documents for Mulcahy;**

**(12) Receipts from World Lending Group;**

**(13) 2003 Form 1099;**

**(14) Global Equity Lending, Inc. employment agreement; and**

**(15) Documents submitted to LWDA and LWDA Right to Sue Letter.**

3. Each party who claims an entitlement to damages or an offset sets forth the following preliminary computation of the damages or of the offset:

**It is premature to make a mileage reimbursement damage calculation for Arreguin and the putative class as discovery has not commenced.**

4. All insurance policies as defined by Fed. R. Civ. P. 26(a)(1)(D) have been disclosed as follows:

| Party | Type of Policy and Policy No. | Policy Limits |
|---|---|---|
| Defendant | Westchester Fire Insurance Company, Policy #N01913281003 | N/A<br>Coverage declined by carrier. |
| Plaintiff | | |

5. The parties will disclose the following additional information by the date listed:

| Party | Disclosure | Deadline |
|---|---|---|
| Defendant | Additional documents | TBD |
| Plaintiff | | TBD |

6. Disclosures as required by Fed. R. Civ. P. 26(e) will be supplemented at the following intervals: TBD

## F. EARLY FILING OF MOTIONS

The following motions expected to have a significant effect either on the scope of discovery or other aspects of the litigation shall be heard by the date specified below:

| Moving Party | Nature of Motion | Hearing Date |
|---|---|---|
| Defendant | Motion to Compel Arbitration | March 17, 2008 |
| Defendant | Motion to Change Venue | March 17, 2008 |
| Plaintiff | **Motion To Add New Party Defendant** | **June 9, 2008** |

## G. DISCOVERY

1. The parties have conducted or have underway the following discovery: N/A

2. The parties have negotiated the following discovery plan: N/A

3. Limitations on discovery tools in accordance with Civ. L.R. 30-1, 33-1 (specify number): N/A pending disposition of aforementioned motions.

4. The parties agree to the following limitations on the subject matter of discovery: N/A pending disposition of aforementioned motions.

5. Discovery from experts. The parties plan to offer expert testimony as to the following subject matter(s): N/A pending disposition of aforementioned motions.

6. The Court orders the following additional limitations on the subject matter of discovery: ______________________________________________

7. Deadlines for disclosure of witnesses and completion of discovery: N/A pending disposition of aforementioned motions.

**H. PRETRIAL AND TRIAL SCHEDULE**

N/A pending disposition of aforementioned motions.

**I. Date of next case management/status conference:** ____________________

**J. OTHER MATTERS**

**K. IDENTIFICATION AND SIGNATURE OF LEAD COUNSEL**

Identify by name, address and phone number lead trial counsel for each party.

Plaintiff: Greg K. Hafif
Charles Hill
Law Offices of Herbert Hafif, APC
269 West Bonita Avenue
Claremont, CA 91711-4784
(909) 624-1671

Charles E. Hill for Greg Hafif

Defendant: Richard M. Williams
Gregory M. Gentile
Ropers, Majeski, Kohn & Bentley
80 North First Street
San Jose, CA 95113
(408) 287-6262

The court finds that each party was represented by lead trial counsel responsible for trial of this matter and was given an opportunity to be heard as to all matters encompassed by this Case Management Statement and Proposed Order filed prior to this conference. The court adopts this statement as modified and enters of this court pursuant to Civ. L.R. 16-8(b).

The foregoing joint statement as amended is adopted by this court as the Case

///

///

Management Order in this action in accordance with Civ. L.R. 16 and other applicable Local Rules, and shall govern all further proceedings in this action.

IT IS SO ORDERED.

Date: ______________

______________________________
Marilyn Hall Patel,
United States District Judge

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

**CASE NAME: ARREGUIN v. GLOBAL EQUITY LENDING**

**ACTION NO.: C 07 6026**

**PROOF OF SERVICE**

1. At the time of service I was over 18 years of age and not a party to this action and a Citizen of the United States.

2. My business address is 80 North First Street, San Jose, CA 95113.

3. On March 3, 2008 I served the following documents:

**JOINT CASE MANAGEMENT STATEMENT**

4. I served the documents on the persons at the address below (along with their fax numbers and/or email addresses if service was by fax or email):

Charles Hill, Esq.
Law Offices of Herbert Hafif, APC
269 West Bonita Avenue
Claremont, CA 91711-4784
(909) 624-1671
(909) 625-7772 (Fax)
**Attorneys for Plaintiff**
charles.hill@hafif.com

Steven L. Miller, Esq.
16133 Ventura Boulevard, Suite 1200
Encino, CA 91436
(818) 986-8900
(818) 990-7900 (Fax)
**Attorneys for Plaintiff**

Scott A. Miller, Esq.
Law Offices of Scott A. Miller, APC
16133 Ventura Boulevard, Suite 1200
Encino, CA 91436
(818) 788-8081
(818) 788-8080 (Fax)
**Attorneys for Plaintiff**

5. I served the documents by the following means:

☒ BY ELECTRONIC FILING/SERVICE. I caused such document(s) to be Electronically Filed and Served through the ECF Courtlink system for the above-entitled case to those parties on the Service List maintained on the Court's Website for this case. The file transmission was reported as completed and a copy of the filing receipt will be maintained with the original document(s) in our office.

I am employed in the office of a member of the bar of this court at whose direction the service was made. I certify under penalty of perjury that the foregoing is true and correct.

Date: March 3, 2008

Bonnie Langston
Type Name

Bonnie Langston
Signature

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose