1  RICHARD M. WILLIAMS (SBN 68032)
   GREGORY M. GENTILE (SBN 142424)
2  J. MARK THACKER (SBN 157182)
   ROPERS, MAJESKI, KOHN & BENTLEY
3  80 North First Street
   San Jose, CA  95113
4  Telephone:  (408) 287-6262
   Facsimile:  (408) 918-4501
5
6  Attorneys for Defendant
   GLOBAL EQUITY LENDING, INC.
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 DOLORES A. ARREGUIN, for herself           CASE NO. C 07 6026 MHP
   and other members of the general public
12 similarly situated,                        NOTICE OF MOTION AND MOTION OF
                                              DEFENDANT GLOBAL EQUITY
13              Plaintiff,                    LENDING, INC. FOR PROTECTIVE
                                              ORDER AND MOTION FOR SANCTIONS
14       v.                                   AGAINST DOLORES ARREGUIN
                                              AND/OR HER COUNSEL OF RECORD;
15 GLOBAL EQUITY LENDING, INC., a             MEMORANDUM OF POINTS AND
   Georgia Corporation; and DOES 1 through    AUTHORITIES; DECLARATION OF
16 10, Inclusive,                             GREGORY M. GENTILE

17              Defendant.                    Date:       June 9, 2008
                                              Time:       2:00 p.m.
18                                            Courtroom:  15, 18th Floor
                                              Judge:      Hon. Marilyn Hall Patel
19
                                              Complaint filed:  November 29, 2007
20

21 **TO PLAINTIFF AND TO HER ATTORNEYS OF RECORD:**

22       **PLEASE TAKE NOTICE** that on Monday, June 9, 2008, at the hour of 2:00 p.m., in

23 Courtroom 15 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco,

24 California, 94102, the Honorable Marilyn Hall Patel, presiding, Defendant GLOBAL EQUITY

25 LENDING, INC., ("GLOBAL") will hereby move for a protective order on the grounds that

26 Plaintiff is seeking document and deposition discovery that is contrary to Court directive on

27 March 17, 2008. Said discovery is burdensome, oppressive, harassing and exposing GLOBAL to

28

NOTICE OF MOTION FOR PROTECTIVE ORDER         - 1 -                CASE NO. C 07 6026 MHP
RC1/5110629.1/BL1

1  undue expense, and is clearly prejudiced to GLOBAL.

2  Further, GLOBAL will hereby request this Court to order Plaintiff and/or her counsel to
3  pay monetary sanctions to GLOBAL for the attorney's fees and expenses incurred in bringing this
4  motion.

5  Said motion will be based on Federal Rule of Civil Procedure 26(c) and 37(a)(5), and on
6  the attached Memorandum of Points and Authorities in Support thereof, the Declaration of
7  Gregory M. Gentile, and such other pleadings and matters that may be presented to the Court at
8  the time of the hearing.

9  Dated: May 1, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
/ RICHARD M. WILIAMS
GREGORY M. GENTILE
J. MARK THACKER
Attorneys for Defendant
GLOBAL EQUITY LENDING, INC.

RICHARD M. WILLIAMS (SBN 68032)
GREGORY M. GENTILE (SBN 142424)
J. MARK THACKER (SBN 157182)
ROPERS, MAJESKI, KOHN & BENTLEY
80 North First Street
San Jose, CA 95113
Telephone:  (408) 287-6262
Facsimile:  (408) 918-4501

Attorneys for Defendant
GLOBAL EQUITY LENDING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES A. ARREGUIN, for herself and other members of the general public similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>GLOBAL EQUITY LENDING, INC., a Georgia Corporation; and DOES 1 through 10, Inclusive,<br><br>  Defendant. | CASE NO. C 07 6026 MHP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GLOBAL EQUITY LENDING, INC. FOR PROTECTIVE ORDER AND REQUEST FOR MONETARY SANCTIONS**<br><br>Date:       June 9, 2008<br>Time:       2:00 p.m.<br>Courtroom: 15, 18th Floor<br>Judge:      Hon. Marilyn Hall Patel<br><br>Complaint filed:  November 29, 2007 |

## I. INTRODUCTION

Plaintiff has filed this action seeking to enforce her rights, and those of a proposed class, arising from their "employment" relationship with Defendant GLOBAL EQUITY LENDING, INC. (hereinafter referred to as "GLOBAL"). Plaintiff's relationship with GLOBAL is governed by a written agreement ("Agreement") which includes a forum-selection provision. In essence, the Agreement provides that venue **shall** be in Cobb County or Gwinnett County Superior Court, Georgia. The Agreement also has a binding arbitration clause. Both provisions are valid and

enforceable. GLOBAL moved this Court to enforce these two provisions. The motions were heard on March 17, 2008. The Court placed its ruling on said motions in abeyance pending limited depositions on the sole issue of whether Plaintiff consented to the contract.[1]

GLOBAL brings this motion for a protective order in light of Plaintiff's deposition notice and attendant document demand requiring production of myriad categories of documents, most of which are irrelevant to the contract/consent issue presently before the Court. The documents sought by Plaintiff are well beyond the scope of the Court's intent in making its directive for depositions. Despite GLOBAL's objections, Plaintiff insists that all documents be produced by way of its procedurally defective request. Pursuant to FRCP 26(c), a district court has discretion to grant a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. It also has the power to control or limit discovery as to particular issues. GLOBAL hereby makes application to this Court for such a protective order and a request for monetary sanctions for the attorney's fees it has incurred in making this motion. As set forth below, the excerpt from the court transcript expressly limited the discovery to **depositions** and framed the inquiry **as to the issue of the contract and Plaintiff's consent**. Plaintiff's request and discovery clearly goes well beyond this area and seeks to reach into areas not embraced by the Court's directive, many of which are presently irrelevant at this stage of the litigation.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Complaint alleges that she was employed by GLOBAL from approximately July, 2002 to June 10, 2007. (Complaint, ¶7). Plaintiff further alleges that GLOBAL is in the business of providing loans to the general public. [*Id.*] Additionally, Plaintiff alleges that she was employed by GLOBAL during the relevant time frame as a Senior Associate, Regional Marketing Director and Senior Marketing Director. (Complaint, ¶3).

According to the Complaint, Plaintiff's proposed class includes "any outside sales agent of Defendant GLOBAL in the State of California within the four years preceding the filing of this

---

[1] At the time of the hearing, GLOBAL could locate only an April 2, 2002 Agreement which had been electronically accepted by Plaintiff, thus providing the impetus for the Court to require depositions.

MEMO OF POINTS & AUTHORITIES IN SUPPORT
OF MOTION FOR PROTECTIVE ORDER - 2 - CASE NO. C 07 6026 MHP
RC1/5112815.1/GMG

Complaint who were paid on a commission-only basis and incurred mileage in the course and scope of employment by using their personal automobiles and were not reimbursed for the actual automobile expenses, up to and including the time that the action is certified as a class action." (Complaint, ¶10). Plaintiff's Complaint seeks damages and injunctive relief claiming that GLOBAL had a duty and was obligated to reimburse Plaintiff and the proposed class members for the actual expenses incurred in their use of personal automobiles in the course and scope of their employment with GLOBAL. GLOBAL denies these allegations and asserts that its duties and obligations to Plaintiff and the proposed class members are governed by the terms and provisions of the Agreement accepted by Plaintiff.

It is GLOBAL'S contention that Plaintiff executed an Agreement commensurate with her relationship with GLOBAL in which she was to function as an outside sales person. The Agreement includes a forum-selection clause designating proper venue for an action such as this to be in Cobb County or Gwinnett County Superior Court, Georgia. That Agreement also includes a requirement that any controversy claim or dispute goes to binding arbitration. Accordingly, Plaintiff's claims must be litigated in the State of Georgia and that the litigation of her dispute should be by binding arbitration.

In light of the Agreement, GLOBAL filed motions to compel arbitration and to change venue. The hearing on these motions took place on March 17, 2008. Based on the record presented at the time of the hearing, the Court was reluctant to render a ruling and instead ordered that the parties engage **in depositions** on the discreet issue of the "contract" and plaintiff's consent to its terms. However, the actual Minute Order was apparently incomplete and did not reference the right of Plaintiff to take depositions. (Gentile Declaration, Exhibit A). GLOBAL has since obtained the actual transcript of the hearing and has provided it to Plaintiff's counsel as part of the "meet and confer" process prior to bringing this Motion. Said transcript provides a clear record and expresses the intent of the Court as to this limited discovery in order to resolve this pending issue.

### III. THE COURT RECORD REFLECTS ONLY LIMITED DISCOVERY

As stated in the transcript of proceedings, the Court's concern was expressed as follows:

///

> THE COURT: Is there an actual signed, as with a signature as opposed to, you know, an online entry of the name which is treated as a signature, et cetera, of Ms. Arreguin with respect to any of the employment, quote, agreements, including any subsequent ones, I guess that may have occurred where there were form (sic) [forum] selection clauses and/or arbitration clauses. (Transcript of Hearing: Gentile Declaration, Exhibit B, p. 2: 18-24).

Further on in the transcript the Court stated as follows:

> THE COURT: I think what we need to do is to clear up the confusion. I know I can go to the issue of the form (sic) [forum] selection clause and, you know are you here in or in Georgia or what happened as a result, you know. **But I think we really need to nail down whether she accepted the terms of the employment agreement** and then we can go to the second question. (Transcript of Hearing: Gentile Declaration, Exhibit B, p. 5: 14-19) (Emphasis added).

Lastly at the tail end of the hearing the Court was asked to clarify its directive:

> MR. WILLIAMS: Point of clarification, if I might.
>
> THE COURT: Yes.
>
> MR WILLIAMS: I presume you want us in these depositions to limit the questioning to this issue, the contract issue---
>
> THE COURT: Yes.
>
> MR WILLIAMS: --and not go into other issues of the case.
>
> **THE COURT: Not go onto other issues.**
>
> MR WILLIAMS: We can do that later.
>
> THE COURT: Right Exactly. This is without prejudice to further depositions on the merits. (Transcript of Hearing: Gentile Declaration, Exhibit B, p. 8: 10-21).

On April 3, 2008, GLOBAL noticed the deposition of Plaintiff for San Francisco, California with said deposition noticed for April 18, 2008. Said deposition notice requested no documents given the discreet issue involved. (Gentile Declaration). However, following receipt of GLOBAL's deposition notice and a brief phone conference to discuss the potential of Plaintiff's unavailability for said deposition on the noticed date and for the San Francisco location, Plaintiff served her own deposition notice with an attendant request to produce myriad categories of documents. (Plaintiff's Deposition Notice with document request, Gentile

MEMO OF POINTS & AUTHORITIES IN SUPPORT
OF MOTION FOR PROTECTIVE ORDER - 4 -   CASE NO. C 07 6026 MHP
RC1/5112815.1/GMG

Declaration, Exhibit C). Said deposition notice sought to compel GLOBAL's representatives (who are Georgia residents) to travel to California, and provide depositions on May 1, 2008 and also sought the production of numerous categories of documents on that same date.[2]

Perceiving the deposition notice and document request to be procedurally flawed and seeking documents and discovery far a field of what the Court envisioned, GLOBAL raised objections to Plaintiff's deposition notice in a letter dated: April 17, 2008. (Gentile Declaration, Exhibit D). The intent of this letter was to state Defendant's position regarding Plaintiff's improper notice seeking to compel GLOBAL's representatives to travel to California for deposition and Plaintiff's improper attempt to obtain production of documents at deposition. As set forth in Exhibit D, it was GLOBAL's position that document requests were not called for by the Court and further, that the service of the document requests were outside of the parameters of FRCP 34. Finally, said document requests were clearly overly broad, burdensome, oppressive and sought potentially confidential documents. Notably, GLOBAL served its formal objection to the same on April 21, 2008. (Gentile Declaration, Exhibit E). Several letters have now been exchanged between the parties including one which transmitted the Court's transcript, (Gentile Declaration, Exhibit F). Despite GLOBAL's objections, Plaintiff still seeks the production of all documents embraced by the document demand at the GLOBAL depositions and views the issue of obtaining all requested documents as "not negotiable". (Gentile Declaration, Exhibit G).

Although the parties have agreed to dates for the depositions, Plaintiff's document requests go far a field of the Court's directive and seeks documents that are well outside the immediate issue. Given the Court's inherent power, GLOBAL seeks this protective order.

### III. LEGAL ARGUMENT

A. **This Court May Impose a Protective Order Under Federal Rule of Civil Procedure 26(c)**

It is settled law that a district court has broad discretion in controlling discovery. *Little v. City of Seattle,* 863 F2d 681, 685 (9th Cir. 1988). It is also settled that for good cause a district court has discretion to issue a protective order to protect a party or person from annoyance,

---

[2] Plaintiff has since agreed to take these depositions by video-conferencing from his Los Angeles office.

MEMO OF POINTS & AUTHORITIES IN SUPPORT
OF MOTION FOR PROTECTIVE ORDER - 5 - CASE NO. C 07 6026 MHP
RC1/5112815.1/GMG

1  embarrassment, oppression, or undue burden or expense. (FRCP 26(c).

2      In general, FRCP 26 states:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending — or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> - forbidding the disclosure or discovery;
>
> - specifying terms, including time and place, for the disclosure or discovery;
>
> - prescribing a discovery method other than the one selected by the party seeking discovery;
>
> - forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

14  It is settled that protective orders may stay discovery altogether or limit discovery to particular issues. Limiting discovery to particular issues is appropriate where discovery on one issue may obviate the need for discovery on other issues, or if a pending motion may resolve the case. (*Horsely v. Feldt*, 304 F3d 1125, 1131 (11th Cir. 2002).

18  Here, GLOBAL asks this Court to issue a protective order precluding Plaintiff from obtaining the categories of documents articulated in Plaintiff's Request to Produce. The issue defined by the Court at the hearing was the contract and the issue of consent by the Plaintiff to the terms of the contract. It ordered that depositions be permitted on this limited issue. It ordered that Plaintiff could have two depositions to ensure that Plaintiff obtained the necessary information it may need. (The court said nothing about document requests). The Court's decision was fair and equitable given the limited issue involved. Rather than proceeding as the Court directed, Plaintiff chose, in addition to seeking depositions, to propound and serve a document request consisting of nineteen Requests to Produce. Notably, most of the requests are not confined to the specific issue framed by the Court, but go far a field of the issue and appear calculated to reach other issues. Moreover, the verbiage of the requests are not reasonably

particularized are well over broad and seek documents that could very well implicate GLOBAL's proprietary business information.

An example is Plaintiff's over-reaching request is Request Number One seeking documents purportedly relating to:

> The manner and methods of **recruiting third party potential applicants for employment** with GEL by use of the internet, **personal or public solicitation, advertisement, publication** and the like from the years 2000 to the present. (See Exhibit C). (Emphasis added).

This request clearly goes beyond the Court's Order regarding the discreet issue of the contract and the **Plaintiff's acceptance of its terms**. Literally read, it would require GLOBAL to produce records for the past eight years regarding its recruitment of potential applicants. Notably, it is not specific as to Plaintiff DOLORES ARREGUIN, but expands into a much larger and amorphous class of people, including "potential applicants", whatever that means. GLOBAL should not have to guess and the request is clearly overly broad and not reasonably particularized. The Court's Order was that Plaintiff could take two depositions concerning a discreet issue so that the Court would have the necessary information available to it to determine if Plaintiff consented to the Contract. It made no statement that Plaintiff could freely explore the entire gamut of GLOBAL's recruiting process, which Plaintiff is now seeking to do.

A further example of Plaintiff's over-reaching is Request 4, which sought:

> To the extent that it exists all information in written form concerning GEL's **policies and procedures, such as a manual** thereof, which states in some form GEL's active protocol for the employment of applicants, **criteria for hiring, pay rates and standards, bonus entitlements, overtime rates, reimbursement policies, time frames for payment of the aforementioned categories of payment for hirees, protocol for the manner and method for soliciting hirees, and the like**. (Exhibit C). (Emphasis added).

Again, similar to Request Number One Plaintiff seeks to go well beyond the Court's directive. GLOBAL's policies and procedures with respect to compensation has nothing to do with the discreet and singular issue raised by the Court as to Plaintiff DOLORES ARREGUIN. Plaintiff is seeking discovery as to the merits of the lawsuit. This is clearly improper and

MEMO OF POINTS & AUTHORITIES IN SUPPORT
OF MOTION FOR PROTECTIVE ORDER           - 7 -           CASE NO. C 07 6026 MHP
RC1/5112815.1/GMG

unauthorized. It is clear over-reaching by Plaintiff.

Likewise, Request 13 seeks

> All documents reflecting GEL's **policies and procedures or practices and protocol** concerning the hiring of **'non-Georgia' resident** employees like Plaintiff where there arises a dispute to be covered under paragraph 7 of GEL's MLOA". (Emphasis added).

This request seeks an amorphous class of documents that is far a field form the discreet issue framed by the Court. It is also vague and ambiguous in the extreme. If read literally, it would require GLOBAL to produce all documents reflecting policies and procedures with respect to hiring any individual in all states other than Georgia. Surely, such burdensome discovery was not contemplated by the Court and GLOBAL should be protected from the requirement to produce any such documents unrelated to Plaintiff, her Agreements and her consent to the same.

Additional defects surround Requests 2, 3, 5, 16, 18, and 19 which are all improper in that they either go well beyond the Court's directive or seek documents that implicate privileged material that have no bearing on the issue before the Court.

It should be noted that GLOBAL is not "hiding the ball" from Plaintiff. GLOBAL engaged in its initial disclosure on March 3, 2008 and has recently, and well in advance of the scheduled depositions, provided Plaintiff additional documents that it located regarding Plaintiff. Notably, as of the March 17 hearing the only document that GLOBAL could locate in its search for documents relating to Plaintiff was the Agreement attached to its motions entitled, "Global Equity Lending, Inc. Mortgage Loan Originator Employment Agreement" dated April 2, 2002. As the Court is aware, GLOBAL contends that this Agreement was electronically accepted by Plaintiff on that date and formed the basis for GLOBAL'S claim that Plaintiff had consented to both the arbitration clause and venue selection clause.

Since that time, GLOBAL located the additional documents, many of which that actually bear the signature of Plaintiff. Said documents were dutifully transmitted to Plaintiff's counsel by way of Exhibit G attached hereto with GLOBAL also supplementing its Rule 26 disclosure on April 30, 2008. Thus, it can hardly be argued that GLOBAL is hiding anything from Plaintiff.

It bears emphasis that the discreet and singular issue is the contract and Plaintiff's consent

1  to the same. Plaintiff surely should not be permitted to seek the documents that go beyond this
2  issue. It should be clear Plaintiff is seeking to engage in general discovery as to the merits before
3  the Court has decided the subject motions. A protective order is therefore appropriate to protect
4  GLOBAL and to ensure this matter remains on a proper course.

**B.  This Court May Impose a Protective Order Under Federal Rule of Civil Procedure 26(c)(7) for Good Cause.**

Further mischief is created by the requests, which if broadly read would implicate confidential and proprietary business information. Protection of GLOBAL's trade secrets and proprietary information would also be a sufficient good cause to permit this Court to grant this protective order. Federal Rule of Civil Procedure 26(c)(7) specifically authorizes issuance of a protective order concerning the disclosure of trade secrets. See *Brown Bag Software v. Symantec Corporation*, 960 F2d 1465, 1470 (9th Cir. 1992) (holding that Rule 26(c) entitles parties to protection from misuse of trade secrets by competitors). That section provides that, for good cause shown, a court may require that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. Proc. 26(c)(7). This Court may therefore ensure that Defendant's trade secrets are protected from disclosure, especially in light of the present posture of the case.

**C.  The Subject Document Demand attendant to Plaintiff's Deposition Notice Was Not in Conformity with FRCP 34.**

It is well known that a party seeking documents under the Federal Rules must provide proper notice. FRCP 34 requires that the time for inspection should be at least 30 days (extended 3 days by service by mail) after the request is served and the time and place must be reasonable. The fact that documents are sought by way of a deposition notice does not change the requirement. (See FRCP 34(b)(2)(a). A party who claims lack of sufficient notice may seek a protective order to enlarge the time for the taking of a deposition. (See *Blankenship v. Hearst Corp.* 519 F2d 418 (9th Circuit 1975). Here, Plaintiff initially served her deposition notice on April 11, 2008 seeking a deposition and attendant documents for a deposition on May 1, 2008. GLOBAL properly objected. This deposition notice and document demand provided GLOBAL

MEMO OF POINTS & AUTHORITIES IN SUPPORT
OF MOTION FOR PROTECTIVE ORDER                - 9 -                CASE NO. C 07 6026 MHP
RC1/5112815.1/GMG

much less than the required 30 day notice for production of documents pursuant to FRCP 34 and was thus clearly defective as to time. Plaintiff was apprised of this fact by way of letter and formal objection, yet continues with her quest to obtain documents at deposition based on a defective request.

### D. The Court's Protective Order Should Include An Order that Plaintiff Not Ask Global Representatives Questions Unrelated to the Contract or Plaintiff's Consent.

Obviously, any protective order regarding the requested documents must include an order that Plaintiff not make inquiry into areas that have no bearing on the discreet issue of the "contract" and Plaintiff's consent thereto. Plaintiff's deposition notice, (Exhibit C) seeks the deposition of Sandy Crouteau and a Person Most Knowledgeable ("PMK"). Notably, as to the PMK, Plaintiff has proffered five (5) discreet subject matters of inquiry (Exhibit C, p. 2-3). GLOBAL has objected to the same given the shear over-breadth and ambiguity of the descriptions. Although GLOBAL will cooperate and produce its witnesses to answer questions focused on the issue at hand, it has a legitimate concern that Plaintiff will seek to exploit the deposition process to obtain information that is irrelevant to the immediate issue and reach into other. At this stage of the litigation, Plaintiff should not be allowed to use the deposition process to obtain information from either the PMK or Ms. Crotreau that is unrelated to the contract and/or plaintiff' consent to its terms. Thus, any questions that seek to elicit information unrelated to Plaintiff DOLORES ARREGUIN, **and her consent** to the terms of the Agreement would be improper and irrelevant.

Merely reviewing several of the PMK description areas should convince the court that Plaintiff is exploiting the Court's directive and is expanding its inquiry into unwarranted and presently unrelated areas. Thus, to the extent Plaintiff will seek to ask questions unrelated to DOLORES ARREQUIN and reach into general areas of GLOBAL's practice and procedures regarding its advertisement, solicitation, recruiting and hiring of individuals, other than Plaintiff, such inquiry would be improper. A protective order should be issued to the extent that Plaintiff will seek to exploit the deposition process and seek information that is unrelated to the issues at hand. Again, it bears emphasis that GLOBAL **will produce its witnesses**, has agreed to do so,

and will cooperate with the process. However, Plaintiff must abide by the court's directive and, as the Court stated: "[N]ot go onto other issues".

### E. Global Should Be Awarded its Attorney's Fees and Court Costs.

Pursuant to FRCP 37(a)(5), GLOBAL should be awarded payment of its expenses for having to file this protective order.

FRCP §37(a)(5)(A) states as follows:

> If the motion is granted — the court must after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion.

Specifically, FRCP 26(c)(3) states that the sanctions rule of 37(a)(5) applies to the award of expenses.

As set forth in the Declaration of counsel, GLOBAL attempted to convince Plaintiff as to the impropriety of its over-reaching discovery. Not only did GLOBAL object to the same, but wrote several letters to Plaintiff's counsel advising him of its objections and seeking to dissuade Plaintiff's quest to obtain documents which were clearly outside the Court's directive. As set forth in the opposition's letter dated April 23, 2008 (Exhibit G), it was clearly Plaintiff's intent to obtain all of the documents within its categories. Notably, counsel considered the issue of the documents as "not-negotiable" GLOBAL had little choice but to protect its interests and to file this protective order. To the extent the Court agrees with GLOBAL's position, it should award GLOBAL its reasonable attorney's fees and costs as set forth in the Declaration of Gregory M. Gentile, attached hereto. Plaintiff was provided a copy of the transcript, which provided sufficient information as to how the Court wished the depositions to proceed. Nevertheless, Plaintiff sought to take depositions requiring GLOBAL to produce documents, many categories of which have no bearing on the discreet issues framed by the Court and forced GLOBAL to protect its interests in filing this protective order. Sanctions should be awarded in the form of GLOBAL's attorney's fees and costs.

### IV. CONCLUSION

A protective order pursuant to Rule 26 is necessary to protect GLOBAL from the

requested discovery by Plaintiff. GLOBAL would be unfairly prejudiced and harmed by Plaintiff's requiring GLOBAL to appear for deposition with documents that are not only irrelevant to the discreet issue framed by the Court at the hearing but that infringe upon its potential trade secrets and proprietary information. If discovery through Defendant's deposition notices with attendant document request is permitted, Plaintiff could improperly obtain information from Defendant prematurely, before this court determines the predicate motions.

In view of the foregoing, Defendant GLOBAL respectfully requests that the Court grant its Motion for Protective Order requiring that the only documents it is required to produce at any deposition of GLOBAL representatives are those related to the discreet issue of the "contract" as framed by the Court. Toward that end, it bears emphasis that GLOBAL has supplemented its disclosure and has provided to Plaintiff all contractual and employment documents it could locate bearing on DOLORES ARREGUIN.

In short, Plaintiffs have all documents in GLOBAL's possession relating to the contract at issue, and have provided same to Plaintiff's counsel. GLOBAL has supplemented its Rule 26 Disclosure. It will make its witnesses available for deposition by video-conferencing. To now require GLOBAL to produce documents that go far a field of the Court's directive and intent, would certainly subject GLOBAL to undue burden and expense in light of the Court's Order. It would certainly give Plaintiff an unfair advantage in this litigation.

Lastly, Plaintiff should not be permitted to ask questions in deposition that are unrelated to the issues at hand or seek to obtain information that is not related to Plaintiff.

For the foregoing reasons, it is respectfully requested that the Court grant GLOBAL's request for a protective order and award GLOBAL its reasonable attorney's fees and costs attendant to this motion.

Dated: May 1, 2008

ROPERS, MAJESKI KOHN & BENTLEY

By: _____
RICHARD M. WILIAMS
GREGORY M. GENTILE
J. MARK THACKER
Attorneys for Defendant
GLOBAL EQUITY LENDING, INC.