1  RICHARD M .WILLIAMS (SBN 68032)
   GREGORY M. GENTILE (SBN 142424)
2  J. MARK THACKER (SBN 157182)
   ROPERS, MAJESKI, KOHN & BENTLEY
3  80 North First Street
   San Jose, CA  95113
4  Telephone:    (408) 287-6262
   Facsimile:    (408) 918-4501
5
   Attorneys for Defendant
6  GLOBAL EQUITY LENDING, INC.

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11 DOLORES A. ARREGUIN, for herself       CASE NO.  C 07 6026 MHP
   and other members of the general public
12 similarly situated,                    **DECLARATION OF GREGORY M.**
                                          **GENTILE IN SUPPORT OF DEFENDANT**
13               Plaintiff,               **GLOBAL EQUITY LENDING, INC.'S**
                                          **MOTION FOR PROTECTIVE ORDER**
14 v.                                     **AND MOTION FOR SANCTIONS**

15 GLOBAL EQUITY LENDING, INC., a         **Date:      June 9, 2008**
   Georgia Corporation; and DOES 1 through **Time:      2:00 p.m.**
16 10, Inclusive,                         **Courtroom: 15, 18th Floor**
                                          **Judge:     Hon. Marilyn Hall Patel**
17               Defendant.
                                          Complaint filed:  November 29, 2007
18

19

20      I, Gregory M. Gentile, declare:

21      1.      I am one of the attorneys of record for Moving Party/Defendant GLOBAL

22 EQUITY LENDING, INC. ("GLOBAL").  I make this Declaration in support of GLOBAL's

23 motion for protective order and attendant motion for sanctions with respect to Plaintiff

24 DOLORES ARREGUIN's Deposition Notice requesting documents to be produced at deposition

25 of GLOBAL EQUITY LENDING representatives.  If called upon as a witness, I could

26 competently testify thereto.

27      2.      Attached hereto as Exhibit A is a true and correct copy of the Civil Pre-Trial

28 Minutes issued by the Court Clerk and dated March 17, 2008, following the initial hearing on

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1  GLOBAL's motions to compel binding arbitration and motion to change venue.

2      3.    Attached hereto as Exhibit B is a true and correct copy of the transcript of

3  proceedings of March 17, 2008 before the Honorable Marilyn Hall Patel reflecting the Court's

4  statements and directives as to discovery.

5      4.    Attached hereto as Exhibit C is a true and correct copy of Plaintiff's Notice of

6  Taking Limited Depositions Ordered by Court Pending Hearing. Said Notice was served on

7  April 11, 2008 by facsimile correspondence and by mail.

8      5.    Upon receiving the aforementioned Deposition Notice, and on April 15, 2008, I

9  prepared and sent a letter to Attorney James F. Jordan, Esquire, one of the counsel of record for

10  Plaintiff advising him of the issues I had with the Deposition Notice and requested documents.

11  Attached hereto as Exhibit D is a true and correct copy of my "meet and confer letter" to Mr.

12  Jordan dated April 15, 2008.

13      6.    Attached hereto as Exhibit E is a true and correct copy of GLOBAL EQUITY

14  LENDING INC.'s Objections to Plaintiff's Notice of Deposition and Request to Produce

15  Documents at Deposition served on Plaintiff by facsimile transmission and by United States Mail

16  on April 21, 2008.

17      7.    Attached hereto as Exhibit F is a true and correct copy of a letter dated

18  April 23, 2008 that I received from Attorney James F. Jordan responding to the aforementioned

19  Objections. As set forth on page 2 of said letter, Mr. Jordan viewed as "not-negotiable" the issue

20  of the production of all documents requested by Plaintiff and threatened to file a motion for

21  sanctions.

22      8.    Attached hereto as Exhibit G is a true and correct copy of my letter dated

23  April 24, 2008 in response to Mr. Jordan, in an attempt to meet and confer with Mr. Jordan with

24  respect to the documents requested by plaintiff with the deposition notice. Said letter transmitted

25  to Mr. Jordan the aforementioned transcript (Exhibit B) and was an attempt to convince Mr.

26  Jordan that the document demands propounded by Plaintiff were improper.

27      9.    Also transmitted with Exhibit G were additional documents recently located by

28  GLOBAL reflecting documents and agreements executed by Plaintiff. These documents were

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    also transmitted to plaintiff's counsel with GLOBAL's Supplemental Disclosure served on

2    April 30, 2008.

3        10.    GLOBAL fully intends on producing its deponents on May 13, 2008 by way of a

4    video-conferencing deposition.  Attached hereto as Exhibit H is a true and correct copy of my

5    correspondence to counsel confirming the dates of the depositions by video-conferencing.

6    However, it is anticipated that plaintiffs will maintain its entitlement to all documents set forth in

7    its deposition notice (Exhibit C) and will seek to question the deponents as to matter unrelated to

8    the Court's directive.

9        11.    Despite my objections and my letters, Mr. Jordan is intent on proceeding with

10   obtaining all documents within the parameters of the 19 requests propounded as part of Plaintiff's

11   Deposition Notice.  As a consequence thereof, my client has been forced to file this motion for

12   protective order and has spent in excess of 12 hours in the preparation thereof which include

13   preparing objections and writing the several meet and confer letters attached as exhibits.

14   Additionally, I anticipate filing a Reply to the prospective Opposition of Plaintiff to this motion

15   and anticipate 4 hours in said preparation.  Furthermore, I anticipate an appearance at the hearing

16   of this motion, which, given my firm's location in San Jose, California, will take approximately 4

17   hours, inclusive of travel time.

18       12.    At my hourly rate of $275.00, my client has and/or will incur attorney's fees in the

19   amount of $5.500.00.  I therefore ask this Court to award my client GLOBAL its attorney's fees

20   and Court costs in the amount of $5,500.00.

21       I declare under penalty of perjury that the foregoing is true and correct, and if called upon

22   as a witness, I could competently testify thereto.  Executed on May 1, 2008 at San Jose,

23   California.

24                                   _____

25                                   GREGORY M. GENTILE

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### CIVIL PRETRIAL MINUTES

Date: March 17, 2008

Case No.   C 07-6026 MHP                    Judge: MARILYN H. PATEL

Title: DOLORES A. ARREGUIN -v- GLOBAL EQUITY LENDING INC

Attorneys:  Plf: Farris Ain
            Dft: Mark Thacker, Richard Williams

Deputy Clerk: Anthony Bowser  Court Reporter: Katherine Powell

### PROCEEDINGS

1)   Defendant's Motion to Compel Arbitration

2)   Case Management Conference

3)

### ORDERED AFTER HEARING:

Counsel submit after further discussion; deposition of plaintiff to be completed within sixty days;
Supplemental declarations (3-5 pages) by 6/9/2008;

Further hearing set for 6/23/2008 at 2:00 pm;

# EXHIBIT "B"

Arreguin 3-17-08.txt

1

1 Pages 1 - 10

2                    UNITED STATES DISTRICT COURT

3                  NORTHERN DISTRICT OF CALIFORNIA

4              BEFORE THE HONORABLE MARILYN HALL PATEL

5 DOLORES A. ARREGUIN, for herself      )
  and other members of the general      )
6 public similarly situated,            )
                                        )
7              Plaintiff,               )
                                        )
8   VS.                                 )   No. C 07-6026 MHP
                                        )
9 GLOBAL EQUITY LENDING, INC., a        )
  Georgia Corporation; and DOES 1       )
10 through 10, Inclusive,               )
                                        )   San Francisco, California
11              Defendant.              )   Monday
                                        )   March 17, 2008
12 _____  )   2:17 p.m.

13                    TRANSCRIPT OF PROCEEDINGS

14 APPEARANCES:

15 For Plaintiff:        LAW OFFICES OF HERBERT HAFIF
                         269 West Bonita Avenue
16                       Claremont, California  91711-4784
                   BY:   FARRIS E. AIN, ESQUIRE
17
   For Defendant:        Ropers, Majeski, Kohn & Bentley
18                       80 North First Street
                         San Jose, California  95113
19                 BY:   MARK THACKER, ESQUIRE
                         RICHARD M. WILLIAMS, ESQUIRE
20

21

22 Reported By:          Katherine A. Powell, CSR #5812, RPR, CRR
                         Official Reporter - U.S. District Court
23

24

25

Arreguin 3-17-08.txt

1                  P R O C E E D I N G S

2 MARCH 17, 2008                        2:17 P.M.

3

4            THE CLERK:  Calling Civil 07-6026, Dolores Arreguin

5 versus Global Equity Lending.

6            THE COURT:  May I have your appearances, please.

7            MR. AIN:  Good afternoon, Your Honor.

8            Farris Ain, Law Offices of Herbert Hafif, for the

9 plaintiff and the class.

10           THE COURT:  Good afternoon.

11           MR. THACKER:  Good afternoon, Your Honor.

12           Mark Thacker on behalf of the defendant Global Equity

13 Lending.

14           MR. WILLIAMS:  And Rick Williams, Your Honor,

15 Mr. Thacker's partner on behalf of the same party.

16           THE COURT:  Yes, good afternoon.

17           MR. WILLIAMS:  Good afternoon.

18           THE COURT:  Is there an actual signed, as with a

19 signature as opposed to, you know, an online entry of the name

20 which is treated as a signature, et cetera, of Ms. Arreguin

21 with respect to any of the employment, quote, agreements,

22 including any subsequent ones, I guess, that may have occurred,

23 where there were form selection clauses and/or arbitration

24 clauses?

25           MR. THACKER:  No, Your Honor.

Arreguin 3-17-08.txt

♀                                                               3

1       The only documents that we could -- that my client
2  could locate were the ones that were on the Web site into which
3  she would have had to log into and confirm her acceptance by
4  clicking the "I Accept" button and moving on from there.
5       THE COURT:  And there was only one, and that was
6  pre-employment in April of '02?
7       MR. THACKER:  There was that one and subsequent ones,
8  as well, that annually there would be a renewal or a revision
9  in some aspect of the overall contract.
10       But as we stated in the declaration, Your Honor, in
11  each one of those the form selection clause and the arbitration
12  provision remained unchanged from the first date.
13       THE COURT:  But, also, with respect to those, those
14  were post-employment, where the -- the only post-employment
15  documents, right, you're talking about the subsequent ones
16  after the April 2002?
17       MR. THACKER:  Yes, Your Honor.  The subsequent ones
18  would be after she initially accepted employment and began
19  working for, at the time, World Lending and then subsequently
20  Global Equity.
21       THE COURT:  Do you have a record of the online
22  signatures in each of those cases?
23       MR. THACKER:  Your Honor, I went around with my
24  client on this.  We produced all the documents we had, attached
25  to the motion.  The only thing I can say is that in order for

Arreguin 3-17-08.txt

4

1 Ms. Arreguin to continue to perform her employment

2 responsibilities and duties with respect to communicating with

3 her employer back in Georgia, transmitting loans, loan

4 information, would be with the user name and password that she

5 would have been given when she first accepted the employment

6 agreement, and which were confirmed each subsequent time that

7 she was asked to sign the revised agreement.

8           THE COURT:  Now, her employment began in July of '02.

9 When did she accept employment?

10          MR. THACKER:  Well --

11          THE COURT:  Sometime between that April date and July

12 date, I gather.

13          MR. THACKER:  The April date would have, I believe,

14 been the date that she would have either accepted or put out

15 her proposal for employment.  She -- she signed onto the

16 Web site, accepted the agreement.  And then it was

17 subsequent -- or, rather, it was World Lending or Global Equity

18 that reviewed the agreement, reviewed the information, did a

19 quick background check, and then accepted her as an employee.

20          So, actually, she started the process and Global

21 Equity agreed, if you will, formed the employment agreement as

22 of July, the July date.

23          THE COURT:  The July date?

24          And she says, as I understand it, she didn't sign

25 anything?

Arreguin 3-17-08.txt

♀                                                                              5

1          MR. AIN:  That's correct, Your Honor.

2          THE COURT:  Does she acknowledge that she clicked on

3  and understood that she was agreeing to this agreement?

4          MR. AIN:  I do not believe so, Your Honor.  I've

5  spent a good portion of this morning reviewing all these

6  documents, and I'm just as confused as the Court.

7          Because in the first declaration submitted, the

8  testimony states that she agreed to this agreement in July --

9  or in April of 2002.  However, the second declaration

10 submitted, where they attempt to clarify these documents, they

11 attached the Web sites which they now purport were signed in

12 October of 2002.  And I'm kind of confused about all that.  We

13 should get an explanation.

14         THE COURT:  I think what we need to do is clear up

15 the confusion.  I know I can go to the issue of the form

16 selection clause and, you know, are you here or in Georgia or

17 what happened as a result, you know.  But I think we've got to

18 really nail down whether she accepted the terms of this

19 employment agreement, and then we go to that second question.

20         So I think what we're going to have to do -- and I'm

21 not trying to weasel out of this, at this point, but I just

22 think that it makes for a better record when we figure out what

23 we should do, to have her deposition.  And I assume on her side

24 we wouldn't need any other deposition.  And her deposition

25 hasn't been taken yet, has it?

Arreguin 3-17-08.txt                          6

1        MR. THACKER:  No, Your Honor.

2        MR. WILLIAMS:  No.

3        MR. AIN:  No.

4        THE COURT:  And then we have a deposition of one

5  or -- I don't know if there needs to be more.  I would say at

6  this point of one, whether it's Mrs. -- is it Croteau, or

7  however you say Croteau?

8        MR. THACKER:  Croteau.

9        THE COURT:  Croteau.  Somewhere in the neighborhood,

10  but not there.  Her deposition.  And I would give you one more,

11  if you find out after you depose her that there's somebody else

12  who might be a person most knowledgeable.

13        MR. AIN:  Okay, Your Honor.

14        THE COURT:  Okay.

15        MR. AIN:  Your Honor, if I may speak to this issue in

16  hopes that we could avoid these depositions.  When we started

17  out looking at this Exhibit A that's attached, it clearly says

18  on the page 1 that this is not an employment contract.  And,

19  basically, what it is, it's as if one of the law clerks was to

20  submit a resume.  That's what this is.  It's an application

21  process where you're submitting your information and your

22  interest in taking the job.  This is where at some point,

23  hypothetically, she would have checked one of these boxes, if

24  she ever did.

25        THE COURT:  Well, and the question is:  Did she ever?

1 And what does she remember?  And what do they have and

2 remember?

3          And I think it's better just to do it.  We're going

4 to do it that way.  You can't avoid that.  Because there are

5 other things she claimed she signed.  I want to see the whole

6 record before we start deciding where this case is and what

7 we're doing.

8          MR. THACKER:  Okay.

9          MR. AIN:  Okay.

10          MR. WILLIAMS:  Very good.

11          MR. THACKER:  Makes sense, Your Honor.

12          THE COURT:  How long do you think it would take to do

13 that?

14          MR. THACKER:  The employer, as you know, Your Honor,

15 is in Georgia.  Although, certainly within 60 days, I think.

16 And I don't know Ms. Arreguin's schedule.  Perhaps sooner, but

17 certainly within 60 days.

18          THE COURT:  Do it within 60 days.  And then you get

19 back any supplemental pleadings to this motion.  We don't renew

20 the motion.  Just file supplemental declarations.  I don't need

21 any more briefing.  What I need are declarations.

22          If you want to just summarize in something not to

23 exceed three to five pages.  I guess if I say five it means

24 five, right?  That was silly.  But five pages.  But you've

25 already briefed the issue.  Unless there is some new case that

Arreguin 3-17-08.txt

8

1 comes down the pike or whatever, then just that not to exceed
2 five pages to review what has been submitted.
3         And discuss it and then submit the declarations or
4 depositions -- well, deposition extracts is what I really want.
5 But since there are going to be very few depositions, give me
6 the entire deposition, and then reference in whatever you're
7 submitting, whether it be by way of declaration or memo, pages
8 and lines and really what you think are important.  I will
9 probably read the whole thing.
10        MR. WILLIAMS:  Point of clarification, if I might.
11        THE COURT:  Yes.
12        MR. WILLIAMS:  I presume you want us, in these
13 depositions, to limit the questioning to this issue, the
14 contract issue --
15        THE COURT:  Yes.
16        MR. WILLIAMS:  -- and not go into the other issues of
17 the case.
18        THE COURT:  Not go into the other issues.
19        MR. WILLIAMS:  We can do that later.
20        THE COURT:  Right.  Exactly.  This is without
21 prejudice to further deposition on the merits.
22        MR. AIN:  Very good.
23        THE COURT:  Okay.
24        MR. AIN:  Thank you, Your Honor.
25        MR. WILLIAMS:  Thank you, Judge.

Arreguin 3-17-08.txt

1          THE COURT:  Now, the day back here would be -- how
2  about if you give them 30 days beyond the 60.  So completion of
3  the depositions by 60 days would be?
4          THE CLERK:  May 16th.
5          THE COURT:  16th.
6          MR. WILLIAMS:  That works.
7          THE COURT:  And then back in here middle of June.
8  What date?
9          THE CLERK:  June 23rd.
10         THE COURT:  June 23rd, at 2 o'clock, with submissions
11  two weeks in advance of that.
12         THE CLERK:  June 9th.
13         THE COURT:  By June 9th.  Okay.
14         MR. WILLIAMS:  Very good.
15         THE COURT:  Simultaneous.
16         MR. AIN:  Thank you.
17         MR. THACKER:  Thank you, Your Honor.
18         MR. WILLIAMS:  Thank you, Judge.  Appreciate it.
19         THE COURT:  Thank you.
20         (At 2:27 p.m. the proceedings were adjourned.)
21                        -   -   -   -
22
23
24
25

Arreguin 3-17-08.txt

10

1

2                    CERTIFICATE OF REPORTER

3        I, KATHERINE A. POWELL, Official Reporter for the

4  United States Court, Northern District of California, hereby

5  certify that the foregoing proceedings in C 07-6026 MHP,

6  Dolores A. Arreguin vs. Global Equity Lending, Inc. were

7  reported by me, a certified shorthand reporter, and were

8  thereafter transcribed under my direction into typewriting;

9  that the foregoing is a full, complete and true record of said

10 proceedings as bound by me at the time of filing.

11       The validity of the reporter's certification of said

12 transcript may be void upon disassembly and/or removal

13 from the court file.

14

15       _____

16            Katherine A. Powell, CSR 5812, RPR, CRR

17                  Thursday, April 17, 2008

18

19

20

21

22

23

24

25

# EXHIBIT "C"

1  Herbert Hafif, Bar No. 27311
   Greg K. Hafif, Bar No. 149515
2  James F. Jordan, Bar No. 74606
   **LAW OFFICES OF HERBERT HAFIF, APC**
3  269 West Bonita Avenue
   Claremont, California  91711-4784
4  (909) 624-1671; Fax (909) 625-7772

5  Steven L. Miller, Bar No. 106023
   16133 Ventura Blvd., Suite 1200
6  Encino, California 91436
   (818) 986-8900; Fax (818) 990-7900
7
   Scott A. Miller, Bar No. 230322
8  **LAW OFFICES OF SCOTT A. MILLER, APC**
   16133 Ventura Blvd., Suite 1200
9  Encino, California 91436
   (818) 788-8081; Fax (818) 788-8080
10
   Attorneys for Plaintiff,
11 **DOLORES A. ARREGUIN,** for
   herself and other members
12 of the general public similarly situated

13

14                **UNITED STATES DISTRICT COURT**

15               **NORTHERN DISTRICT OF CALIFORNIA**

16

17 DOLORES A. ARREGUIN, for herself and          CASE NO. C 07-6026 MHP
   other members of the general public similarly  [Filed: November 29, 2007]
18 situated,
                                                  *[Assigned for all Purposes to: Honorable*
19             Plaintiffs,                        *Judge Marilyn H. Patel]*

20      v.                                        **NOTICE OF TAKING LIMITED
                                                  DEPOSITIONS ORDERED BY COURT
21 GLOBAL EQUITY LENDING, INC., a                 FOR PENDING HEARING**
   Georgia Corporation; and DOES 1 through 10,
22 Inclusive,                                     Date:      May 1, 2008
                                                  Time:      10:00 a.m. and 1:30 p.m.
23             Defendants.                        Location:  Law Offices of Herbert Hafif
                                                             269 West Bonita Avenue
24                                                           Claremont, CA   91711

25

26 TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

27        **PLEASE TAKE NOTICE** that Plaintiff, DOLORES A. ARREGUIN, pursuant to Rule

28 30(b)(6) of the FRCP, will take the depositions on oral examination of the Person Most

Law Offices of
HERBERT HAFIF, APC
269 W. Bonita Avenue
Claremont, CA  91711

*Original document produced
on recycled paper*

- 1 -

NOTICE OF TAKING LIMITED DEPOSITIONS ORDERED BY COURT FOR PENDING HEARING

1  Knowledgeable from Defendant, GLOBAL EQUITY LENDING, INC. ["GEL"], concerning the

2  matters as set forth in Attachment A, hereto, and Ms. Sandra Croteau, Vice President of

3  Administration for Defendant concerning similar subject matter.

4    Both the deponent and the Person Most Knowledgeable shall produce identified or similar

5  documents at the time of the deposition as set forth.

6    Rule 30(b)(6) requires GEL to "designate one or more officers, directors, or managing agents,

7  or other persons who consent to testify on its behalf, and may set forth, from each person designated,

8  the matters on which the person will testify."

9    The depositions shall go forward on May 1, 2008, as follows:

10  **Sandra Croteau**    -    **10:00 a.m.**

11  **Person Most Knowledgeable**  -    **1:30 p.m.**

12    The date, time and place may be modified by a meet and confer of counsel for convenience,

13  and shall otherwise continue from day to day, excluding Saturdays, Sundays and legal holidays, until

14  completed.

15    The depositions will be taken before a certified court reporter and notary public authorized to

16  administer oaths in the State of California by stenographic means and may also be recorded by audio

17  or video tape.

18    If an interpreter is required to translate testimony, notice of same must be given at least five

19  (5) working days before the deposition date, and the specific language and/or direct dialect thereby

20  designated.

21    As to the PERSON MOST KNOWLEDGEABLE the subject matter that will be discussed

22  shall be including, but not limited to, the following areas of inquiry:

23    1. The practice and protocol for electronic advertisement, solicitation, recruiting and ultimate

24  hiring of employees and agents by means of the internet;

25    2. The sequential order in which internet documents are organized and presented by internet

26  means for purposes of satisfying the purpose of hiring employees and agents;

27    3. The identification and purpose of each document published by internet means for purposes

28

Law Offices of
HERBERT HAFIF, APC
269 W. Bonita Avenue
Claremont, CA 91711

Original document produced
on recycled paper.

- 2 -

NOTICE OF TAKING LIMITED DEPOSITIONS ORDERED BY COURT FOR PENDING HEARING

1    stated in Nos. 1 and 2, above;

2        4. The practice and protocol of acquiring proof that so-called interested hirees actually intend

3    to be bound by the terms of each document that is presented for approval and hiring;

4        5. Proof that plaintiff intended to be bound by the venue and arbitration clauses under

5    "dispute" section of the hiring documents and referenced in the defendant's pending motions.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of
HERBERT HAFIF, APC
269 W. Bonita Avenue
Claremont, CA 91711

Original document produced
on recycled paper

- 3 -

NOTICE OF TAKING LIMITED DEPOSITIONS ORDERED BY COURT FOR PENDING HEARING

**ATTACHMENT A**

You shall produce the following:

1. The manner and method of recruiting third party potential applicants for employment with GEL by use of the internet, personal or public solicitation, advertisement, publication and the like from the years 2000 to the present.

2. The manner and method of securing any acknowledgment of consent to the terms and conditions of the expressed employment contract's terms and conditions by any means, including but not limited to, written signature, electronic signature, any method that to the potential employee expresses any form of consent to all terms and conditions of the agreement for employment. [Note: employment means and includes the concept of acting in any capacity on behalf of GEL as an agent, assignee, independent contractor, employee or independent vendor with ostensible authority under the law of agency to act for or bind GEL to any contract.]

3. The approval process of hiring and/or approving the potential applicants for employment with GEL after receipt of any initial applications whether in paper or electronic form.

4. To the extent that it exists, all information in written form concerning GEL's policies and procedures, such as a manual thereof, which states in some form GEL's active protocol for the employment of applicants, criteria for hiring, pay rates and standards, bonus entitlements, overtime rates, reimbursement policies, time frames for payment of the aforementioned categories of payments to hirees, protocol as to the manner and method of soliciting hirees, and the like.

5. Policies and protocol documents which explain the manner and method of use of the internet for solicitation of hirees [applicants] including all forms of solicitations, forms to be filled out and executed, identification of the names of each form used in such applications used by internet means and the like.

6. A copy of the "mortagage loan originator agreement with GEL" [MLOA], allegedly "signed" by plaintiff on April 2. 2002, referenced at page 3 of the Declaration of Sandra Couteau, Vice President of Administration, used in support of GELs Motion to Dismiss, signed January 16,

Law Offices of
HERBERT HAFIF, APC
269 W. Bonita Avenue
Claremont, CA 91711

Original document produced
on recycled paper.

- 4 -

NOTICE OF TAKING LIMITED DEPOSITIONS ORDERED BY COURT FOR PENDING HEARING

1    2008, at Johns Creek, Georgia.

2        7. All documents showing in fact that the "MLOA" was signed by Plaintiff.

3        8. All document showing that Plaintiff was the actual person who "typed" and "clicked" the

4    words "I accept" electronically.

5        9. All documents showing that Plaintiff knew of all terms and conditions of the MLOA she

6    allegedly signed.

7        10. A legible copy of the actual MLOA Defendant contends was "signed" by Plaintiff.

8        11. All documents which show that paragraph 7 in its entirety was somehow made part of the

9    electronic offering of employment allegedly signed by Plaintiff.

10       12. All documents which you believe prove that Plaintiff had knowledge of the existence of

11   paragraph 7 of the MLOA in electronic form sufficient to bind Plaintiff to the entirety of its terms

12   and conditions.

13       13. All documents which show GEL's policies and procedures or practices and protocol

14   concerning the hiring of "non-Georgia" resident-employees like Plaintiff where there arises a dispute

15   to be covered under paragraph 7 of GEL's MLOA.

16       14. All documents referenced at page 2 of GEL's REPLY to Plaintiffs Opposition to Motion

17   to Compel Arbitration, at lines 20-23, aka "series of agreements," so-called by J. Mark Thacker, Esq.

18   who authored the REPLY for GEL.

19       15. If this is the actual document GEL is relying upon in supporting its various motions

20   herein, [To Dismiss, To Transfer Venue, To Arbitrate, et al.] then, produce the entire 15 page

21   "Exhibit A" to the Supplemental Declaration of Sandra Croteau dated February 29, 2008, attached to

22   the Motion to Dismiss filed by Defendant, GEL, allegedly filled out and subscribed to by Plaintiff.

23       16. All documents showing "World Lending Group, Inc.," changed it name to "Global

24   Lending Group, Inc.," on November 21, 2003, including, filings, charters, articles of incorporation,

25   state, local or federal approvals, documents showing Federal Taxpayer Identification Numbers for

26   the new entity, or other relevant documents showing the change in name and/or identity.

27       17. All documents showing the reason for your "error" contained in your first declaration

28

Law Offices of
HERBERT HAFIF, APC
269 W. Bonita Avenue
Claremont, CA 91711

Original document printed
on recycled paper.

- 5 -

1  filed in this action as stated in your Supplemental Declaration of February 29, 2008, filed with this

2  Court.

3       18. All documents showing the true name of the employer of Plaintiff as of April 2, 2002,

4  July 29, 2002, respectively.

5       19. All documents showing your understanding of the phrase "an active employee" at page 3,

6  line 17 of the Supplemental Declaration of Ms. Croteau dated February 29, 2008.

7

8  Dated: April 11, 2008          **LAW OFFICES OF HERBERT HAFIF**

9

10            By: _____

11                 Greg K. Hafif

12                 James F. Jordan
               Attorneys for Plaintiff. DOLORES ARREGUIN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of
HERBERT HAFIF, APC
269 W. Bonita Avenue
Claremont, CA  91711

Original document produced
on recycled paper.

NOTICE OF TAKING LIMITED DEPOSITIONS ORDERED BY COURT FOR PENDING HEARING

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 269 W. Bonita Avenue, Claremont, CA 91711.

     On **April 11, 2008**, I served the foregoing document described as: **NOTICE OF TAKING LIMITED DEPOSITIONS ORDERED BY COURT FOR PENDING HEARING**

[x]    by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]    by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelopes addressed as follows:

[X]    Via Facsimile.

[ ]    Via Overnight Delivery.

**[SEE ATTACHED SERVICE LIST]**

[x]    I deposited each envelope in the mail at Claremont, California.[1] The envelope was mailed with postage thereon fully prepaid.

[ ]    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Post Office on that same day with postage thereon fully prepaid at Claremont, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    As follows: I am "readily familiar" with the firm's practice for delivering overnight envelopes or packages to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the address as last given by that person on any document filed in the cause and served on the party making service.

[x]    (State or Federal) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on **April 11, 2008**, at Claremont, California.

_____    _Gwendolyn Simmons_
Gwendolyn Simmons    Signature

Law Offices of
HERBERT HAFIF, APC
269 W. Bonita Avenue
Claremont, CA 91711

Original document produced
on recycled paper.

- 7 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
ARREGUIN v. GLOBAL EQUITY LENDING
United State District Court Northern District Case No. C07-03026 MHP

Richard M. Williams, Bar No. 68032
Gregory M. Gentile, Bar No. 142424
**ROPERS, MAJESKI, KOHN & BENTELY**
80 N. First Street
San Jose, CA 95113
(408)287-6262 - Telephone
(408)918-4501 - Facsimile

Attorneys for Defendant
GLOBAL EQUITY LENDING INC.

Scott A. Miller, Bar No. 230322
Steven L. Miller, Bar No. 106023
**LAW OFFICES OF SCOTT A. MILLER, APC**
16133 Ventura Blvd., Suite 1200
Encino, California 91436
(818) 788-8081 - Telephone
(818) 788-8080 - Facsimile

Co-Counsel for Plaintiff
DOLORES A. ARREGUIN, for
herself and other members
of the general public similarly situated

Law Offices of
HERBERT HAFIF, APC
269 W. Bonita Avenue
Claremont, CA 91711

Original document produced
on recycled paper

- 8 -

NOTICE OF TAKING LIMITED DEPOSITIONS ORDERED BY COURT FOR PENDING HEARING

# EXHIBIT "D"

| SAN JOSE | 80 North Firs... ...eet |
|---|---|
| Los Angeles | San Jose, CA 95113 |
| New York | Telephone (408) 287-6262 |
| San Francisco | Facsimile (408) 918-4501 |
| Redwood City | www.ropers.com |
| Boston | |



Gregory M. Gentile
(408) 918-4554

ggentile@ropers.com

April 15, 2008

**VIA FACSIMILE AND E-MAIL**

James F. Jordan, Esq.
Law Offices of Herbert Hafif, APC
269 West Bonita Avenue
Claremont, CA 91711-4784

     Re:    <u>Arreguin v. GEL</u>
             United States District Court Case No. C 07 6026
             Our File No.: 56750 3291J

Dear Mr. Jordan:

     Thank you for your letter of April 11, 2008. I am also in receipt of your deposition notices for Sandy Croteau and the Person Most Knowledgeable at Global Equity Lending Inc. with respect to a number of categories of documents.

     First and foremost, I will need to confer with my client with respect to the date that you unilaterally propose for the depositions.

     However, I am compelled to send this meet and confer letter to you with respect to the procedural and substantive nature of the deposition notice to which we object. A more formal and detailed objection will shortly follow.

     First and foremost, your deposition notice seeks to compel the production of the aforementioned deponents for a deposition in California. Both deponents are residents of Georgia, and as a consequence thereof, cannot be compelled to travel to this State. It is my understanding that a party's deposition is taken in the district in which he or she resides or is employed. Absent consent or court order, neither Ms. Croteau nor the designated Person Most Knowledgeable will travel to California for deposition.

     Secondly, your deposition notice articulates that the Person Most Knowledgeable will be queried with respect to the following areas:

     (1)    The practice and protocol for electronic advertisement, solicitation, recruiting and ultimate hiring of employees and agents by means of the Internet;



James F. Jordan, Esq.
Re: <u>Arreguin v. Global Equity Lending</u>
April 15, 2008                                                                                                      Page 2

     (2)     The sequential order, in which Internet documents are organized and presented by Internet means for purposes of satisfying the purpose of hiring employees and agents;

     (3)     The identification and purpose of each document published by Internet means for purposes stated in nos. 1 and 2, above;

     (4)     The practice and protocol of acquiring proof that so-called Internet hirees actually intend to be bound by the terms of each document that is presented for approval and hiring;

     (5)     Proof that plaintiff intended to be bound by the venue and arbitration clauses under "dispute" section of the hiring documents and referenced in the defendants' pending motions.

As to each and every area of inquiry designated in Plaintiff's deposition notice to the Person Most Knowledgeable, we hereby object to same in that the areas articulated are clearly over broad, vague, ambiguous, burdensome, oppressive, and outside the Court's Order of March 17, 2008.

Third, we also hereby object, and will more formally object, to Plaintiff's attached request for production of documents, Attachment A to the deposition notice. Plaintiff has chosen to request 19 separate categories of documents as part of the deposition notice.

It is my understanding that the Court ordered depositions only, and its Order did not embrace a document request. Further, my understanding of the Federal Rules is that if the party noticing the deposition joins a request for production, Federal Rule of Civil Procedure §34 applies. Under said Rule 34, a minimum of 30 days notice is required for production of documents. (See FRCP 34(b)). Plaintiff's deposition notice was served by facsimile correspondence on April 11, 2008 and seeks a deposition with documents 20 days later. The request for production of documents clearly violates FRCP 34.

It is my client's intent to proceed with the Court ordered depositions in as expeditious a manner as possible. However, absent further Court Order, the Court's directive should be adhered to and the Federal Rules of Civil Procedure should be followed.

Lastly, as you know, we have noticed the deposition of Ms. Arreguin for this Friday in San Francisco. Your correspondence to me on April 11 advised you are unavailable and that Ms. Arreguin would prefer not to travel. We would be willing to take that deposition at a situs more convenient to your client, and, of course, at a time that is convenient for both her and for her counsel. We are willing to work with you but, obviously, your deposition notice is clearly



James F. Jordan, Esq.
Re: <u>Arreguin v. Global Equity Lending</u>
April 15, 2008                                                                    Page 3

objectionable and this letter is intended to satisfy our mutual meet and confer obligation.  We look forward to hearing from you.

Very truly yours,

ROPERS, MAJESKI, KOHN & BENTLEY

GREGORY M. GENTILE

GMG:bl

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

| TX/RX NO | 0084 |
|---|---|
| CONNECTION TEL | 919096257772 |
| CONNECTION ID | |
| ST. TIME | 04/15 11:27 |
| USAGE T | 00'39 |
| PGS. SENT | 4 |
| RESULT | OK |



---

SAN JOSE | 80 North First Street
Los Angeles | San Jose, CA 95113
New York | Telephone (408) 287-6262
San Francisco | Facsimile (408) 918-4501
Redwood City | www.ropers.com

L A W Y E R S
RMKB
ROPERS MAJESKI KOHN BENTLEY

## FACSIMILE TRANSMISSION

DATE:     April 15, 2008

TO:

| NAME | FAX NO. | PHONE NO. |
|---|---|---|
| James F. Jordan, Esq.<br>Law Offices of Herbert Hafif | (909) 625-7772 | (909) 624-1671 |

FROM:   Gregory M. Gentile     PHONE:     (408) 918-4554

RE:     Arreguin v. Global Equity Lending

SENT BY:   Bonnie Langston     PHONE:     (408) 947-4844

| FILE NUMBER: | 56750 3291J |
|---|---|
| NUMBER OF PAGES, INCLUDING COVER: | 4 |

MESSAGE:

Please see the attached letter.

SAN JOSE | 80 North First . . . . et
Los Angeles | San Jose, CA . . . . .3
New York | Telephone (408) 287-6262
San Francisco | Facsimile (408) 918-4501
Redwood City | www.ropers.com



## FACSIMILE TRANSMISSION

**DATE:**     April 15, 2008

**TO:**

| NAME | FAX NO. | PHONE NO. |
|------|---------|-----------|
| James F. Jordan, Esq.<br>Law Offices of Herbert Hafif | (909) 625-7772 | (909) 624-1671 |

**FROM:**   Gregory M. Gentile    **PHONE:**    (408) 918-4554

**RE:**     Arreguin v. Global Equity Lending

**SENT BY:**   Bonnie Langston    **PHONE:**    (408) 947-4844

| FILE NUMBER: | 56750 3291J |
|---|---|
| NUMBER OF PAGES, INCLUDING COVER: | 4 |

**MESSAGE:**

Please see the attached letter.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL
BONNIE LANGSTON AT (408) 947-4844 AS SOON AS POSSIBLE.**

**Langston, Bonnie**

| | |
|---|---|
| **From:** | Langston, Bonnie |
| **Sent:** | Tuesday, April 15, 2008 11:10 AM |
| **To:** | James F. Jordan (JJordan@hafif.com) |
| **Subject:** | ARREGUIN v GEL |

**Attachments:**    20080415115241932.pdf



2008041511524193
2.pdf (150 KB)...    Please see the attached letter from Greg Gentile.  Thank you.

Bonnie Langston
Secretary to Gregory M. Gentile
Ropers, Majeski, Kohn & Bentley
blangston@ropers.com
(408) 947-4844

>IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).
>
>CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.
>
>
>
>

SAN JOSE | 80 North First Street
Los Angeles | San Jose, CA 95113
New York | Telephone (408) 287-6262
San Francisco | Facsimile (408) 918-4501
Redwood City | www.ropers.com
Boston



Gregory M. Gentile
(408) 918-4554

ggentile@ropers.com

April 15, 2008

**VIA FACSIMILE AND E-MAIL**

James F. Jordan, Esq.
Law Offices of Herbert Hafif, APC
269 West Bonita Avenue
Claremont, CA 91711-4784

    Re:    Arreguin v. GEL
             United States District Court Case No. C 07 6026
             Our File No.: 56750 3291J

Dear Mr. Jordan:

    Thank you for your letter of April 11, 2008. I am also in receipt of your deposition notices for Sandy Croteau and the Person Most Knowledgeable at Global Equity Lending Inc. with respect to a number of categories of documents.

    First and foremost, I will need to confer with my client with respect to the date that you unilaterally propose for the depositions.

    However, I am compelled to send this meet and confer letter to you with respect to the procedural and substantive nature of the deposition notice to which we object. A more formal and detailed objection will shortly follow.

    First and foremost, your deposition notice seeks to compel the production of the aforementioned deponents for a deposition in California. Both deponents are residents of Georgia, and as a consequence thereof, cannot be compelled to travel to this State. It is my understanding that a party's deposition is taken in the district in which he or she resides or is employed. Absent consent or court order, neither Ms. Croteau nor the designated Person Most Knowledgeable will travel to California for deposition.

    Secondly, your deposition notice articulates that the Person Most Knowledgeable will be queried with respect to the following areas:

    (1)    The practice and protocol for electronic advertisement, solicitation, recruiting and ultimate hiring of employees and agents by means of the Internet;

RC1/5103754.1/BL1



James F. Jordan, Esq.
Re:  Arreguin v. Global Equity Lending
April 15, 2008                                                                                    Page 2

     (2)    The sequential order, in which Internet documents are organized and presented by Internet means for purposes of satisfying the purpose of hiring employees and agents;

     (3)    The identification and purpose of each document published by Internet means for purposes stated in nos. 1 and 2, above;

     (4)    The practice and protocol of acquiring proof that so-called Internet hirees actually intend to be bound by the terms of each document that is presented for approval and hiring;

     (5)    Proof that plaintiff intended to be bound by the venue and arbitration clauses under "dispute" section of the hiring documents and referenced in the defendants' pending motions.

     As to each and every area of inquiry designated in Plaintiff's deposition notice to the Person Most Knowledgeable, we hereby object to same in that the areas articulated are clearly over broad, vague, ambiguous, burdensome, oppressive, and outside the Court's Order of March 17, 2008.

     Third, we also hereby object, and will more formally object, to Plaintiff's attached request for production of documents, Attachment A to the deposition notice.  Plaintiff has chosen to request 19 separate categories of documents as part of the deposition notice.

     It is my understanding that the Court ordered depositions only, and its Order did not embrace a document request.  Further, my understanding of the Federal Rules is that if the party noticing the deposition joins a request for production, Federal Rule of Civil Procedure §34 applies.  Under said Rule 34, a minimum of 30 days notice is required for production of documents.  (See FRCP 34(b)).  Plaintiff's deposition notice was served by facsimile correspondence on April 11, 2008 and seeks a deposition with documents 20 days later.  The request for production of documents clearly violates FRCP 34.

     It is my client's intent to proceed with the Court ordered depositions in as expeditious a manner as possible.  However, absent further Court Order, the Court's directive should be adhered to and the Federal Rules of Civil Procedure should be followed.

     Lastly, as you know, we have noticed the deposition of Ms. Arreguin for this Friday in San Francisco.  Your correspondence to me on April 11 advised you are unavailable and that Ms. Arreguin would prefer not to travel.  We would be willing to take that deposition at a situs more convenient to your client, and, of course, at a time that is convenient for both her and for her counsel.  We are willing to work with you but, obviously, your deposition notice is clearly



James F. Jordan, Esq.
Re: <u>Arreguin v. Global Equity Lending</u>
April 15, 2008                                                                                        Page 3

objectionable and this letter is intended to satisfy our mutual meet and confer obligation. We look forward to hearing from you.

Very truly yours,

ROPERS, MAJESKI, KOHN & BENTLEY

GREGORY M. GENTILE

GMG:bl

# EXHIBIT "E"



1    RICHARD M .WILLIAMS (SBN 68032)
     GREGORY M. GENTILE (SBN 142424)
2    J. MARK THACKER (SBN 157182)
     ROPERS, MAJESKI, KOHN & BENTLEY
3    80 North First Street
     San Jose, CA  95113
4    Telephone:   (408) 287-6262
     Facsimile:    (408) 918-4501

5

6    Attorneys for Defendant
     GLOBAL EQUITY LENDING, INC.

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11   DOLORES A. ARREGUIN, for herself     CASE NO.  C 07 6026 MHP
     and other members of the general public
12   similarly situated,                  **GLOBAL EQUITY LENDING, INC.'S**
                                     **OBJECTIONS TO PLAINTIFF'S NOTICE**
13              Plaintiff,            **OF DEPOSITION AND REQUEST TO**
                                       **PRODUCE DOCUMENTS AT DEPOSITION**
14   v.

15   GLOBAL EQUITY LENDING, INC., a     Complaint filed:  November 29, 2007
     Georgia Corporation; and DOES 1 through
16   10, Inclusive,

17             Defendant.

18

19        Defendant GLOBAL EQUITY LENDING, INC. ("GEL") hereby objects to Plaintiff

20   DOLORES ARREGUIN's Deposition Notice served by facsimile correspondence on April 11,

21   2008 as follows:

22        A.     Objection:  Said Deposition Notice seeks to compel residents of the State of

23   Georgia to appear for depositions in California.  Said Deposition Notice is thus burdensome,

24   oppressive, harassing, and annoying and violates established Federal procedure.  (See *Grey v.*

25   *Continental Marketing Associates Inc.* (1970) 315 F.Supp 826, 832).

26        B.     Objection:  Said Deposition Notice seeks the deposition of a Person Most

27   Knowledgeable from GEL as to the following areas, all of which are objected to:

28        (1)     The practice and protocol for electronic advertisement, solicitation,

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*San Jose*

1   recruiting and ultimate hiring of employees and agents by means of the Internet;

2               Objection:  Vague, ambiguous, overly broad, not susceptible to reasonable

3   particularity, burdensome and oppressive, and seeks to violate GEL's right of privacy and

4   infringes on its trade secrets and proprietary information.

5               (2)     The sequential order, in which Internet documents are organized and

6   presented by Internet means for purposes of satisfying the purpose of hiring employees and

7   agents;

8               Objection:  Vague, ambiguous, overly broad, not susceptible to reasonable

9   particularity, burdensome and oppressive, and seeks to violate GEL's right of privacy and

10  infringes on its trade secrets and proprietary information.

11              (3)     The identification and purpose of each document published by Internet

12  means for purposes stated in nos. 1 and 2, above;

13              Objection:  Vague, ambiguous, overly broad, not susceptible to reasonable

14  particularity, is burdensome and oppressive, is susceptible to speculation, calls for legal

15  conclusion, potentially violates attorney-client and work product privileges and potentially

16  violates GEL's right of privacy and infringes on its trade secrets and proprietary information

17              (4)     The practice and protocol of acquiring proof that so-called Internet hirees

18  actually intend to be bound by the terms of each document that is presented for approval and

19  hiring;

20              Objection:  Vague, ambiguous, overly broad, not susceptible to reasonable

21  particularity, burdensome and oppressive, and seeks to violate GEL's right of privacy and

22  infringes on its trade secrets and proprietary information.  Also, as phrased, this category may call

23  for the speculation of the deponent.

24              (5)     Proof that plaintiff intended to be bound by the venue and arbitration

25  clauses under "dispute" section of the hiring documents and referenced in the defendants'

26  pending motions.

27              Objection:  Objection:  Vague, ambiguous, overly broad, not susceptible to

28  reasonable particularity, burdensome and oppressive, and seeks to violate GEL's right of privacy

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1   and infringes on its trade secrets and proprietary information.  Also, as phrased, this category may

2   call for the speculation of the deponent.

3       Further, Defendant GLOBAL EQUITY LENDING, INC. hereby objects to Plaintiff

4   DOLORES ARREGUIN's requests to produce documents at deposition as follows:

5   **Request No. 1:**

6       The manner and method of recruiting third party potential applicants for employment with

7   GEL by use of the internet, personal or public solicitation, advertisement, publication and the like

8   from the years 2000 to the present.

9   **Objection to Request No. 1:**

10      Objection, this request to produce exceeds the scope of the Court's Order of March 17,

11  2008, and is contrary to the Court's Order of March 17, 2008, and is also contrary to FRCP

12  §34(b) in that it fails to allow for the requisite 30 days time for production of documents at

13  deposition with Plaintiff's facsimile service of the deposition notice and attached document

14  requests on April 11, 2007, and seeking a deposition with attendant production of documents on

15  May 1, 2008.  It is thus burdensome, oppressive, vexing and designed to harass.  Further, said

16  request is vague, ambiguous, overly broad, not susceptible to reasonable particularity, is violative

17  of the right of privacy, potentially infringes upon trade secrets and proprietary and confidential

18  information of GEL and its representatives and also potentially violates the attorney-client and

19  work product privileges.

20  **Request No. 2:**

21      The manner and method of securing any acknowledgement of consent to the terms and

22  conditions of the expressed employment contract's terms and conditions by any means, including

23  but not limited to, written signature, electronic signature, any method that to the potential

24  employee expresses any form of consent to all terms and conditions of the agreement for

25  employment. [Note: employment means and includes the concept of acting in any capacity on

26  behalf of GEL as an agent, assignee, independent contractor, employee or independent vendor

27  with ostensible authority under the law of agency to act for or bind GEL to any contract.]

28  / / /

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    **Objection to Request No. 2:**

2         Objection, this request to produce exceeds the scope of the Court's Order of March 17,

3    2008, and is contrary to the Court's Order of March 17, 2008, and is also contrary to FRCP

4    §34(b) in that it fails to allow for the requisite 30 days time for production of documents at

5    deposition with Plaintiff's facsimile service of the deposition notice and attached document

6    requests on April 11, 2007, and seeking a deposition with attendant production of documents on

7    May 1, 2008.  It is thus burdensome, oppressive, vexing and designed to harass.  Further, said

8    request is vague, ambiguous, overly broad, not susceptible to reasonable particularity, is violative

9    of the right of privacy,  potentially infringes upon trade secrets and proprietary and confidential

10   information of GEL and its representatives and also potentially violates the attorney-client and

11   work product privileges.

12   **Request No. 3:**

13        The approval process of hiring and/or approving the potential applicants for employment

14   with GEL after receipt of any initial applications whether in paper or electronic form.

15   **Objection to Request No. 3:**

16        Objection, this request to produce exceeds the scope of the Court's Order of March 17,

17   2008, and is contrary to the Court's Order of March 17, 2008, and is also contrary to FRCP

18   §34(b) in that it fails to allow for the requisite 30 days time for production of documents at

19   deposition with Plaintiff's facsimile service of the deposition notice and attached document

20   requests on April 11, 2007, and seeking a deposition with attendant production of documents on

21   May 1, 2008.  It is thus burdensome, oppressive, vexing and designed to harass.  Further, said

22   request is vague, ambiguous, overly broad, not susceptible to reasonable particularity, is violative

23   of the right of privacy, potentially infringes upon trade secrets and proprietary and confidential

24   information of GEL and its representatives and also potentially violates the attorney-client and

25   work product privileges.

26   **Request No. 4:**

27        To the extent that it exists, all information in written form concerning GEL's policies and

28   procedures, such as a manual thereof, which states in some form GEL's active protocol for the

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

OBJECTIONS TO DEPOSITION NOTICE                    - 4 -                    CASE NO. C 07 6026 MHP
RC1/5103814.1/BL1

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1  employment of applicants, criteria for hiring, pay rates and standards, bonus entitlements,

2  overtime rates, reimbursement policies, time frames for payment of the aforementioned categories

3  of payments to hirees, protocol as to the manner and method of soliciting hirees, and the like.

4  **Objection to Request No. 4:**

5      Objection, this request to produce exceeds the scope of the Court's Order of March 17,

6  2008, and is contrary to the Court's Order of March 17, 2008, and is also contrary to FRCP

7  §34(b) in that it fails to allow for the requisite 30 days time for production of documents at

8  deposition with Plaintiff's facsimile service of the deposition notice and attached document

9  requests on April 11, 2007, and seeking a deposition with attendant production of documents on

10  May 1, 2008. It is thus burdensome, oppressive, vexing and designed to harass. Further, said

11  request is vague, ambiguous, overly broad, not susceptible to reasonable particularity, is violative

12  of the right of privacy, potentially infringes upon trade secrets and proprietary and confidential

13  information of GEL and its representatives and also potentially violates the attorney-client and

14  work product privileges.

15  **Request No. 5:**

16      Policies and protocol documents which explain the manner and method of use of the

17  internet for solicitation of hirees [applicants] including all forms of solicitation, forms to be filled

18  out and executed, identification of the names of each form used in such applications used by

19  internet means and the like.

20  **Objection to Request No. 5:**

21      Objection, this request to produce exceeds the scope of the Court's Order of March 17,

22  2008, and is contrary to the Court's Order of March 17, 2008, and is also contrary to FRCP

23  §34(b) in that it fails to allow for the requisite 30 days time for production of documents at

24  deposition with Plaintiff's facsimile service of the deposition notice and attached document

25  requests on April 11, 2007, and seeking a deposition with attendant production of documents on

26  May 1, 2008. It is thus burdensome, oppressive, vexing and designed to harass. Further, said

27  request is vague, ambiguous, overly broad, not susceptible to reasonable particularity, is violative

28  of the right of privacy, potentially infringes upon trade secrets and proprietary and confidential

1  information of GEL and its representatives and also potentially violates the attorney-client and

2  work product privileges.

3  **Request No. 6:**

4      A copy of the "mortgage loan originator agreement with GEL" [MLOA], allegedly

5  "signed" by plaintiff on April 2, 2002, referenced at page 3 of the Declaration of Sandra Couteau,

6  Vice President of Administration, used in support of GELs Motion to Dismiss, signed January 16,

7  2008, at Johns Creek, Georgia.

8  **Objection to Request No. 6:**

9      Objection, this request to produce exceeds the scope of the Court's Order of March 17,

10  2008,  and is contrary to the Court's Order of March 17, 2008, and is also contrary to FRCP

11  §34(b) in that it fails to allow for the requisite 30 days time for production of documents at

12  deposition with Plaintiff's facsimile service of the deposition notice and attached document

13  requests on April 11, 2007, and seeking a deposition with attendant production of documents on

14  May 1, 2008.  It is thus burdensome, oppressive, vexing and designed to harass.

15  **Request No. 7:**

16      All documents showing in fact that the "MLOA" was signed by Plaintiff.

17  **Objection to Request No. 7:**

18      Objection, this request to produce exceeds the scope of the Court's Order of March 17,

19  2008,  and is contrary to the Court's Order of March 17, 2008, and is also contrary to FRCP

20  §34(b) in that it fails to allow for the requisite 30 days time for production of documents at

21  deposition with Plaintiff's facsimile service of the deposition notice and attached document

22  requests on April 11, 2007, and seeking a deposition with attendant production of documents on

23  May 1, 2008.  It is thus burdensome, oppressive, vexing and designed to harass.

24  **Request No. 8:**

25      All documents showing that Plaintiff was the actual person who "typed" and "clicked" the

26  words "I accept" electronically.

27  **Objection to Request No. 8:**

28      Objection, this request to produce exceeds the scope of the Court's Order of March 17,

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1  2008, and is contrary to the Court's Order of March 17, 2008, and is also contrary to FRCP

2  §34(b) in that it fails to allow for the requisite 30 days time for production of documents at

3  deposition with Plaintiff's facsimile service of the deposition notice and attached document

4  requests on April 11, 2007, and seeking a deposition with attendant production of documents on

5  May 1, 2008. It is thus burdensome, oppressive, vexing and designed to harass

6  **Request No. 9:**

7      All documents showing that Plaintiff knew of all terms and conditions of the MLOA she

8  allegedly signed..

9  **Objection to Request No. 9:**

10      Objection, this request to produce exceeds the scope of the Court's Order of March 17,

11  2008, and is contrary to the Court's Order of March 17, 2008, and is also contrary to FRCP

12  §34(b) in that it fails to allow for the requisite 30 days time for production of documents at

13  deposition with Plaintiff's facsimile service of the deposition notice and attached document

14  requests on April 11, 2007, and seeking a deposition with attendant production of documents on

15  May 1, 2008. It is thus burdensome, oppressive, vexing and designed to harass.

16  **Request No. 10:**

17      A legible copy of the actual MLOA Defendant contends was "signed" by Plaintiff.

18  **Objection to Request No.10:**

19      Objection, this request to produce exceeds the scope of the Court's Order of March 17,

20  2008, and is contrary to the Court's Order of March 17, 2008, and is also contrary to FRCP

21  §34(b) in that it fails to allow for the requisite 30 days time for production of documents at

22  deposition with Plaintiff's facsimile service of the deposition notice and attached document

23  requests on April 11, 2007, and seeking a deposition with attendant production of documents on

24  May 1, 2008. It is thus burdensome, oppressive, vexing and designed to harass.

25  **Request No. 11:**

26      All documents which show that paragraph 7 in its entirety was somehow made part of the

27  electronic offering of employment allegedly signed by Plaintiff.

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1   **Objection to Request No. 11:**

2        Objection, this request to produce exceeds the scope of the Court's Order of March 17,

3   2008, and is contrary to the Court's Order of March 17, 2008, and is also contrary to FRCP

4   §34(b) in that it fails to allow for the requisite 30 days time for production of documents at

5   deposition with Plaintiff's facsimile service of the deposition notice and attached document

6   requests on April 11, 2007, and seeking a deposition with attendant production of documents on

7   May 1, 2008.  It is thus burdensome, oppressive, vexing and designed to harass.

8   **Request No. 12:**

9        All documents which you believe prove that Plaintiff had knowledge of the existence of

10  paragraph 7 of the MLOA in electronic form sufficient to bind Plaintiff to the entirety of its terms

11  and conditions.

12  **Objection to Request No. 12:**

13       Objection, this request to produce exceeds the scope of the Court's Order of March 17,

14  2008, and is contrary to the Court's Order of March 17, 2008, and is also contrary to FRCP

15  §34(b) in that it fails to allow for the requisite 30 days time for production of documents at

16  deposition with Plaintiff's facsimile service of the deposition notice and attached document

17  requests on April 11, 2007, and seeking a deposition with attendant production of documents on

18  May 1, 2008.  It is thus burdensome, oppressive, vexing and designed to harass.

19  **Request No. 13:**

20       All documents which show GEL's policies and procedures or practices and protocol

21  concerning the hiring of "non-Georgia" resident-employees like Plaintiff where there arises a

22  dispute to be covered under paragraph 7 of GEL's MLOA.

23  **Objection to Request No. 13:**

24       Objection, this request to produce exceeds the scope of the Court's Order of March 17,

25  2008, and is contrary to the Court's Order of March 17, 2008, and is also contrary to FRCP

26  §34(b) in that it fails to allow for the requisite 30 days time for production of documents at

27  deposition with Plaintiff's facsimile service of the deposition notice and attached document

28  requests on April 11, 2007, and seeking a deposition with attendant production of documents on

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1  May 1, 2008. It is thus burdensome, oppressive, vexing and designed to harass. Further, said

2  request is vague, ambiguous, overly broad, not susceptible to reasonable particularity, is violative

3  of the right of privacy, potentially infringes upon trade secrets and proprietary and confidential

4  information of GEL and its representatives, calls for speculation; it is also unintelligible as

5  phrased.

6  **Request No. 14:**

7      All documents referenced at page 2 of GEL's REPLY to Plaintiffs Opposition to Motion

8  to Compel Arbitration, at lines 20-23, aka "series of agreements," so-called by J. Mark Thacker,

9  Esq. who authored the REPLY for GEL.

10  **Objection to Request No. 14:**

11      Objection, this request to produce exceeds the scope of the Court's Order of March 17,

12  2008, and is contrary to the Court's Order of March 17, 2008, and is also contrary to FRCP

13  §34(b) in that it fails to allow for the requisite 30 days time for production of documents at

14  deposition with Plaintiff's facsimile service of the deposition notice and attached document

15  requests on April 11, 2007, and seeking a deposition with attendant production of documents on

16  May 1, 2008. It is thus burdensome, oppressive, vexing and designed to harass. Further, said

17  request is vague, ambiguous, overly broad, not susceptible to reasonable particularity, is violative

18  of the right of privacy, potentially infringes upon trade secrets and proprietary and confidential

19  information of GEL and its representatives.

20  **Request No. 15:**

21      If this is the actual document GEL is relying upon in supporting its various motions

22  herein, [To Dismiss, To Transfer Venue, To Arbitrate, et al.] then, produce the entire 15 page

23  "Exhibit A" to the Supplemental Declaration of Sandra Croteau dated February 29, 2008,

24  attached to the Motion to Dismiss filed by Defendant, GEL, allegedly filled out and subscribed to

25  by Plaintiff.

26  **Objection to Request No. 15:**

27      Objection, this request to produce exceeds the scope of the Court's Order of March 17,

28  2008, and is contrary to the Court's Order of March 17, 2008, and is also contrary to FRCP

1   §34(b) in that it fails to allow for the requisite 30 days time for production of documents at

2   deposition with Plaintiff's facsimile service of the deposition notice and attached document

3   requests on April 11, 2007, and seeking a deposition with attendant production of documents on

4   May 1, 2008. It is thus burdensome, oppressive, vexing and designed to harass. Further, said

5   request is vague, ambiguous, overly broad, not susceptible to reasonable particularity, and is

6   uncertain and unintelligible as phrased and calls for speculation.

7      **Request No. 16:**

8      All documents showing "World Lending Group, Inc.," changed its name to "Global

9   Lending Group, Inc.," on November 21, 2003, including, filings, charters, articles of

10   incorporation, state, local or federal approvals, documents showing Federal Taxpayer

11   Identification Numbers for the new entity, or other relevant documents showing the change in

12   name and/or identity.

13      **Objection to Request No. 16:**

14      Objection, this request to produce exceeds the scope of the Court's Order of March 17,

15   2008, and is contrary to the Court's Order of March 17, 2008, and is also contrary to FRCP

16   §34(b) in that it fails to allow for the requisite 30 days time for production of documents at

17   deposition with Plaintiff's facsimile service of the deposition notice and attached document

18   requests on April 11, 2007, and seeking a deposition with attendant production of documents on

19   May 1, 2008. It is thus burdensome, oppressive, vexing and designed to harass. Further, said

20   request is vague, ambiguous, overly broad, not susceptible to reasonable particularity, is violative

21   of the right of privacy, and potentially infringes upon trade secrets and proprietary and

22   confidential information of GEL and its representatives. Also, this request potentially violates the

23   attorney-client and work product privileges.

24      **Request No. 17:**

25      All documents showing the reason for your "error" contained in your first declaration filed

26   in this action as stated in your Supplemental Declaration of February 29, 2008, filed with this

27   Court.

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

**Objection to Request No. 17:**

Objection, this request to produce exceeds the scope of the Court's Order of March 17, 2008, and is contrary to the Court's Order of March 17, 2008, and is also contrary to FRCP §34(b) in that it fails to allow for the requisite 30 days time for production of documents at deposition with Plaintiff's facsimile service of the deposition notice and attached document requests on April 11, 2007, and seeking a deposition with attendant production of documents on May 1, 2008. It is thus burdensome, oppressive, vexing and designed to harass. Further, said request is vague, ambiguous, overly broad, not susceptible to reasonable particularity, is violative of the right of privacy, and potentially infringes upon trade secrets and proprietary and confidential information of GEL and its representatives. It is also potentially violative of the attorney-client and work product privileges. Also, this request potentially violates the attorney-client and work product privileges.

**Request No. 18:**

All documents showing the true name of the employer of Plaintiff as of April 2, 2002, July 29, 2002, respectively.

**Objection to Request No. 18:**

Objection, this request to produce exceeds the scope of the Court's Order of March 17, 2008, and is contrary to the Court's Order of March 17, 2008, and is also contrary to FRCP §34(b) in that it fails to allow for the requisite 30 days time for production of documents at deposition with Plaintiff's facsimile service of the deposition notice and attached document requests on April 11, 2007, and seeking a deposition with attendant production of documents on May 1, 2008. It is thus burdensome, oppressive, vexing and designed to harass. Further, said request is vague, ambiguous, overly broad, not susceptible to reasonable particularity, unintelligible and uncertain as phrased.

**Request No. 19:**

All documents showing your understanding of the phrase "an active employee" at page 3, line 17 of the Supplemental Declaration of Ms. Croteau dated February 29, 2008.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

**Objection to Request No. 19:**

Objection, this request to produce exceeds the scope of the Court's Order of March 17, 2008, and is contrary to the Court's Order of March 17, 2008, and is also contrary to FRCP §34(b) in that it fails to allow for the requisite 30 days time for production of documents at deposition with Plaintiff's facsimile service of the deposition notice and attached document requests on April 11, 2007, and seeking a deposition with attendant production of documents on May 1, 2008. It is thus burdensome, oppressive, vexing and designed to harass. Further, said request is vague, ambiguous, overly broad, not susceptible to reasonable particularity, is violative of the right of privacy, and potentially infringes upon trade secrets and proprietary and confidential information of GEL and its representatives. It is also potentially violative of the attorney-client and work product privileges.

Dated: April 21, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____

RICHARD M. WILIAMS
GREGORY M. GENTILE
J. MARK THACKER
Attorneys for Defendant
GLOBAL EQUITY LENDING, INC.

1   CASE NAME:    ARREGUIN v. GLOBAL EQUITY LENDING

2   ACTION NO.:    C 07 6026

3                          PROOF OF SERVICE

4   METHOD OF SERVICE

5   ☒  First Class Mail        ☒  Facsimile              ☐  Messenger Service

6   ☐  Overnight Delivery      ☐  E-Mail/Electronic Delivery

7   1.  At the time of service I was over 18 years of age and not a party to this action and a Citizen of
the United States.

8

9   2.  My business address is 80 North First Street, San Jose, CA 95113.

10  3.  On April 21, 2008, I served the following documents:

11      **GLOBAL EQUITY LENDING, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF
        DEPOSITION AND REQUEST TO PRODUCE DOCUMENTS AT DEPOSITION**

12

13  4.  I served the documents on the persons at the address below (along with their fax numbers
and/or email addresses if service was by fax or email):

14      James F. Jordan, Esq.              (909) 624-1671
        Law Offices of Herbert Hafif, APC  (909) 625-7772 (Fax)
15      269 West Bonita Avenue             **Attorneys for Plaintiff**
        Claremont, CA 91711-4784
16

17      Steven L. Miller, Esq.             (818) 986-8900
        16133 Ventura Boulevard, Suite 1200 (818) 990-7900 (Fax)
18      Encino, CA 91436                   **Attorneys for Plaintiff**

19      Scott A. Miller, Esq.              (818) 788-8081
        Law Offices of Scott A. Miller, APC (818) 788-8080 (Fax)
20      16133 Ventura Boulevard, Suite 1200 **Attorneys for Plaintiff**
        Encino, CA 91436
21

22

23  5.  I served the documents by the following means:

24      a.  ☒  By United States mail: I enclosed the documents in a sealed envelope or package
addressed to the persons at the addresses specified in item 4 and placed the envelope for
25  collection and mailing, following our ordinary business practices. I am readily familiar with this
business's practice for collecting and processing correspondence for mailing. On the same day
26  that correspondence is placed for collection and mailing, it is deposited in the ordinary course of
business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

27      b.  ☐  By overnight delivery: I enclosed the documents in an envelope or package
provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4.

28

OBJECTIONS TO DEPOSITION NOTICE          - 13 -          CASE NO.  C 07 6026 MHP
RCI/5103814.1/BL1

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

c. ☐ **By messenger:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a messenger for service.

d. ☒ **By fax transmission:** Based on an agreement between the parties and in conformance with Fed. Rules Civ. Proc. rule 5, and/or as a courtesy, I faxed the documents to the persons at the fax numbers listed in item 4

e. ☐ **By email or electronic transmission:** Based on an agreement between the parties and/or as a courtesy, I sent the documents to the persons at the email addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I am employed in the office of a member of the bar of this court at whose direction the service was made. I certify under penalty of perjury that the foregoing is true and correct.

Date:  April 21, 2008

Bonnie Langston                                    _Bonnie Langston_
Type Name                                          Signature

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

SAN JOSE | 80 North First Street
Los Angeles | San Jose, CA 95113
New York | Telephone (408) 287-6262
San Francisco | Facsimile (408) 918-4501
Redwood City | www.ropers.com

LAWYERS
RMKB
ROPERS MAJESKI KOHN BENTLEY

## FACSIMILE TRANSMISSION

**DATE:**      April 21, 2008

**TO:**

| NAME | FAX NO. | PHONE NO. |
|------|---------|-----------|
| James F. Jordan, Esq. Law Offices of Herbert Hafif | (909) 625-7772 | (909) 624-1671 |
| Steven L. Miller, Esq. | (818) 990-7900 | (818) 986-8900 |
| Scott A. Miller, Esq. Law Offices of Scott A. Miller | (818) 788-8080 | (818) 788-8081 |

**FROM:**   Gregory M. Gentile        **PHONE:**        (408) 918-4554

**RE:**      Arreguin v. Global Equity Lending

**SENT BY:**  Bonnie Langston        **PHONE:**      (408) 947-4844

| FILE NUMBER: | 56750 3291J |
|---|---|
| NUMBER OF PAGES, INCLUDING COVER: | 15 |

**MESSAGE:**

Please see the attached.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL
BONNIE LANGSTON AT (408) 947-4844 AS SOON AS POSSIBLE.**

RC1/5079664.1/BL1

```
*****************************
***   MULTI TX/RX REPORT   ***
*****************************
```

| | |
|---|---|
| TX/RX NO | 0165 |
| PGS. | 15 |
| TX/RX INCOMPLETE | ----- |
| TRANSACTION OK | (1)  919096257772 |
| | (2)  918189907900 |
| | (3)  918187888080 |
| ERROR INFORMATION | ----- |



SAN JOSE | 80 North First Street
Los Angeles | San Jose, CA 95113
New York | Telephone (408) 287-6262
San Francisco | Facsimile (408) 918-4501
Redwood City | www.ropers.com

**L A W Y E R S**
**RMKB**
ROPERS MAJESKI KOHN BENTLEY

## FACSIMILE TRANSMISSION

**DATE:**     April 21, 2008

**TO:**

| NAME | FAX NO. | PHONE NO. |
|---|---|---|
| James F. Jordan, Esq.<br>Law Offices of Herbert Hafif | (909) 625-7772 | (909) 624-1671 |
| Steven L. Miller, Esq. | (818) 990-7900 | (818) 986-8900 |
| Scott A. Miller, Esq.<br>Law Offices of Scott A. Miller | (818) 788-8080 | (818) 788-8081 |

**FROM:**   Gregory M. Gentile       **PHONE:**     (408) 918-4554

**RE:**      Arreguin v. Global Equity Lending

**SENT BY:**   Bonnie Langston       **PHONE:**     (408) 947-4844

| | |
|---|---|
| FILE NUMBER: | 56750 3291J |
| NUMBER OF PAGES, INCLUDING COVER: | 15 |

**MESSAGE:**

Please see the attached.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any
U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the

# EXHIBIT "F"

SAN JOSE | 80 North First Street
Los Angeles | San Jose, CA 95113
New York | Telephone (408) 287-6262
San Francisco | Facsimile (408) 918-4501
Redwood City | www.ropers.com
Boston



Gregory M. Gentile
(408) 918-4554

ggentile@ropers.com

April 24, 2008

**VIA E-MAIL**

James F. Jordan, Esq.
Law Offices of Herbert Hafif, APC
269 West Bonita Avenue
Claremont, CA 91711-4784

     Re:    <u>Arreguin v. GEL</u>
            United States District Court Case No. C 07 6026
            Our File No.: 56750 3291J

Dear Mr. Jordan:

     This is in response to yours of April 23, 2008.

     This is our attempt to meet and confer with you with respect to the depositions and the improper requests to produce. I am sending to you a copy of the transcript of the Court's statements during the March 17, 2008 hearing. I am sure a reading of the transcript will enlighten you as to the Court's intent in ordering the depositions to proceed. The Court's Order was premised on depositions only; it said nothing about an attendant document demand and certainly did not order that time be shortened for the service and response to a Rule 34 demand. It made it very clear that the depositions were to concern the "contracts", only and whether your client executed the same.

     Despite the above, you have unilaterally chosen to serve deposition notices with an attendant demand to produce documents. Each of the requests are objectionable in that they go beyond the Court's Order. Moreover, many of the requests go well beyond the present issue of the "contract" and seek to explore other areas that have no relation to the singular issue of whether your client agreed to the terms of the employment agreement which included an arbitration clause and a venue selection clause. It is clear to me that you are seeking discovery outside the Court Order. If we are forced to file a motion for protective order, we will seek sanctions for your unreasonable and improper requests, which simply seek to vex, harass, and annoy my client.

     In an attempt to avoid the depositions altogether, I am sending to you documents Bates-stamped as GEL-001 – GEL-034. The first six documents consist of the GEL Employment Agreement that was part of GEL's original disclosure. Since that time and very recently, my client was able to locate additional documents, Bates-stamped GEL-007 – GEL-034. As you can



James F. Jordan, Esq.
Re: <u>Arreguin v. Global Equity Lending</u>
April 24, 2008                                                                                          Page 2

see, the documents contain actual signed Agreements between Ms. Arreguin and World
Leadership Group Inc., dated 7/19/02. This should put to rest any issue that your client executed
a contract containing an arbitration clause (See paragraph 7) and a venue selection clause
compelling litigation in the State of Georgia with venue either in Cobb County or Gwinnett
County in that State. (See paragraph 11).

Please review the same and advise if you will agree that your request to produce is
improper and whether you believe there is now a need for depositions given your client's actual
execution of the documents. ( I cannot imagine your client denying that she did not sign the
documents).

If we are forced to file a motion for a protective order, we will certainly do so and include
a request for sanctions.

Lastly, I honestly fail to see how you are "easing my burden" by agreeing to San
Francisco as a situs for your client's deposition. Your client chose to file her Complaint in that
Judicial District. She is therefore would be required to appear there. My initial offer to take her
deposition in Fairfield is was a compromise which you have apparently rejected.

Very truly yours,

ROPERS, MAJESKI, KOHN & BENTLEY

DICTATED BUT NOT READ. SENT TO AVOID DELAY.

GREGORY M. GENTILE

GMG:bl
Enclosures

# EXHIBIT "G"

**Fax Cover Sheet**[1]

**Law Offices of Herbert Hafif**
269 West Bonita Avenue
Claremont, California 91711
909/624-1671
Fax 909/625-7772

| | |
|---|---|
| To: | Gregory M. Gentile, Esq. |
| With: | ROPERS, MAJESKI, KOHN & BENTLEY |
| Fax No: | (408) 918-4501 |
| From: | Gwen/Robert S. Ackley, Esq. |
| Reference: | Arreguin v. Global Lending, Inc. |
| Date: | April 23,, 2008 |

| No. | Document | No. of Pages[2] |
|---|---|---|
| 1. | Letter dated April 23, 2008 | 2 |
| 2. | | |
| 3. | | |
| 4. | | |

**Comments:**
_X_  Original will follow.
__  Other message:

---

[1] The information contained in this facsimile message is information protected by attorney-client and/or the attorney work-product privilege. It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the read of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original to us at the above address via the United States Postal Service. Thank you.

[2] If you do not receive ALL pages, please phone us immediately. Page count excludes cover sheet.

*Law Offices of*

# HERBERT HAFIF
A PROFESSIONAL CORPORATION

CLAREMONT PROFESSIONAL BUILDING
269 WEST BONITA AVENUE
CLAREMONT, CALIFORNIA 91711-4784
TELEPHONE: 909/624-1671
FACSIMILE: 909/625-7772

HERBERT HAFIF
GREG HAFIF
MICHAEL G. DAWSON
MIGUEL G. CABALLERO
FARRIS E. AIN
CHARLES E. HILL
KENNETH L. MARIBOHO
JAMES F. JORDAN
EUGENE D. SENF

April 23, 2008

**Via Facsimile (408) 918-4501) and U.S. Mail**

Gregory M. Gentile, Esq.
ROPERS MAJESKI KOHN BENTLEY
80 North First Street
San Jose, CA  95113

Re:    *Dolores Arreguin v. Global Equity Lending*

Dear Mr. Gentile:

I reviewed your Objections and underlying concerns concerning the deposition of your two employees.  Let us address your position as I understand it.

First, you are not objecting to the "taking" of the depositions of your people by teleconferencing per our conversation and your agreeable letter. We are not interested in disputing proper timing for *service* dates for depositions with your firm. As we see it, the order did not require any specific means of noticing the deposition, just that they be completed by a certain date.

Second, your use of the contents of the "court's order" is rather vexing, since the order did <u>not</u> specifically exclude the proper request for production at the deposition so we can explore facts that could not be easily obtained without use of your client's available documents. Too often, Mr. Gentile, defendant companies like to think they can play *hide the ball* with evidence. We are confident our bench officer will not condone this gamesmanship. Nor, will your *objections* stand, in light of our gentlemanly communications referencing liberality in setting dates for depositions and convenience for all parties and counsel well outside the stricture of the FRCP.  **Nor have you stated your client's employees/officers will not appear and bring documents.** Such obstreperousness would require a *protective* order in any event, which we would roundly oppose.

I am available the first week in May 2008 as I have told you. My secretary, Gwen, has been waiting patiently for yours to call to set these dates now for nearly 2 weeks. What more can we offer? I have now offered to come to San Francisco to ease your burden.

Gregory M. Gentile, Esq.
April 23, 2008
Page 2

One issue here is not negotiable, *vis.*, should your client not produce all documents requested to us at least 72 hours prior to the deposition, we would likely move the court for sanctions. We have bent over backwards to accommodate your client and you. We must have documents which are at the crux of your motion to satisfy the Court's keen inquiry.

We politely remain open to further discussion, but time is running out.

Thank you for your attention to this urgent matter.

Very truly yours,

LAW OFFICES OF HERBERT HAFIF

*James F. Jordan*

James F. Jordan

JFJ:gs

# EXHIBIT "H"

SAN JOSE | 80 North First Street
Los Angeles | San Jose, CA 95113
New York | Telephone (408) 287-6262
San Francisco | Facsimile (408) 918-4501
Redwood City | www.ropers.com
Boston



ROPERS MAJESKI KOHN BENTLEY

Gregory M. Gentile
(408) 918-4554

ggentile@ropers.com

April 30, 2008

**VIA FAX AND U.S. MAIL
(909) 625-7772**

James F. Jordan, Esq.
Law Offices of Herbert Hafif, APC
269 West Bonita Avenue
Claremont, CA 91711-4784

> Re:    Arreguin v. GEL
>        United States District Court Case No. C 07 6026
>        Our File No.: 56750 3291J

Dear Mr. Jordan:

This is in partial response to yours of April 29, 2008 which was sent by facsimile transmission to my office at 2:49 p.m. I am sure you received my letter of the same date reflecting defendant's confirmation of plaintiff's deposition on May 7th.

As a follow-up to that letter, this is to advise that Global's representatives will appear for their depositions, **by video-conferencing**, on Tuesday, May 13, 2008. It is my understanding that you will proceed initially with Sandy Crouteau, beginning at 10:00 a.m. Upon completion of Ms. Crouteau, you will take the deposition of the person most knowledgeable.

In short, we now have firm dates and times for the Court-ordered depositions.

Very truly yours,

ROPERS, MAJESKI, KOHN & BENTLEY

GREGORY M. GENTILE

GMG:gqh

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).
RC1/5112893.1/GH2

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 0261 |
| CONNECTION TEL | 919096257772 |
| CONNECTION ID | |
| ST. TIME | 04/30 15:00 |
| USAGE T | 00'16 |
| PGS. SENT | 1 |
| RESULT | OK |

*rob*
*cm6/6ing*

SAN JOSE | 80 North First Street
Los Angeles | San Jose, CA 95113
New York | Telephone (408) 287-6262
San Francisco | Facsimile (408) 918-4501
Redwood City | www.ropers.com
Boston |

Gregory M. Gentile
(408) 918-4554



ggentile@ropers.com

April 30, 2008

## VIA FAX AND U.S. MAIL
## (909) 625-7772

James F. Jordan, Esq.
Law Offices of Herbert Hafif, APC
269 West Bonita Avenue
Claremont, CA 91711-4784

     Re:    <u>Arreguin v. GEL</u>
            United States District Court Case No. C 07 6026
            Our File No.: 56750 3291J

Dear Mr. Jordan:

     This is in partial response to yours of April 29, 2008 which was sent by facsimile transmission to my office at 2:49 p.m. I am sure you received my letter of the same date reflecting defendant's confirmation of plaintiff's deposition on May 7th.

     As a follow-up to that letter, this is to advise that Global's representatives will appear for their depositions, **by video-conferencing**, on Tuesday, May 13, 2008. It is my understanding that you will proceed initially with Sandy Crouteau, beginning at 10:00 a.m. Upon completion of Ms. Crouteau, you will take the deposition of the person most knowledgeable.

     In short, we now have firm dates and times for the Court-ordered depositions.

                         Very truly yours,

                         ROPERS, MAJESKI, KOHN & BENTLEY