RICHARD M. WILLIAMS (SBN 68032)
GREGORY M. GENTILE (SBN 142424)
J. MARK THACKER (SBN 157182)
ROPERS, MAJESKI, KOHN & BENTLEY
80 North First Street
San Jose, CA 95113
Telephone:  (408) 287-6262
Facsimile:   (408) 918-4501

Attorneys for Defendant
GLOBAL EQUITY LENDING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES A. ARREGUIN, for herself and other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL EQUITY LENDING, INC., a Georgia Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendant. | CASE NO. C 07 6026 MHP<br><br>**STIPULATION TO RESOLVE PENDING DISCOVERY DISPUTE RE GLOBAL EQUITY LENDING INC.'S MOTION FOR PROTECTIVE ORDER** |

1. On April 11, 2008 Plaintiff noticed the deposition of GLOBAL EQUITY LENDING INC.'s, (GLOBAL) representatives pursuant to the Court's Order on March 17, 2008 that the parties engage in limited depositions on the issue of the contract purportedly agreed to by Plaintiff with GLOBAL on or about April 2, 2002, and Plaintiff's consent to the same. Said deposition notice sought the deposition of Sandy Croteau and a Personal Most Knowledgeable of GLOBAL as to five different categories of inquiry.

2. Attendant to the deposition notice Plaintiff served a request to produce documents requesting nineteen (19) categories of documents. GLOBAL perceived the designated categories for the PMK to be improper in light of the Court's order for limited depositions. GLOBAL further perceived many of the categories of the Plaintiff's documents requests to be ambiguous,

1  unintelligible overly broad and irrelevant to the issues before the Court. Further, GLOBAL perceived several of the document requests as seeking documents protected by or implicating some form of privilege, including invasion of business trade secrets and potentially proprietary information of GLOBAL.

3. On April 21, 2008 GLOBAL served its formal objections to the deposition notices and the document demands. Following "meet and confer" attempts and an inability to resolve the issues presented by the Requests, on May 1, 2008, GLOBAL filed a Motion for Protective Order with the Court pursuant to FRCP 26 along with a request for sanctions.

4. Following the filing of the same, GLOBAL was instructed by the Court's clerk that the Honorable Marilyn Hall Patel would not hear said motion and that she desired that the parties attempt "work out" the discovery dispute on their own and reach some form of stipulation. GLOBAL was instructed that should the parties not be able to resolve the dispute, then they could contact the Court and engage in a telephone conference with Judge Patel to resolve the issues presented.

5. In an attempt to abide by the Court's directive and obviate the need for Court intervention and resolve the discovery dispute presented by GLOBAL's motion:

IT IS HEREBY STIPULATED THAT:

a. Plaintiff will limit each and every document request set forth in her Request to Produce Documents served April 11, 2008 to issues surrounding Plaintiff DOLORES ARREGIUIN only, and her agreements, contracts, documents and/or execution of documents and contracts relating to her association with GLOBAL and its affiliated Companies, World Lending Group Inc., and World Leadership Group Inc, and only as their bearing on the issues of the contract and/or Plaintiffs consent to the same.

b. Plaintiff further agrees that Requests 1 and 2, are limited to those documents related directly to Plaintiff DOLORES ARREGIUIN, as opposed to any third party; and that further, to the extent these Requests seeks to obtain any form of policy manual, written internal guidelines or procedures, that same is withdrawn since GLOBAL deems same as confidential and proprietary information and therefore protected from production by GLOBAL at

Stip. to Resolve Pending Discovery Dispute Re Global's Motion For Protective Order      - 2 -      CASE NO. C 07 6026 MHP

1 this stage of the litigation.

2  c. As to Request 3, 4, 5 and 13, said Requests, are hereby withdrawn as
3 outside of the Court's order for limited depositions

4  d. As to Requests 6, 7, 8, 9, 10, 11 12 and 14 it is GLOBAL's position that it
5 has produced the documents to Plaintiff as part of its Initial Disclosure dated March 3, 2008 and
6 its Supplemental Disclosure dated April 30, 2008. Further, the Supplemental Declaration of
7 Sandra Croteau in Support of GLOBAL's Reply to Plaintiff's Opposition to Motion to Compel
8 Arbitration attached as Exhibit A, general form/exemplar documents relating to the process of
9 electronic acceptance of the contract.

10  e. It is further Stipulated that Requests 15, 16, 17, 18, and 19 are withdrawn
11 in light of their over-breadth, ambiguity and uncertainty.

12  f. It is further Stipulated that the scope of Plaintiff's inquiry as to the five
13 designated PMK categories will not extend beyond that of Plaintiff DOLORES ARREGUIN or
14 into third parties or agents of GLOBAL.

15  g. Said stipulation is without prejudice to Plaintiff re-propounding these
16 requests to the extent the Court denies GLOBAL's pending motions and the lawsuit is allowed to
17 proceed on its merits in the Federal District Court. GLOBAL hereby reserves its right to re-assert
18 all objections at that time and to file any all motions, including but not limited to a motion for
19 protective order.

20 Dated: May 13, 2008    LAW OFFICES OF HERBERT HAFIF, APC

22    By: _____
    FARRIS E. AIN
    Attorneys for Plaintiff
23    DOLORES ARREGUIN

24 Dated: May 13, 2008    ROPERS, MAJESKI, KOHN & BENTLEY

26    By: _____
    GREGORY M. GENTILE
    Attorneys for Defendant
27    GLOBAL EQUITY LENDING INC.

Stip. to Resolve Pending Discovery Dispute Re
Global's Motion For Protective Order        - 3 -        CASE NO. C 07 6026 MHP