Herbert Hafif, Bar No. 27311
Greg K. Hafif, Bar No. 149515
Michael D. Dawson, Bar No. 150385
Farris E. Ain, Bar No. 228045
**LAW OFFICES OF HERBERT HAFIF, APC**
269 West Bonita Avenue
Claremont, California 91711-4784
(909) 624-1671; Fax (909) 625-7772

Steven L. Miller, Bar No. 106023
16133 Ventura Blvd., Suite 1200
Encino, California 91436
(818) 986-8900; Fax (818) 990-7900

Scott A. Miller, Bar No. 230322
**LAW OFFICES OF SCOTT A. MILLER, APC**
16133 Ventura Blvd., Suite 1200
Encino, California 91436
(818) 788-8081; Fax (818) 788-8080

Attorneys for Plaintiff
DOLORES A. ARREGUIN, for
herself and other members
of the general public similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES A. ARREGUIN, for herself and other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GLOBAL EQUITY LENDING, INC., a Georgia Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NO. C 07-06026 MHP<br>[Filed: November 29, 2007]<br><br>*[Assigned for all Purposes to: Honorable Judge Marilyn H. Patel]*<br><br>**SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS**<br><br>Date : June 23, 2008<br>Time : 2:00 p.m.<br>Place : Courtroom 15 |

- 1 -

SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS

Plaintiff, Dolores A. Arreguin, on behalf of herself and all others similarly situated, hereby files her Supplemental Brief In Opposition to Defendant, Global Equity Lending, Inc.'s, Motion to Compel Arbitration and Motion to Dismiss. Considering that the Court requested the entire deposition transcripts to be attached with the intent of reading the entire testimony of the witnesses, and the Court's limiting of this supplemental brief to five (5) pages, Plaintiff will provide limited citation to said transcripts as deemed appropriate and relevant to the issue presented.

Further, Plaintiff provides the Court with the new ruling in *Samuel Metters v. Ralphs Grocery Company*, Case No. 06CC10397 (April 1, 2008 Cal. Fourth Appellate Dist.), which is on point although non-binding on this Court.

## I.

## RELEVANT DEPOSITION TESTIMONY

As Plaintiff's testimony reveals, the circumstances surrounding the signing of "World Lending Group, Inc. Mortgage Loan Originator Employment Agreement," ("Subject Contract"), which has now surfaced for the first time in this litigation, still renders it unconscionable. See Declaration of Farris E. Ain, Exh. "4," Supplemental Disclosures of Defendant Global Equity Lending, Inc. (hereinafter "Ain Decl., Exh. '4,'") Bate Stamp GEL 021-025. It also raises doubts regarding the credibility of Defendant's prior allegations and the new evasive testimony from Defendant's witnesses regarding Plaintiff's job application process, or the application process as a whole. Thus, the Court should look closely at whatever new arguments Defendant may now submit. Assuming Plaintiff did sign the Subject Contract, she lacked a meaningful choice in entering into the contract or negotiating its terms, and the terms are unreasonably favorable to the other party.

On July 19, 2002, Plaintiff completed a job application and was hired July 29, 2002. Ain Decl., Exh. "4," Bate Stamp GEL 001-034. Plaintiff could not have entered into any employment contract with Defendant, Gobal Equity Lending, Inc. ("GEL"), as alleged in Sandra Croteau's first Declaration submitted in Support of

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced on recycled paper.

- 2 -

SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS

Defendant, GEL's, Motions to Dismiss and Compel Arbitration. GEL's name surfaced on or about November 2003. At the time of hiring, Plaintiff was applying for a job with World Lending Group ("WLG").

Defendant has now produced documents evidencing Plaintiff's "wet signature" on several documents signed on July 19, 2002, including a Mortgage Loan Originator Employment Agreement between Plaintiff and WLG. Ain Decl., Exh. "4," Bate Stamp GEL 021-025. The relationship of these two companies, GEL and WLG, is unclear as testimony was not permitted on the subject. Thus, Plaintiff does not know if the transaction was a simple name change or otherwise. The same is true as to whether an agreement with WLG necessarily means that GEL can assert the arbitration and venue provisions of the same to GEL's relationship with Plaintiff.

A.  **Defendant's Witnesses:**

Eliminating the testimony of Sandra Croteau as irrelevant,[1] we are left with the testimony of Eric Pennington, who hardly was a Person Most Knowledgeable. He did, however, provide some general information regarding the application process of Defendant, GEL, and its predecessor, WLG. Yet, like Croteau, Pennington had no specific knowledge regarding Plaintiff's application process or the facts and circumstances surrounding her hiring and her actual signing of any documents and contracts between Plaintiff and GEL or WLG. Ain Dec., Exh. "3," Deposition of Pennington (hereinafter "Pennington Depo") 9:23-24:19; 49:23-50:20; 51:1-14.

Pennington worked for Defendant from February to July 2002. He was a loan originator for Defendant's predecessor (WLG) and worked for the software company that set-up Defendant's internet application process. As for the internet application job process, Pennington confirmed that the employment contracts, and other documents, were provided via the web site on a "take-it or leave-it" basis.

---

[1] Sandra Croteau testified that her employment for Defendant and its predecessor began January 2003, after Plaintiff was hired. Croteau testified that she had no personal knowledge regarding the circumstances surrounding the application process and hiring of Plaintiff other than it must have been the same as when she began her employment. See Ain Declaration Exh. "2" Deposition of Croteau, 36:20-23; 40:15-41:8; 42:9-21; 53:16-58:5, and 45:1-16.

-3-

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced on recycled paper.

SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS

1  Pennington Depo, 34:1-36:4; 49:23-50:20, 51:1-14. ("Q. Okay. And if they choose
2  not to agree to the agreement or any of its terms, what happens? A. The process
3  terminates. They cannot continue.").
4        Although Plaintiff was not permitted to request documents in conjunction with
5  the Court-ordered depositions, Defendant did produce some documents as part of its
6  initial disclosure. Ain Decl., Exh. "4," Bate Stamp GEL 001-034. It now appears
7  that, in addition to the internet application process described in Pennington's
8  deposition, the process through which Defendant cannot confirm that Plaintiff did
9  ever review and sign any employment agreement, Plaintiff did *physically* sign a
10 different employment agreement on July 19, 2002. While Defendant cannot confirm
11 how Plaintiff received the July 19, 2002, documents, Plaintiff believes that they were
12 physically given to her. Pennington also testified that initially there may have been a
13 manual application process in addition to the web site process. Pennington Depo,
14 27:9-28:2. As such, the only relevant testimony regarding whether Plaintiff received,
15 signed, and understood the Subject Contract is that of Plaintiff.
16 **B.  Plaintiff's Testimony:**
17       First, Plaintiff could not have signed any employment contract in July 2002
18 with Defendant, Global Equity Lending, because the company did not exist at that
19 time. Ain Decl., Exh. "1," Deposition of Dolores Arreguin (hereinafter "Arreguin
20 Depo") 29:21-23. This much is uncontested by Defendant's witnesses. Nor could
21 she have checked any boxes (representing "I Agree") for that same reason. Arreguin
22 Depo, 30:17-20; 31:4-7. One thing is clear, Plaintiff describes a very confusing
23 company start-up and application process. Arreguin Depo 31:8-32:1.
24       Second, Plaintiff confirms that throughout her employment, documents called
25 agreements or terms and conditions, would pop-up on the web site and "you couldn't
26 get in your web site unless you accepted or said 'yes,' or typed your name in. They
27 would block you from that." Arreguin Depo, 32:2-8. See also, Arreguin Depo,
28 36:14-17. Plaintiff testified that the signature on the Subject Contract is hers, but she

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced
on recycled paper.

- 4 -

SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS

did not understand the Subject Contract. Arreguin Depo, 37:24-38:1. While she does not remember exactly how she got it, she believes it was given to her by a recruiter, Carl Enloe. Arreguin Depo, 46:23-47:1; 52:22-53:20.

Third, the Subject Contract was signed by Plaintiff, along with the other documents presented to her during the application process. See Exh. "4," Bate Stamp GEL 026-34. Further evidencing that Plaintiff did not know what she was signing is the document titled "Employee Acknowledgment Regarding World Lending Group Employee Policy Manual." Bate Stamped GEL 027. There was no such manual in July 2002. Arreguin Depo, 83:22-25. Nor, was Plaintiff given an option to sign the Subject Contract or any other documents presented to her throughout her employment. Arreguin Depo, 53:25-54:13. Plaintiff signed many documents through her employment on a take-it or leave-it basis, or she could not work for the company or log into the computer. Arreguin Depo 59:3-15; 64:1-17; 66:10-18; 67:3-6.

Finally, as to the specific arbitration and venue provisions, Plaintiff never saw these provisions at all, yet alone, had an opportunity to negotiate their terms. Arreguin Depo, 71:14-16. In fact, whether applying for a job via the web site or manually, as it is possible that Plaintiff might have received documents through either method, the process was confusing and there was no system in place that would allow Plaintiff, or the proposed class, to discuss or have explained to them what rights they have waived by signing certain documents. Arreguin Depo, 82:10-21. Thus, the Subject Contract is procedurally and substantively unconscionable.

///
///
///
///
///
///
///

## II.

## CONCLUSION

For all of the reasons stated herein, the Court should deny Global's Motion to Compel Arbitration and Motion to Dismiss because the Subject Contract clauses are unconscionable as argued in Plaintiff's Opposition and this Supplemental Brief.

DATED: June 9, 2008                **LAW OFFICES OF HERBERT HAFIF, APC**

By: _____
    Farris E. Ain
    Attorneys for Plaintiff, DOLORES A. ARREGUIN, for herself and other members of the general public similarly situated

SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS

# PROOF OF SERVICE

STATE OF CALIFORNIA ) 
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 269 West Bonita Avenue, Claremont, CA 91711.

On June 9, 2008, I served the foregoing document described as: **SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS**

[ ]  by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

[X]  by placing [ ] the original [X] a true copy thereof enclosed in sealed envelopes addressed as follows:

**[SEE ATTACHED MAILING LIST]**

[X]  I deposited each envelope in the mail at Claremont, California.[2] The envelope was mailed with postage thereon fully prepaid.

[X]  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Post Office on that same day with postage thereon fully prepaid at Claremont, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  As follows: I am "readily familiar" with the firm's practice for delivering overnight envelopes or packages to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the address as last given by that person on any document filed in the cause and served on the party making service.

[X]  By filing with the U.S. District Court's CM/ECF filing system.

---

[2] By mail signature must be of person depositing envelope in mail slot, box or bag.

- 7 -

SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced
on recycled paper.

1  [ ]  (State or Federal) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

2  [X]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 9, 2008, at Claremont, California.

*Gwendolyn Simmons*
Gwendolyn Simmons

SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS

## SERVICE LIST

*Dolores A. Arreguin v. Global Equity Lending, Inc.*
U.S.D.C. Case No. C 07 6027 MHP

Steven L. Miller, Bar No. 106023
16133 Ventura Blvd., Suite 1200
Encino, California 91436
(818) 986-8900; Fax (818) 990-7900

Scott A. Miller, Bar No. 230322
**LAW OFFICES OF SCOTT A. MILLER, APC**
16133 Ventura Blvd., Suite 1200
Encino, California 91436
(818) 788-8081; Fax (818) 788-8080

**Co-counsel for Plaintiff, Dolores A. Arreguin**

Richard M. Williams, Esq.
Gregory M. Gentile, Esq.
J. Mark Thacker, Esq.
**ROPERS, MAJESKI, KOHN & BENTLEY**
50 West San Fernando Street, Suite 1400
San Jose, CA   95113
(408) 287-6262; Fax (408) 918-4501

**Counsel for Defendant, Global Equity Lending, Inc.**

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced
on recycled paper.

-9-

SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS