Herbert Hafif, Bar No. 27311
Greg K. Hafif, Bar No. 149515
Michael D. Dawson, Bar No. 150385
Farris E. Ain, Bar No. 228045
**LAW OFFICES OF HERBERT HAFIF, APC**
269 West Bonita Avenue
Claremont, California 91711-4784
(909) 624-1671; Fax (909) 625-7772

Steven L. Miller, Bar No. 106023
16133 Ventura Blvd., Suite 1200
Encino, California 91436
(818) 986-8900; Fax (818) 990-7900

Scott A. Miller, Bar No. 230322
**LAW OFFICES OF SCOTT A. MILLER, APC**
16133 Ventura Blvd., Suite 1200
Encino, California 91436
(818) 788-8081; Fax (818) 788-8080

Attorneys for Plaintiff
DOLORES A. ARREGUIN, for
herself and other members
of the general public similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES A. ARREGUIN, for herself and other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GLOBAL EQUITY LENDING, INC., a Georgia Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NO. C 07-06026 MHP<br>[Filed: November 29, 2007]<br><br>*[Assigned for all Purposes to: Honorable Judge Marilyn H. Patel]*<br><br>**SECOND SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS**<br><br>Date :   August 11, 2008<br>Time :   3:00 p.m.<br>Place :  Courtroom 15 |

- 1 -

**SECOND SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS**

Plaintiff, Dolores A. Arreguin, on behalf of herself and all others similarly situated, hereby files her Second Supplemental Brief In Opposition to Defendant, Global Equity Lending, Inc.'s, Motion to Compel Arbitration and Motion to Dismiss to brief the following issues:

1) Whether Plaintiffs complaint seeking reimbursement of expenses under Cal. Labor Code 2802 is an attempt to enforce the Loan Originator Agreement ("Agreement"), thus triggering the venue and arbitration clauses therein; and

2) Whether the venue and arbitration clauses at issue, requiring Plaintiff to arbitrate her claim in Georgia and applying Georgia law, constitute a waiver of her California created rights, specifically those under Cal. Labor Code sections 2802 and 2804, and thus are against California public policy and invalid.

As discussed below, 1) Plaintiff seeking reimbursement of expenses in this lawsuit, which was never a benefit provided to employees, does not trigger the Agreement, and 2) the venue and arbitration clauses constitute a waiver of her statutory rights in violation of California policy.

///
///
///

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced
on recycled paper.

**SECOND SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS**

I. **RELEVANT LANGUAGE OF THE AGREEMENT:**

The following is the relevant language of the Agreement necessary for a complete analysis of the issues presented:

> 2. Compensation: For all services to be rendered hereunder, Loan Originator shall be paid on a commission basis only [pursuant to] WLG's normal commission payroll practices in effect from time to time. . . . Loan Originator shall *not be entitled to receive any other compensation or benefits from WLG of any kind or nature*.
>
> 7. Arbitration of Grievances: 7.1 General: . . . except as specifically provided to the contrary in this Agreement, any controversy, claim or dispute arising out of or relating to this Agreement (Grievance") . . . shall be resolved exclusively by arbitration in accordance with this Paragraph 7. All Grievances. . . shall be resolved by arbitration in accordance with the Commercial Arbitration Rules ("Rules") of the American Arbitration Association then in effect. . . .
>
> 7.2 Waiver of Litigation: Paragraph 7 is and shall be the Parties' exclusive remedy for any Grievance arising out of or relating to this Agreement.
>
> 7.4 Extraordinary Relief: The Parties agree that *WLG has the right to seek preliminary and temporary restraining orders, injunctions and other extraordinary relief*. . . under Paragraph 6 of this Agreement without complying with this Paragraph 7.
>
> 11. Governing Law: The enforcement of this Agreement shall be governed by the laws of the State of Georgia and venue shall be in Cobb County or Gwinnett County Superior Court, State of Georgia.

See Ain Decl. Exh. "A" (complete Agreement).

II. **PLAINTIFF'S STATUTORY RIGHTS ARE NOT ADDRESSED IN THE AGREEMENT AND THEREFORE THIS ACTION IS NOT AN ATTEMPT ENFORCE THE AGREEMENT OR RESOLVE ANY GRIEVANCE THEREIN.**

The Agreement is clear one the following issue. A Loan Originator shall *not be entitled to receive any other compensation or benefits from WLG of any kind or nature*. Thus, the reimbursement of expenses under section 2802 was never contemplated by the parties to be part of Plaintiff's employment and therefore is not part of this Agreement. If a benefit or right is not part of the employment relationship, it cannot now be injected into an Agreement. Therefore, Plaintiff's lawsuit does not seek to resolve a "grievance" arising out of the same. The only compensation mentioned in the Agreement is the commission payments.

///

///

///

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced
on recycled paper.

**SECOND SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS**

1  Also, Plaintiff received a correspondence from Ms. Croteau, Director of Human Resources,
2  confirming that:

> The company's commission policy is structured to provide compensation for all expenses. The company does not provide additional compensation for an employee's use of his or her personal vehicle. (from page 80 of handbook # 15). Additionally **the company doesn't reimburse for nor provide cell phones, automobile expenses and office expenses.**

Ain. Decl Exh. "B." This is further evidence that the Agreement does not apply or relate to Plaintiff's lawsuit in that the company compensation policy never included the reimbursement of expenses sought under Cal. Lab. Code section 2802. Other than the payment of commission, the Defendant never intended, nor contemplated, that mileage reimbursement, as a statutory right or otherwise, would be an employment benefit bestowed on its employee. Again, neither does Plaintiff's claim arise out of the "commission payroll practices in effect from time to time" referenced therein. Nothing in the Agreement is triggered by Plaintiff bringing this lawsuit.

### III. IF THE AGREEMENT'S PROVISIONS APPLY TO PLAINTIFF'S CLAIM FOR REIMBURSEMENT OF EXPENSES, THE AGREEMENT IS NOT ENFORCEABLE BECAUSE IT WOULD EFFECTIVELY WAIVE PLAINTIFF'S RIGHTS CONTRARY TO CALIFORNIA PUBLIC POLICY.

*Arguably*, if enforced, the Agreement would result in a waiver of many of Plaintiff's statutory rights, including her right to reimbursement and to recover attorney's fees under the applicable Labor Code. Georgia has no similar law under which Plaintiff can seek redress and arbitration of her claim. At the same time, the Agreement is not mutual in that it does not require Defendant to waive its right to seek redress in California courts. Thus, as argued in previous briefs in opposition to Defendant's Motion, the Agreement is unconscionable and contrary to a fundamental policy of California.

#### A.   Georgia Law Does Not Have An Equivalence To Labor Code Section 2804

In determining enforceability of arm's length contractual choice-of-law provisions, courts shall apply principles set forth in section 187 of Restatement Second of Conflict of Laws, which reflect strong policy favoring enforcement of such provisions. *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal.4th 459, 464-465 (1992). Briefly restated, the proper approach under Restatement section 187, subdivision (2) is for the court first to determine either: (1) **whether the chosen state has a substantial relationship to the parties or their transaction,** or (2) **whether there is any**

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced on recycled paper.

- 4 -

SECOND SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS

1  **other reasonable basis for the parties' choice of law**. If neither of these tests is met, that is the end
2  of the inquiry, and the court need not enforce the parties' choice of law. If, however, either test is
3  met, **the court must next determine whether the chosen state's law is contrary to a fundamental**
4  **policy of California**. If there is no such conflict, the court shall enforce the parties' choice of law. If,
5  however, there is a fundamental conflict with California law, the court must then determine whether
6  California has a "materially greater interest than the chosen state in the determination of the
7  particular issue...." (Rest., § 187, subd. (2).) **If California has a materially greater interest than**
8  **the chosen state, the choice of law shall not be enforced, for the obvious reason that in such**
9  **circumstance we will decline to enforce a law contrary to this state's fundamental policy**. *Id.* at
10 466. Federal courts applying California's conflicts law have also adhered to this approach. *Id.* at
11 464(*Consul Ltd. v. Solide Enterprises, Inc.*, 802 F.2d 1143, 1146-47 (9th Cir.1986); *S.A. Empresa,*
12 *Etc. v. Boeing Co.*, 641 F.2d 746, 749 (9th Cir.1981); *Sarlot-Kantarjian v. First Pa. Mortg. Trust*,
13 599 F.2d 915, 917 (9th Cir.1979)). Absent a more prevailing policy, which Defendant has yet to
14 articulate, requiring a class of California Plaintiffs seeking recourse under California law to litigate
15 in Georgia would constitute a waiver.
16      Under section 2804, any contract or agreement, express or implied, made by any employee to
17 waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive
18 any employee or his personal representative of any right or remedy to which he is entitled under the
19 laws of this State. Cal. Lab. Code § 2804.
20      Here, Defendant's Agreement is an attempt to circumvent Plaintiff's California rights by
21 applying Georgia law, which does not provide an employee with mileage reimbursement. See
22 Declaration of Charles E. Hill In Support of Plaintiff's Second Supplemental Brief In Opposition To
23 Motion To Compel Arbitration And Motion To Dismiss, ¶ 2. There is no doubt that the prompt
24 payment of wages due an employee is a fundamental policy of this state. *Phillips v. Gemini Moving*
25 *Specialists*, 63 Cal.App.4th 563, 571 (1998). Since there is no similar reimbursement statute in
26 Georgia, applying Georgia law would be contrary to this state's fundamental policy. See Cal. Lab.
27 Code § 2804.
28 ///

-5-

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced on recycled paper.

**SECOND SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL
ARBITRATION AND MOTION TO DISMISS**

In *Cattuso v. Harte-Hanks Shoppers, Inc.*, the court held that the existence of an agreement concerning a mileage reimbursement rate would **not relieve the employer of the statutory obligation to provide complete reimbursement**. . . . *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal.4th 554, 569-70 (2007). Then surely, Defendants Agreement and company policy, which goes further by outright eliminating mileage reimbursement from Plaintiff's benefits, constitute a waiver.

Further, courts will not enforce an arbitration provision requiring proceedings at a location that would impose a great financial burden on an employee forcing the employee to waive the right he or she is seeking to enforce. In *Patterson v. ITT Consumer Fin'l Corp.*, an adhesive loan agreement requiring California borrowers to submit to binding arbitration in Minnesota has been held unconscionable. Although arbitration itself may be within the reasonable expectations of consumers, **a Minnesota venue is not**. In addition, the consumer was required to make a prompt demand and prepay fees in order to obtain a participatory hearing. The likely effect was to deny a hearing to most borrowers, particularly because of the small amounts in controversy. *Patterson v. ITT Consumer Fin'l Corp.*, 14 Cal.App.4th 1659, 1664-65 (1997); See also *Lucas v. Gund, Inc.* (CD CA 2006) 450 F.Supp.2d 1125, 1134 (2006) (agreement requiring arbitration in New Jersey imposed too great a financial burden on California resident, and conflicted with federal venue rule).

Here also, Plaintiff would have to pay Arbitration fees and bear more travel expenses going back and forth across the country to recover her mileage expenses she incurred during her employment. Surely this is a failing proposition that no individual would pursue (even if gas prices and cost of transportation have not risen).

B. **Enforcing the Agreement Would Waive Plaintiff's Right to Attorney's fees**

Another reason Plaintiff would not be willing to arbitrate her small claim in Georgia, under Georgia law, is that the Arbitration Agreement denies her yet another statutory right to attorney's fees under Labor Code Section 2802(c). The Agreement requires that the Commercial Arbitration Rules apply to an Arbitration between the parties. The application of these Rules would also result in a waiver of Plaintiff's rights and remedies under California labor laws.

Under the AAA "Rules" Expenses:

All other expenses of the arbitration, including required travel and other expenses of the arbitrator, AAA representatives, and any witness and the cost of any proof produced at the

-6-

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced on recycled paper.

SECOND SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS

direct request of the arbitrator, shall be borne equally by the parties, unless they agree otherwise or unless the arbitrator in the award assesses such expenses or any part thereof against any specified party or parties.

See Ain Decl. Exh "C" (relevant excerpts of AAA's COMMERCIAL ARBITRATION RULES, Rule 50, Administrative Fees (available online at Amended and Effective September 1, 2007 http://www.adr.org/sp.asp?id=22440%20#R50 (viewed on July 23, 2008)).

The above referenced and applicable "Rules" are contrary to Cal. Labor Code section 2802, in that Plaintiff would not be entitled to recover her attorney's fees incurred by . . .enforcing the rights granted by [section 2802]. See Cal. Lab. Code § 2802(c). This is a waiver of Plaintiff and the classes' right to attorney's fees and another hurdle requiring that the employee, rather than the employer, bear the costs of any arbitration, and thus contrary to California policy.

The Federal Courts are on board with this analysis. The Supreme Court endorsed a system of arbitration in which **employees are not required to pay for the arbitrator assigned to hear their statutory claims**. *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal.4th 83, 95 (2000). There is no reason to think that the Court would have approved arbitration in the absence of this arrangement. Indeed, we are unaware of any situation in American jurisprudence in which a beneficiary of a federal statute has been required to pay for the services of the judge assigned to hear her or his case. *Id.* In *Gilmer v. Interstate/Johnson Lane Corporation*, the court opined that arbitration is supposed to be a reasonable substitute for a judicial forum. Therefore, it would undermine Congress' intent to prevent employees who are seeking to vindicate statutory rights from gaining access to a judicial forum and then require them to pay for the services of an arbitrator when they would never be required to pay for a judge in court. *Armendariz*, fn. 6 (*Gilmer v. Interstate/Johnson Lane Corporation*, 500 U.S. 20, 28 (1991)).

Also in *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 628 (1985), the Supreme Court's dictum – that a party in agreeing to arbitrate a statutory claim, "does not forgo the substantive rights afforded by the statute [but] only submits to their resolution in an arbitral . . . forum" – is as much prescriptive as it is descriptive. *Id.* That is, it sets a standard by which arbitration agreements and practices are to be measured, and *disallows forms of arbitration that in fact compel claimants to forfeit certain substantive statutory rights. Armendariz*, 24 Cal.4th at 99-

-7-

**SECOND SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS**

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced
on recycled paper.

100.

### C. The Agreement Waives Plaintiff's Rights But Not Those of Plaintiff

Finally, the agreement is not mutual. In the Agreement, "the Parties agree that *WLG has the right to seek preliminary and temporary restraining orders, injunctions and other extraordinary relief*. . . under Paragraph 6 of this Agreement without complying with this Paragraph 7. It only forces Plaintiff to surrender her rights and providing her with an exclusive remedy (arbitration in Georgia under Georgia Law), while Defendants can seek relief from California courts.

This is yet another reason not to enforce the Agreement. See *Stirlen v. Supercuts, Inc.*, 51 Cal.4th 1519, 1534 (1997) (an employment contract arbitration clause that required employees to arbitrate all claims (and limited their remedies to compensatory damages) while allowing the employer to litigate certain types of disputes, has been held unconscionable and unenforceable.). While Defendant is not required to waive any rights, Plaintiff does. Arbitration of her claims in Georgia under Georgia law that does not provide relief for her claims or the claims of the putative class.

### IV. CONCLUSION

For the above stated reasons and other arguments made in prior briefing, the Agreement is unenforceable and the Court should deny Defendants Motion to Compel Arbitration in Georgia.

DATED: July 28, 2008                           **LAW OFFICES OF HERBERT HAFIF, APC**

By:_____
Farris E. Ain
Attorneys for Plaintiff, DOLORES A.
ARREGUIN, for herself and other members of
the general public similarly situated

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced on recycled paper.

- 8 -

SECOND SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES    )

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 269 West Bonita Avenue, Claremont, CA 91711.

      On July 28, 2008, I served the foregoing document described as: **SECOND SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS**

[ ]   by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelopes addressed as follows:

**[SEE ATTACHED MAILING LIST]**

[X]   I deposited each envelope in the mail at Claremont, California.[1] The envelope was mailed with postage thereon fully prepaid.

[X]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Post Office on that same day with postage thereon fully prepaid at Claremont, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   As follows: I am "readily familiar" with the firm's practice for delivering overnight envelopes or packages to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the address as last given by that person on any document filed in the cause and served on the party making service.

[X]   By filing with the U.S. District Court's CM/ECF filing system.

---

[1] By mail signature must be of person depositing envelope in mail slot, box or bag.

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced
on recycled paper.

**SECOND SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS**

1  [ ]   (State or Federal)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

2  [X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 28, 2008, at Claremont, California.

*Gwendolyn Simmons*
Gwendolyn Simmons

**SECOND SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS**

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced on recycled paper.

# SERVICE LIST

*Dolores A. Arreguin v. Global Equity Lending, Inc.*
U.S.D.C. Case No. C 07 6027 MHP

Steven L. Miller, Bar No. 106023
16133 Ventura Blvd., Suite 1200
Encino, California 91436
(818) 986-8900; Fax (818) 990-7900

Scott A. Miller, Bar No. 230322
**LAW OFFICES OF SCOTT A. MILLER, APC**
16133 Ventura Blvd., Suite 1200
Encino, California 91436
(818) 788-8081; Fax (818) 788-8080

**Co-counsel for Plaintiff, Dolores A. Arreguin**

Richard M. Williams, Esq.
Gregory M. Gentile, Esq.
J. Mark Thacker, Esq.
**ROPERS, MAJESKI, KOHN & BENTLEY**
50 West San Fernando Street, Suite 1400
San Jose, CA  95113
(408) 287-6262; Fax (408) 918-4501

**Counsel for Defendant, Global Equity Lending, Inc.**

**SECOND SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS**