RICHARD M. WILLIAMS (SBN 68032)
GREGORY M. GENTILE (SBN 142424)
J. MARK THACKER (SBN 157182)
ROPERS, MAJESKI, KOHN & BENTLEY
50 West San Fernando Street, Suite 1400
San Jose, CA 95113
Telephone: (408) 287-6262
Facsimile: (408) 918-4501

Attorneys for Defendant
GLOBAL EQUITY LENDING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES A. ARREGUIN, for herself and other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL EQUITY LENDING, INC., a Georgia Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendant. | CASE NO. C 07 6026 MHP<br><br>**MEMORANDUM OF POINTS AND AUTHORITEIS IN SUPPORT OF MOTION REQUESTING LEAVE OF COURT TO WITHDRAW AS COUNSEL**<br><br>Date: October 20, 2008<br>Time: 2:00 p.m.<br>Dept.: 15<br>Judge: Hon. Marilyn H. Patel |

## I. SUMMARY OF FACTS

Ropers, Majeski, Kohn & Bentley was retained by Defendant GLOBAL EQUITY LENDING, INC. to represent its interests in this matter on or about December 2007. Since that time, on behalf of Defendant, Ropers, Majeski, Kohn & Bentley has engaged in extensive motion practice at the request of Defendant and its Georgia counsel and has appeared before this Court.

As of the filing of this motion, Defendant has not paid a significant amount of its outstanding balance of fees and costs incurred. Despite numerous reminders and correspondence advising of the need to pay fees for the substantial legal work that has been done on its behalf, there has been no response and a substantial amount of money is presently owed to the firm.

Ropers, Majeski, Kohn & Bentley expects this matter to continue since the Court has

Memo of Points and Authorities in Support of
Motion to Withdraw as Counsel
RC1/5137952.1/BL1

- 1 -

CASE NO. C 07 6026 MHP

recently ordered the dispute to binding arbitration. In light of the substantial fees anticipated, and those already overdue, Ropers, Majeski, Kohn & Bentley requests permission to withdraw as counsel.

Ropers, Majeski, Kohn & Bentley has provided Plaintiff's counsel with written notice of its request to be relieved from its representation of Defendant. Ropers, Majeski, Kohn & Bentley does not anticipate that its withdrawal from representation will cause undue delay or hardship on the Plaintiff.

If Defendants are not able to obtain new counsel prior to this motion, Ropers, Majeski, Kohn & Bentley asks that it is granted a conditional withdrawal pursuant to Rule 11-5(b) that would permit Ropers, Majeski, Kohn & Bentley to be served for forwarding purposes only until new counsel is retained.

## II. MANDATORY PROCEDURAL AND SUBSTANTIVE REQUIREMENTS TO SEEK LEAVE TO WITHDRAW AS COUNSEL ARE SATISFIED UNDER THE GOVERNING LOCAL RULES

In the Northern District of California, the conduct of counsel is governed by the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and decisions of any court applicable thereto. Local Rule 11-4. Under Local Rule 11-4, this Court is bound by California case law on the professional responsibility of California lawyers. Elan Transdermal, Ltd. v. Cygnus Therapeutic Sys., 809 F. Supp. 1383, 1387 (N.D. Cal. 1992). Cal. Rules of Professional Conduct Rule provide that an attorney may request permission to withdraw in matters where the client's conduct renders it unreasonably difficult for the attorney to represent the client effectively or where the client consents. Cal. Rules of Professional Conduct Rule 3-700(C).

Northern District California rule 11-5(a) of the United States Northern District Court requires that counsel seek leave of court to withdraw as counsel on a matter.

Local Civil Rule **11–5. Withdrawal from Case**, provides as follows:

> *(a) Order Permitting Withdrawal. Counsel may not withdraw from an action until relieved by order of Court after written notice has been given*

Memo of Points and Authorities in Support of
Motion to Withdraw as Counsel                    - 2 -                    CASE NO. C 07 6026 MHP
RC1/5137952.1/BL1

> *reasonably in advance to the client and to all other parties who have appeared in the case.*
>
> ***(b) Conditional Withdrawal.*** *When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party or appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes (or on the Clerk, if the Court so directs), unless and until the client appears by other counsel or pro se. When this condition is imposed, counsel must notify the party of this condition. Any filed consent by the party to counsel's withdrawal under these circumstances must include acknowledgment of this condition.*

It is long established that a client's failure to pay attorney fees may be grounds for an attorney to withdraw. *Statue of Liberty-Ellis Island Foundation, Inc. v. International United Industries, Inc.* (SD NY 1986) 110 FRD 395, 397.). As indicated in the statement of facts, Defendants have failed to pay attorneys fees and have been given reasonable notice of the consequences of a failure to maintain a current balance.

In an effort to avoid such drastic measures and in compliance with Rule 11-5, Ropers, Majeski, Kohn & Bentley has provided Defendant notice of the unpaid balance and the necessity to withdraw as counsel. In addition, attorney Gregory M. Gentile of Ropers, Majeski, Kohn & Bentley has communicated with Defendant about the substantial unpaid invoices and was not given an assurance that payments would be forthcoming by the Defendants. (Declaration of Gregory M. Gentile).

Further, an attorney seeking to withdraw as counsel for a corporation or unincorporated association must notify it of the consequences of its inability to appear pro se in federal court. (Schwarzer, Tashima & Wagstaffe, CAL. PRAC. Guide: Fed. Civ. Pro. Before Trial (The Rutter Group 2006) section 12:200.)

The circumstances under which the withdrawal of counsel is requested in this matter satisfy all written notice requirements through this noticed motion, are founded in good cause, and would not serve to delay prosecution of the matter.

Ropers, Majeski, Kohn & Bentley has complied with the local rule requirement to provide written notification of the inability of defendant corporation GLOBAL EQUITY LENDING to appear in a *pro se* capacity. This litigation is in its early stages and there has been **minimal**

Memo of Points and Authorities in Support of
Motion to Withdraw as Counsel - 3 -    CASE NO. C 07 6026 MHP
RC1/5137952.1/BL1

1  **discovery** to date. This case will not be prejudiced by the requested withdrawal of defense

2  counsel. Because the breakdown in the attorney-client relationship[1] can not be remedied, counsel

3  of record for defendant GLOBAL EQUITY LENDING, INC. respectfully request that this Court

4  grant the instant motion to withdraw.

### III. CONCLUSION

In light of the above and counsel's request to withdraw as counsel of record in the instant action, having satisfied the requirements of notice, and good cause existing, it is respectfully requested that this Court grant leave to Ropers, Majeski, Kohn & Bentley to withdraw.

Dated: September 10, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
GREGORY M. GENTILE
Attorneys for Defendant
GLOBAL EQUITY LENDING INC.

---

[1] Defendant's counsel of record is prepared to file a separate confidential declaration under seal if the Court so requests further explanation.